```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RON BARACK, ET AL.                 :
                                   :
     Plaintiffs,                   :
                                   :
     v.                            :   CASE NO. 3:09cv565(AWT)
                                   :
AMERICAN HONDA MOTOR CO. INC., ET AL. :
                                   :
     Defendants.                   :
```

**RULING ON DISCOVERY MOTIONS**

This is a product liability action relating to alleged defects in a 2006 Honda Odyssey van.  On March 20, 2006, plaintiff Ron Barack was driving the vehicle in Weston, Connecticut.  According to the Second Amended Complaint, doc. #37, Mr. Barack took a curve on a slippery road and the vehicle lost traction, sliding off the road, striking a guardrail, and rolling onto its side.  The complaint alleges that the driver's side window shattered, leaving an open space in the window portal through which plaintiff's arm was ejected, causing serious injuries to his hand and arm.  The plaintiffs allege, *inter alia*, that the side window framing and glazing were defective.

Pending before the court are the defendant's Motion for Protective Order, doc. #62, the plaintiff's Motion to Strike Affidavit, doc. #71, and the plaintiff's Motion to Compel Discovery, doc. #75.  Oral argument was held on September 15, 2010.

A.   Defendants' Motion for Protective Order, doc. #62

The defendants move the court for entry of a protective order to protect the confidentiality of certain documents.  The plaintiff

objects to the entry of such an order, but both parties have submitted proposed language.  Defendants' Motion for Protective Order, doc. #62, is GRANTED IN PART AND DENIED IN PART.  A protective order will be separately entered.

B.    Plaintiffs' Motion to Strike Affidavit, doc. #71

The plaintiffs' Motion to Strike Affidavit, doc. #71, is DENIED as moot.  The court has not considered the content of the affidavit in reaching any decision.

C.    Plaintiffs' Motion to Compel, doc. #75

The plaintiffs narrowed their Motion to Compel, doc. #75, considerably at oral argument and seek an order on only the following issues:

1.    Requests for Production 20, 22, 27, 28, 29, 30, 44, 47, 48

Plaintiffs identified three issues.  First, they seek photographs and videos with better image quality, to the extent they exist.  Second, they seek compliance testing relating to FMVSS 205 and 208, to the extent they exist.  Third, plaintiffs seek records related to component testing from defendant's subcontractor, TRW.

The plaintiffs' motion is granted as to these requests, and the defendants shall produce all responsive records in their possession, custody or control.  The word "control" means more than mere possession.  "Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand."  In re Ski Train Fire of November

11, 2000 Kaprun Aus., MDL Docket #1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987 at *13-14 (S.D.N.Y. May 16, 2006).

    2.   Interrogatory 11, Requests 10, 24, 38

The plaintiffs seek information regarding similar incidents or claims[1] for any vehicle manufactured by the defendants between 1995 and the present.  The defendants, objecting that the requests are overbroad and irrelevant[2], have responded only as to lawsuits involving allegations of personal injury resulting from partial or complete ejection through side window glazing on 2005-2009 Honda Odysseys.  The plaintiffs argue that the defendants improperly narrowed the request only to lawsuits and only to 2005-2009 Honda Odysseys.  The plaintiffs are entitled to information regarding all similar incidents and claims, not just lawsuits.

Plaintiffs also argue that all Honda vehicles built since 1995

---

[1] The court intends the term "similar incidents or claims" to encompass all of the items requested in Interrogatory 11 and Requests 10, 24 and 38, such as claims, accident reports, studies, complaints, questions, allegations, etc.

[2] The defendants also asserted boilerplate burdensomeness objections.  However, they have made no effort to support those objections by evidence.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."  Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903(RNC), 2007 U.S. Dist. LEXIS 21197 at *5-6 (D. Conn. Mar. 26, 2007).  See also In re In-Store Advertising Sec. Lit., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.").  In addition, while the defendants' responses narrowed the temporal scope to the period of 2005-09, they have not offered any persuasive argument as to why the period set forth in plaintiffs' request is overbroad or why the 2005-09 time frame is the appropriate period.

are relevant because the side window glazing and side curtain airbags are the same in all of them.  While the court lacks any factual record from which to determine whether this is true, the parties appear to agree that only vehicles with the same combination of components are relevant.  Therefore, the defendants shall respond, and shall produce all responsive records in their possession, custody or control, as to all known similar incidents or claims (as defined in footnote 1, *supra*) in any vehicle manufactured by the defendants between 1995 and the present that uses the same side window glazing and side curtain airbag system as the 2006 Honda Odyssey.

  3. <u>Interrogatory 12, Requests for Production 18, 32, 40, 43</u>

  The defendants object to these requests on the grounds that the responsive materials are in the possession of others.  The plaintiffs counter that the documents are in the possession of the defendants' subcontractor(s) so the defendants have a contractual right or the practical ability to obtain the records from those non-parties.  The plaintiffs' motion is granted as to these requests.  The defendants shall produce responsive records to the extent they are in the defendants' possession, custody or control, as discussed above.

  4. <u>Request for Production 5</u>

  The plaintiffs' motion is granted as to this request.  The defendants shall produce all responsive documents or shall respond

that none exist.

    5.   <u>Request for Production 42</u>

The plaintiffs' motion is granted as to this request. The defendants shall produce all responsive documents.

SO ORDERED at Hartford, Connecticut this 12th day of November, 2010.

                                                         _____/s/_____
                                                         Donna F. Martinez
                                                         United States Magistrate Judge