UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK and<br>DONNA MOORE BARACK, | )<br>)<br>) | |
| *Plaintiffs*, | )<br>) | 09-cv-00565 (TLM) |
| vs. | )<br>)<br>) | |
| AMERICAN HONDA MOTOR<br>COMPANY, INC., HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA, | )<br>)<br>)<br>)<br>)<br>) | |
| *Defendants*. | ) | February 25, 2013 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO STRIKE
PLAINTIFFS' REBUTTAL EXPERT DISCLOSURE**

## INTRODUCTION

Plaintiffs timely listed rebuttal witnesses and should be permitted to offer them at trial to rebut any evidence proffered by defendants. Defendants intend to offer their vocational rehabilitation expert to testify that plaintiff Ron Barack's mental injuries are not as severe as he claims, and to opine on Mr. Barack's employability. If defendants open this door, plaintiffs are entitled refute any claims made with rebuttal testimony. In addition, plaintiffs have already provided defendants with expert reports for these rebuttal witnesses and offered them for deposition.

## RELEVANT FACTS

Plaintiffs' product liability action arises from a single vehicle roll-over accident in which Mr. Barack experienced a partial ejection, resulting in devastating injuries to his left hand. It is

1

necessary to consider the procedural history of this action. The Rule 26(f) discovery schedule was approved May 29, 2009. Exhibit 1, attached hereto. The schedule was extended several times but the substance remained the same. The schedule does not provide a deadline for disclosure of rebuttal witnesses. In February, 2011, the undersigned took over as counsel for plaintiffs, a date subsequent to the January 18, 2011 cut off by which all trial experts were to be designated by plaintiffs, with no trial date on the horizon. Plaintiffs moved for leave to designate new damages-only experts, and while the motion was pending, served defendants with expert disclosures and reports of a vocational rehabilitation expert – Dorra Blacker, CRC LMHC – and a mental health expert – Sabrina Breed, Ph.D.[1] Adhering to its original scheduling order, the Court denied the motion on June 23, 2011. Plaintiffs then reclassified these experts as rebuttal experts in new disclosures served on defendants August 8, 2011. *See* Exhibit 2, Plaintiffs' Rule 26 Damages Rebuttal Expert Disclosures, attached hereto. Plaintiffs' motion for reconsideration of the scheduling order for experts was denied by this Court on March 30, 2012.

## **ARGUMENT**

During the discovery process, either side may offer a rebuttal expert to directly contradict the testimony of the other side's witness. Fed. R. Civ. P. 26(a)(2)(D)(ii). While the rule provides that these disclosures may be made within 30 days of the other side's disclosure, the key consideration is whether defendants had notice of the plaintiffs' intent to offer the rebuttal testimony.

Defendants' *motion in limine* is premature because plaintiffs may only offer their two rebuttal witnesses if defendants "open the door." *See United States v. Wilson*, 493 F. Supp. 2d

---

[1] Dr. Sabrina Breed began treating Mr. Barack in 2011 for severe post-traumatic stress disorder resulting from his injuries. Consequently, plaintiffs have offered her in their direct case as a treating physician. Defendants have objected and the parties have briefed that issue in a related *motion in limine*. This is a different issue than the instant one regarding exclusion of rebuttal experts.

2

512, 513 (E.D.N.Y. 2007) ("It would be inappropriate for the court, prior to hearing the testimony of Wilson's mental-condition experts, to issue a more specific ruling as to what testimony by those experts would "open the door" to rebuttal by the Government's experts."). If defendants' experts testify as to Mr. Barack's future employment opportunities, or his mental or emotional health, then plaintiffs must be entitled to rebut this testimony with, respectively, Dr. Blacker and Dr. Breed. *See id.* Thus, if defendants refrain from broaching these topics, then plaintiffs acknowledge they cannot call these two witnesses in rebuttal (but see plaintiffs' opposition to defendants *motion in limine* regarding *treating* physician Sabrina Breed).

