UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

RON BARACK and
DONNA MOORE BARACK,

*Plaintiffs*,

vs.

AMERICAN HONDA MOTOR
COMPANY, INC., HONDA
MOTOR COMPANY, LTD., and
HONDA MANUFACTURING OF
ALABAMA,

*Defendants*.

09-cv-00565 (TLM)

February 25, 2013

**PLAINTIFFS OPPOSITION TO HONDA'S MOTION IN LIMINE
TO PRECLUDE THE TRIAL TESTIMONY OF PLAINTIFFS' CHILDREN**

Plaintiffs respectfully object to defendant Honda's motion in limine to preclude the testimony at trial of plaintiffs' children, Jonah, Orin, and Austin Barack. Federal Rule of Civil Procedure 26(a) requires a party to disclose the identity of all persons likely to have discoverable information that may support a claim, not to specifically identify trial witnesses at the initial stage of litigation. The purpose of the disclosure requirements is to ensure the parties are able to obtain all potentially relevant information. While it is true that prior counsel inadvertently did not identify Plaintiffs' three children from the initial Rule 26 disclosures, their identity and the fact that all three children resided with their parents at times relevant to the claims asserted in this action were fully disclosed in the course of discovery. In fact, defendants have conceded that they were well aware of their existence, including their names, address and contact information that Rule 26 envisions for disclosure. Therefore, any defect in plaintiffs' initial disclosure was cured by subsequent discovery including but not limited to plaintiffs' depositions.

1

The children's testimony concerning the pain and suffering they have witnessed their father endure should have reasonably been anticipated.[1] Plaintiffs will make the children available for deposition between now and trial should defendants wish to depose them.

Defendants' argument that the information provided by plaintiffs lead them to believe the children would not testify is untenable. No such representation was made by plaintiffs and defendants did not ask. Defendants' assumption is based on only one of the children, Jona Barack's, disability for cerebral palsy – a neuro motor skills disability. Plaintiff Ron Barack testified at his deposition given in this matter on June 28, 2010 that while his son requires full care "he is a very bright child, very smart kid" (Ron Barak Deposition at p. 15). He testified that Jona can communicate with the assistance of a computer that registers his eye gaze. (See Ex. 1 Ron Barack Deposition at p. 16 attached hereto). This testimony clearly established that Jona Barack is capable of observing and appreciating the post incident limitations and pain and suffering of his father and further confirmed his ability to provide testimony in this case. Donna Barack's testimony similarly alerted defendants of her son Jonah's ability to testify. "[H]e's very bright. He's as intelligent as any of his peers." (See Ex. 2, Donna Barack's deposition given on August 11, 2010 at p. 14 attached hereto). "He is able to ambulate in a walker for periods of time." (*Id.* at p. 16) "He uses his computer device as an augmentive communication because he can use his eyes for specialized messages." *Id. at* p. 17

Furthermore, plaintiffs were not obligated to disclose trial witnesses until December 17, 2012 in the parties' Joint Trial Memorandum. Plaintiffs fully complied with this obligation. Moreover, the trial of this matter is not scheduled to begin for another seven (7) months which

---

[1] Defendants directed interrogatory cited in their motion was directed only to liability questions concerning the accident. Plaintiffs' children were not present for the accident and will not be providing testimony concerning liability issues.

2

gives defendant ample time to depose Plaintiffs' three (3) sons. Given these facts defendant's claim of prejudice is disingenuous.

"[P]reclusion of witness testimony is a harsh sanction that should be imposed with caution." *Pal v. New York University,* No. 06cv5892(PAC)(FM), 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) *Pal* explains the purpose of Rule 26(a) is to prevent "sandbagging." *Id.* Given the amount of time before trial and Plaintiffs' offer to provide their three children for depositions, sandbagging is not an issue here. Rather this is a time "to invoke Rule 37's harmless error provision." *Lore v. City of Syracuse, et al.,* No. 5:00cv1833, 2005 WL 3095506, at *1 (N.D.N.Y. Nov. 17, 2005) In *Lore* Plaintiffs filed a late supplemental pre-trial disclosure listing 10 new witnesses, however defendants were aware of their existence and relevancy. The Court held "while it may be true that plaintiff failed to adhere to the letter of the discovery rules, the court is convinced that defendants were sufficiently aware of the existence and relevance of the persons in question so that defendants are not being subjected to trial by ambush." *Id* at *2.

Unlike the cases cited by defendant which involve expert witnesses (*Fund Com'n Service, II, Inc. v. Westpac Banking Co.,* No. 93 Civ 8298 (KTD)(RLE), 1996 WL 469660 (S.D.N.Y. August 16, 1996) ) or the failure to disclose a category of damages (*Design Strategy, Inc. v. Davis,* 469 F.3d 284 (2d Cir. 2006), the instant case is more akin to *Lore* as defendant was aware of the existence of plaintiffs' three sons and the relevance of their testimony. More importantly, here, there is plenty of time to depose these witnesses without any delay in trial of this matter.

## CONCLUSION

Plaintiffs respectfully request the Court deny defendant's motion to preclude plaintiff's children from testifying at trial.

Dated: February 25, 2013

                Respectfully submitted,

                KREINDLER & KREINDLER LLP

By: _____
                Noah Kushlefsky, Esq. (Bar ID: phv04526)
                Andrew J. Maloney (Bar No. CT15639)
                750 Third Avenue
                New York, NY 10017
                nkushlefsky@kreindler.com
                amaloney@kreindler.com
                (212) 687-8181

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing *PLAINTIFFS OPPOSITION TO HONDA'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AT TRIAL BY PLAINTIFFS' CHILDREN* was served via email and regular mail this 25th day of February 2013 upon:

        James M. Campbell, Esq.
        Michelle I. Schaffer, Esq.
        Campbell Campbell Edwards & Conroy
        One Constitution Plaza, Third Floor
        Boston, MA 02129
        (617) 241-3000
        jcampbell@campbell-trial-lawyers.com
        mschaffer@campbell-trial-lawyers.com
        Attorneys for Defendants

                              _____
                              Andrew J. Maloney III