UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK, and DONNA MOORE BARACK, | ) ) ) ) | |
| Plaintiffs, | ) ) | 09-cv-00565 (TLM) |
| v. | ) ) | |
| AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | MARCH 11, 2013 |

**MEMORANDUM SUPPORTING THE DEFENDANTS' MOTION TO PERMIT COMPENSATION TO THEIR UNRETAINED EXPERT JEFFREY ROCHETTE GIVEN HIS CHANGE IN EMPLOYMENT**

The defendants' timely disclosed unretained expert Jeffrey Rochette recently changed his employment such that he is no longer employed by airbag sensing system supplier TRW, Inc. (TRW). Mr. Rochette is now employed as an independent engineering consultant. To provide for his appearance at the trial of this matter in light of his change in employment, the defendants would compensate Mr. Rochette for his expenses and professional time related to his trial testimony. The defendants are unaware of any specific court rule or case law requiring that a party seek leave of court to compensate an unretained expert; however, given this change in this witness' status, the defendants wish to notify the Court and counsel of this circumstance, and to seek leave in the event the Court finds it to be required.

Until the fall of 2012, Mr. Rochette was an in house engineer for TRW, the supplier of the side curtain airbag sensing system in the subject 2006 Honda Odyssey. The defendants recently learned that Mr. Rochette has left TRW and is now employed as an engineering consultant with Exponent, Inc. The defendants still wish to present corporate testimony of TRW through this knowledgeable witness. Whereas at the time the disclosure was served, Mr. Rochette's employment with TRW rendered payment to this witness for his time and expenses unnecessary as they would have been covered by his employer, payment for Mr. Rochette's lost time and expenses is now necessary to prevent a financial burden on the witness. Therefore, in accordance with 18 U.S.C. section 201 and prevailing case law which permits payment to a witness for "the reasonable cost of travel and subsistence incurred and the reasonable value of time lost . . .", the defendants now wish to compensate Mr. Rochette for his expenses and time spent preparing for and providing testimony at the trial of this matter. The substance of the matters to which Mr. Rochette will testify remain in accord with the defendants' May 16, 2011 expert disclosure. Exhibit A. As Mr. Rochette's testimony will be limited to addressing factual and quasi-expert matters arising from his former employment, he remains an unretained expert under Fed. R. Civ. P. 26. Accordingly, this new information regarding Mr. Rochette's employment and his receipt of reasonable compensation by the defendants does not represent any supplemental or late disclosure and will not prejudice the plaintiffs.

## RELEVANT FACTS

The plaintiffs seek recovery in this action for alleged defects in the side curtain airbag system in the 2006 Honda Odyssey, claiming *inter alia*, that the side curtain airbag

should have deployed in the subject accident. During the pretrial stage of this case, the plaintiffs sought discovery from TRW, which supplied the sensing system for the side curtain airbag. In response to the plaintiffs' notice of taking deposition of TRW pursuant to Fed. R. Civ. P. 30(b)(6), Exhibit B and a request for documents, Exhibit C, TRW produced documents to the parties and made a reading room available so that any party could review additional documents and materials and request copies thereof. The plaintiffs ultimately decided not to pursue testimony from TRW, which would have required a trip to its corporate offices in Michigan. The defendants, however, identified the individual who they understand would have been produced pursuant to the plaintiffs' deposition notice, Jeffrey Rochette, as an unretained expert in their liability expert disclosure of May 16, 2011, to address matters that he likely would have discussed in the deposition had that gone forward. The disclosure specified that:

> Mr. Rochette is the Director, Electronics Engineering of TRW Automotive (TRW) a supplier of components relative to the rollover sensing systems in the 2006 Honda Odyssey. TRW is not a party to this litigation but responded to a document subpoena served by the plaintiffs. The plaintiffs chose not to take its deposition. Mr. Rochette has not been retained by the defendants in this litigation.
>
> Mr. Rochette is expected to testify regarding his background, training and experience. His curriculum vitae is attached as Exhibit F. He is expected to testify regarding the design, development, manufacture and testing of the rollover sensing systems in the 2006 Honda Odyssey. He is expected to testify regarding TRW's interactions with the Japanese designer of the vehicle relative to these systems. Further, he may testify regarding documents produced or otherwise made available by TRW or Honda in this litigation. Mr. Rochette is expected to testify that the rollover sensing systems in the 2006 Honda Odyssey were reasonably designed, tested and manufactured and were not defective.

See Exhibit A.

