# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RON BARACK and <br> DONNA MOORE BARACK, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR <br> COMPANY, INC., HONDA MOTOR <br> COMPANY LTD. and HONDA <br> MANUFACTURING OF ALABAMA, LLC, <br><br> Defendants. | CIVIL ACTION NO. 3:09cv00565 (AWT) <br><br> AMENDED <br> NOTICE OF VIDEO DEPOSITION <br> DUCES TECUM OF 30(B)(6) REPRESENTATIVE <br> OF TRW Vehicle Safety Systems Inc. <br><br> (Amended as to date only) <br><br> August 11, 2010 |

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs will take the video deposition(s) of the person(s) at TRW Vehicle Safety Systems Inc. on the topics set out in Exhibit A to the deposition subpoena attached hereto as Exhibit 1, upon oral examination before a Notary Public, or before some other officer authorized by law to administer oaths. Said deposition(s) shall take place on September 16,, 2010, beginning at 1:00 p.m. at Bienenstock Court Reporting and Video, 30800 Telegraph Rd., Suite 2925, Bingham Farms, MI 48025. Pursuant to Rule 30 the deposition(s) will be videotaped and will also be recorded stenographically. The deposition(s) may be conducted by videoconference. The deposition(s) will continue from day to day until completed.

Pursuant to Rule 30(b)(2), Plaintiffs request that immediately prior to the time of taking said deposition each deponent produce for inspection and copying, a copy of each document evidencing or relating to all matters described in Exhibit A to Exhibit 1 hereto.

You are invited to attend and participate as you deem necessary.

1

Respectfully submitted,

By: _____

WOLFF ARDIS, P.C.
Patrick M. Ardis (TN # 8263)
5810 Shelby Oaks Drive
Memphis, TN 38134
Phone: 901-763-3336
Fax: 901-763-3376
pardis@wolffardis.com

**William F. Gallagher**
The Gallagher Law Firm
1377 Ella T. Grasso Boulevard
P.O. Box 1925
Phone: 203-624-4165
Fax: 203-865-5598
wfg@gallagher-lawfirm.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via e-mail and facsimile this 11th day of August, 2010, to:

Michelle I. Schaffer, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza - 3rd Floor
Boston MA 02129
617-241-5115 (fax)
mschaffer@cambpell-trial-lawyers.com

David B. Weinstein
Weinstein Tippetts & Little LLP
7660 Woodway, Suite 500
Houston, TX 77063
Fax (713) 244-0801
david.weinstein@wtllaw.com

2

**EXHIBIT 1 TO DEPOSITION NOTICE**

3

**EXHIBIT 1 TO DEPOSITION NOTICE**

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF    MICHIGAN _____

Ron & Donna Moore Barack  
V.  
American Honda Motor Company, Inc., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   **3:09cv00565 (AWT)**  
Dist of Connecticut

TO: Representative(s) of TRW Vehicle Safety Systems Inc.  
To discuss the topics on Exhibit A  
4505 26 Mile Rd  
Washington MI 48094

To be served thru its Registered Agent  
CSC-Lawyers Incorporating Service  
601 Abbot Road  
East Lansing MI 48823

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case and to bring with you the documents listed on Exhibit A hereto.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bienenstock Court Reporters, 30800 Telegraph Rd., Ste. 2925, Bingham Farms, MI 48085 | June 24, 2010, 1:00 PM |
| The deposition will be taken by stenographic and videographic means. |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed on Exhibit A hereto

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Patrick M. Ardis, Atty for Plaintiff | June 7, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  
Patrick M. Ardis, Wolff Ardis, P.C.  
5810 Shelby Oaks Dr., Memphis, TN 38134  
901-763-3336

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6-8-10 | PERSONAL SERVICE CGC LAWYERS INC. 601 ABBOT EAST LANSING MI. |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE C/O ANDREA GARLITZ |
| Robert G. Dutcher | | |
| SERVED BY (PRINT NAME) | | TITLE Court Officer |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6-8-10___
　　　　　　　　DATE

6-9-10 /s/ _____

KATHLEEN J. MATHEWS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KENT
Commission Expires SEPT. 3, 2013
[Acting in] County of Ingham

SIGNATURE OF SERVER

807 N. CAPITOL LANSING MI.
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A TO DEPOSITION SUBPOENA

**This subpoena is addressed to the TRW representative(s) knowledgeable about the following topics:**

1. The design criteria for the software used in any element of the side curtain airbag system used on the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010.

2. Development of the rollover determining algorithm, the main determination algorithm, and the algorithm for the safing determining element for the side curtain airbag system used in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010.

3. The rollover modes for which the side curtain airbag system used in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 were intended to deploy and those for which it was not intended to deploy and the reasons, rationale, or design criteria for each.

4. The differences in deployment events in the 2006 Acura MDX and the 2006 Honda Odyssey.

5. The specifications and intended functioning of the rollover sensor system, including the horizontal and vertical accelerometers, roll angular velocimeter, microprocessor, ignition control circuit, roll rate sensor, circuit for communicating with the roll rate sensor, gyro sensor, and power supply, involved in the deployment of the side curtain airbag system in the event of a rollover event involving a 2004 Acura MDX, 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 .

6. Any redundancies, parameters or tolerances which were to be designed and incorporated into the side curtain airbag system used in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 by TRW.

7. The thresholds for deployment of the side curtain airbags with rollover sensors in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010, including all documents and tests concerning the modification and/or establishment of these thresholds.

8. Rollover (including trip over, bounce-over, turn-over, flip-over, climb-over, fall-over, and/or collision with another vehicle), side impact, computer-simulation, laboratory and/or any other form of testing as captured in video, reports, photos or any other media conducted on behalf of American Honda Motor Company, Inc.,

Honda Motor Company Ltd. and/or Honda Manufacturing of Alabama, LLC (hereinafter collectively referred to as "HONDA") on the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 wherein the performance of side curtain airbags, was tested and/or evaluated.

9. Rollover (including trip over, bounce-over, turn-over, flip-over, climb-over, fall-over, and/or collision with another vehicle), side impact, computer-simulation, laboratory and/or any other form of testing as captured in video, reports, photos or any other media conducted of the hardware and software used and/or considered for use in the side curtain airbags with rollover sensors used on the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010.

10. Rollover (including trip over, bounce-over, turn-over, flip-over, climb-over, fall-over, and/or collision with another vehicle), side impact, computer-simulation, laboratory and/or any other form of testing as captured in video, reports, photos or any other media conducted on behalf of HONDA on which the algorithms for firing in rollover events of side curtain airbags in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 was based.

11. Testing and communication (both in-house and from HONDA) concerning how the software and hardware of the side curtain airbag system designed by TRW for use in the 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010 were intended to function in collision and near-collision events.

12. The functioning of the side curtain airbag system designed by TRW for use in the 2004 Acura MDX, the 2005 Acura MDX, and/or each year of the Honda Odyssey between 2005-2010 in connection with collision and near-collision events.

13. All 2006 vehicles which have side curtain airbags with rollover sensors developed by TRW which airbags deploy at less angle and/or at a lower roll rate than the side curtain airbags used in the 2006 Honda Odyssey.

14. Investigation or receipt of any claims of non-deployment of the side curtain airbag system in a 2004 Acura MDX, the 2005 Acura MDX and/or each year of the Honda Odyssey between 2005-2010.

15. The relationship between the sensors which trigger the seat belt tensioners in a rollover accident and the sensors which trigger the side curtain airbag in the 2006 Honda Odyssey.

Each deponent is to produce at the time of the deposition all documents reflecting and/or relating to the above enumerated topics.