According to Fed. R. Civ. P. 37(c)(1), "[o]nly in "'rare situations'…[should] the 'harsh remedy' of preclusion [be] justified." *Eslin v. Hous. Auth. of the Town of Mansfield*, 2012 WL 3090976, at *5 (D. Conn. 2012). There are numerous cases in which courts allowed erring parties to cure deficiencies in expert disclosures, rather than preclude such witnesses altogether. *See Semi-Tech Litig. LLC v. Bankers Trust Co.*, 219 F.R.D. 324 (S.D.N.Y. 2004) (motion to preclude denied even though "inattentive" plaintiff "neglected to prepare the case in a timely manner" because defendants still had time to depose plaintiffs' experts); *see Ridgeview Partners, LLC v. Entwistle*, 354 F. Supp. 2d 395, 404 (S.D.N.Y. 2005) (where preclusion unnecessary because defendants were not harmed by plaintiff's failure to timely identify experts until the pre-trial order); *see Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2003 WL 22471909, at *1 (S.D.N.Y. 2003) (court allowed plaintiff leave to depose defendant's expert who was untimely disclosed, because excluding expert testimony is a "drastic" remedy).

Here, the only arguable deficiency of plaintiffs' expert disclosures is their failure to be labeled rebuttal experts at the time of the original disclosure almost two years ago. This error clearly does not meet the high standard required to preclude an expert. Nonetheless, plaintiffs

identified these experts as rebuttal experts on August 11, 2011, offering them for depositions at that time. There was also substantial justification for plaintiffs' admitted failure to designate their experts as rebuttal experts at the time of disclosures. Plaintiffs served their original disclosures when their motion to extend time to designate experts was pending, thus they were unaware that the motion and subsequent motion for reconsideration would be denied. Seeking to take advantage, defendants then named expert witnesses for the same subject matter and has listed them for trial (*see e.g.* Jane Mattson, Ph.D. on vocational rehabilitation.).

In addition, plaintiffs' claims are meritorious and granting this motion would severely impair plaintiffs right to fairly and completely prosecute its claims and rebut defendants' affirmative defenses. In *Marquez v. Quarishi,* 2001 WL 984726 (S.D.N.Y.), a case where there were several extensions of expert deadlines, defendants also moved to preclude late-identified experts. The court looked at several factors in permitting the late disclosures: (a) plaintiffs' claims were clearly meritorious; (b) preclusion of the experts would prevent plaintiffs from pursuing the meritorious claims (c) there is a disinclination to punish plaintiffs for the failings of their attorneys; and (d) there was no prejudice since defendant would have an opportunity for expert discovery. Prejudice is not shown when the only effect would be the potential liability for greater damages. *Pesce v. General Motors Corp.* 939 F. Supp. 160, 166 (N.D.N.Y. 1996) (citation omitted) ("Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead there must be some indication that the defendant has been hindered in the preparation of its case or has been prevented from taking some measure to support his position."); s*ee also Sullivan v. County of Suffolk,* 2006 WL 2844205 (E.D.N.Y.). Here, as in *Pesce*, Defendants can demonstrate no prejudice other than exposure to greater liability.

**CONCLUSION**

Defendants' *motion in limine* should be denied because they were aware of plaintiffs' rebuttal experts nearly two years ago and plaintiffs experts may only testify to rebut specific subject matter if defendants open the door. Defendants cannot use the Court's earlier ruling to have it both ways – putting on expert testimony that they argue should not be challenged.

Dated: February 25, 2013

                              Respectfully submitted,

                              KREINDLER & KREINDLER LLP

By: _____
      Noah Kushlefsky, Esq. (Bar ID: phv04526)
      Andrew J. Maloney (Bar No. CT15639)
      750 Third Avenue
      New York, NY 10017
      nkushlefsky@kreindler.com
      amaloney@kreindler.com
      (212) 687-8181

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing *PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO STRIKE PLAINTIFFS' REBUTTAL EXPERT DISCLOSURE* was served via email and regular mail this 25th day of February 2013 upon:

> James M. Campbell, Esq.
> Michelle I. Schaffer, Esq.
> Campbell Campbell Edwards & Conroy
> One Constitution Plaza, Third Floor
> Boston, MA 02129
> (617) 241-3000
> jcampbell@campbell-trial-lawyers.com
> mschaffer@campbell-trial-lawyers.com
> Attorneys for Defendants

_____
Andrew J. Maloney III