The defendants understand that Jeffrey Rochette left the employ of TRW in the fall of 2012 and is now employed by an engineering consulting firm, Exponent, Inc. in Detroit, Michigan. In accordance with the court's pretrial order of January 11, 2013 concerning the obligation of the parties to ensure attendance of designated witnesses at trial, counsel for the defendants contacted TRW and Mr. Rochette and confirmed that, in fact, he is no longer employed by TRW in any capacity. While TRW has no objection to having its former employee Mr. Rochette testify to the factual and quasi-expert company matters as outlined in the defendants' disclosure, and Mr. Rochette is amenable to appearing, the defendants would now compensate him for any expenses incurred and for his time spent preparing for and testifying at trial. Whereas previously he would have been appearing at trial as he would have at deposition in a corporate representative capacity, and therefore had any expenses paid by his employer TRW, now he is no longer employed by TRW. To avoid the imposition of a financial burden on Mr. Rochette, the defendants would assume the responsibility of compensating him for his expenses and for his time.

The specific matters as to which Mr. Rochette would testify are largely factual/historical in nature relating to the design, development and testing of the sensing system for the side curtain airbag system in the 2006 Honda Odyssey, the documents produced by TRW and the interactions between TRW and Honda and are based on information he learned during his employment at TRW. Accordingly, the substance of Mr. Rochette's anticipated testimony remains unchanged.

## ARGUMENT

The trial courts within the Second Circuit Court of Appeals and elsewhere recognize that a witness may be compensated for expenses and time lost in connection with providing witness testimony. See e.g., Badr v. Liberty Mut. Group, Inc., CIV 3:06CV1208 AHN, 2007 WL 2904210, *4-5 (D. Conn. Sept. 28, 2007)(requiring the defendants to compensate a treating physician at his hourly rate of $250 for his time and for the expenses incurred to appear at a deposition); Prasad v. MML Investors Services, Inc., 04 Civ. 380 (RWS), 2004 WL 1151735, *5-6 (S.D.N.Y. May 24, 2004)(noting that federal courts are "generally in agreement that a witness may properly receive payment related to the witness' expenses and reimbursement for time lost associated with the litigation"). This general principle to allow reasonable compensation for witnesses is based on the exception to the prohibition on bribing witnesses provided in 18 U.S.C. section 201, which allows "payment . . . [to a witness] . . . of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost . . . ." Notably, such compensation does not transform an unretained expert into a retained expert, where such a witness' testimony is based on some experience prior to the commencement of litigation, such as the treatment of a patient or prior employment. See Badr, 2007 WL 2904210 at *5-6 (finding that treating physician was a hybrid fact/expert witness not required to produce expert report, but was nonetheless entitled to compensation for time spent in deposition); see also Lamere v. New York State Office For The Aging, 223 F.R.D. 85, 89 (N.D.N.Y. 2004) aff'd, Lamere v. New York State Office for the Aging, 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004)(treating physician was not required to produce a written report because she was not "retained in anticipation of

litigation or preparation for trial" but was nonetheless an expert entitled to a reasonable fee for her time and expenses).

Importantly, the defendants do not seek to modify or expand the disclosure previously served for Mr. Rochette, and in fact, will have him testify to the same factual and quasi-expert matters concerning the design, development and testing of the airbag sensing system in 2006 Honda Odyssey, the documents produced by TRW and the interactions between TRW and Honda concerning the design of the system as previously outlined in its disclosure for him. Accordingly, the defendants' disclosure for Mr. Rochette remains materially identical to that which was provided on May 16, 2011. There is no disclosure issue concerning Mr. Rochette's anticipated testimony. See Fed. R. Civ. P. 26 ("a party…must supplement or correct its disclosure…if the party learns that in some *material* respect the disclosure or response is incomplete or incorrect")(emphasis added). The defendants seek only to advise this Court and the plaintiffs of the change in Mr. Rochette's employment, which was initially included in the information disclosed about Mr. Rochette; this notice is not a supplemental or late expert disclosure and is thus not a basis for preclusion of Mr. Rochette's testimony. See Order Re Plaintiffs' Motion for Leave to Properly Disclose Damages Experts and Modify Scheduling Order (Docket Entry No. 149); Order Re Plaintiff's Motion for Reconsideration (Docket Entry No. 157); see also Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997)(outlining factors warranting preclusion of an expert witness' testimony based on insufficient disclosure).

## CONCLUSION

For the foregoing reasons, the defendants' Motion to Permit Compensation to Their Unretained Expert Jeffrey Rochette Given His Change in Employment should be allowed.

> HONDA MANUFACTURING OF ALABAMA, LLC,
> AMERICAN HONDA MOTOR CO., INC., and
> HONDA MOTOR CO., LTD.
>
> By their Attorneys
> CAMPBELL CAMPBELL EDWARDS &
> CONROY, P.C.,
>
> /s/ Michelle I. Schaffer
> James M. Campbell (Juris # 09276)
> Michelle I. Schaffer (Juris # 15607)
> One Constitution Center
> Boston, MA 02129
> Tel. No. (617) 241-3000

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017

> /s/ Michelle I. Schaffer
> Michelle I. Schaffer