UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK and DONNA MOORE BARACK, ) ) ) | |
| *Plaintiffs*, ) | 09-cv-00565 (TLM) |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN HONDA MOTOR COMPANY, INC., HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, ) ) ) ) ) ) | |
| *Defendants*. ) | March 22, 2013 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO PERMIT COMPENSATION
TO THEIR UNRETAINED EXPERT JEFFREY ROCHETTE**

**INTRODUCTION**

Plaintiffs oppose Honda's "Motion to Permit Compensation" to Jeffrey Rochette because, regardless of how defendants' motion is characterized, it is an attempt to designate Mr. Rochette as a retained expert to offer opinions at trial. The time to name expert witnesses passed more than two years ago.

This case has a significant history regarding late attempts to designate expert witnesses for trial. Plaintiffs' undersigned counsel replaced a previous law firm in February of 2011, one month after the plaintiffs were to designate all trial experts. When plaintiffs' counsel realized that predecessor plaintiffs' counsel had failed to designate a number of relevant damages experts, an immediate motion was made for leave to designate additional damages experts. This was two months after the deadline and two and a half years before trial. Honda claimed prejudice. Now

1

two years later, and six months before trial, Honda seeks to add a new expert witness. If Honda was prejudiced two years ago by late damages experts, certainly the plaintiffs are prejudiced now. Fairness dictates that Honda be denied today the same relief that plaintiffs were denied two years ago.

## RELEVANT FACTS

This auto product liability action arises from a single vehicle roll-over accident involving a 2006 Honda Odyssey which seriously injured plaintiff Ron Barack. The Honda Odyssey is equipped with side curtain airbags which are designed and intended to contain occupants inside a vehicle during a rollover accident where the side windows are compromised. During the rollover sequence in this case, the front side curtain airbags failed to deploy and contain Mr. Barack after the front driver's window shattered during the vehicle roll, even though Mr. Barack was wearing his seatbelt. With no side curtain airbag to protect him, Mr. Barack was partially ejected and suffered devastating and disabling degloving injuries to his left hand.

The Court's amended scheduling order dated November 11, 2010 set a deadline of May 16, 2011 for defendants' designation of opinion experts for trial. Defendants did not designate Mr. Rochette as an expert witness nor provide a report, though he was previously named as a fact witness.

Six months ago Mr. Rochette left the employment of TRW and joined Exponent, Inc., a company that primarily provides litigation expert witnesses and consulting services to auto manufacturers, and which also employs Honda's other retained engineering expert, Michael Carhart. Now, six months after Mr. Rochette left TRW, and two years after the time to designate experts, Honda attempts to specially retain Mr. Rochette to provide expert opinion testimony. As an expert, Honda admits it would have him opine to the ultimate question that "the rollover

sensing systems in the 2006 Honda Odyssey were reasonably designed, tested and manufactured and were not defective."

**ARGUMENT**

There is little doubt that Honda intends to call Mr. Rochette as an expert witness to provide expert opinions, and seeks to pay him as an expert. Federal Rule 26 is clear in its requirement that a retained expert must provide an expert report, Fed. R. Civ. P. 26(a)(2)(B), and that experts are entitled to reasonable compensation for their work in a case. Rule 26(b)(4)(C). Facts witnesses are entitled to a per diem fee of $40 and reimbursement for their travel expenses. 28 U.S.C.A. § 1821.

Though Honda claims that Mr. Rochette's testimony will address "factual and quasi-expert matters," it is hardly "quasi" expert testimony to ask a witness to testify that the "rollover sensing systems in the 2006 Honda Odyssey were reasonably designed, tested and manufactured and were not defective." Honda has made clear it seeks more than fact testimony, and uses Mr. Rochette's change of employment six months ago as an excuse for not designating him in a timely manner. Honda claims it believed that TRW would pay Mr. Rochette. Honda chose not to formally retain him and instead now attempts to call him cloaked as a fact witness. If Honda attempts to call Mr. Rochette as a fact witness and have him testify to the ultimate question, his testimony would be properly objected to at trial. Honda can label Mr. Rochette however it wants, but it is the opinion testimony and not the label that controls. Even as a fact witness, he is likely to provide expert testimony. *See* Fed. R. Evid. 702; *see also Giles v. Rhodes,* 94cv6385 (CSH), 2000 WL 1425046, *4-7 (S.D.N.Y. Sept. 27, 2000) (excluding testimony of a designated fact witness who was not properly disclosed pursuant to Rule 26, because his testimony, while not offering opinion, was based on witness's "specialized knowledge" of his field, prison security).

3

The intent of Rule 26 with respect to experts concerns disclosure, not payment. *King-Hardy v. Bloomfield Bd. of Educ.*, 3:01cv979 (PCD), 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) ("A party who fails to disclose its expert witness in accordance with Fed. R. Civ. P. 26(a) will not be permitted to use that witness at trial. Fed. R. Civ. P. 37(c)(1)."). Clearly if Honda wanted a witness to testify that its vehicle is reasonably designed, tested and manufactured and is not defective, that is for an expert and not a fact witness. *Kuzmech v. Werner Ladder Co.*, 3:10-CV-266 (VLB), 2012 WL 6093898 (D. Conn. Dec. 7, 2012) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir.2004) ("'Where [] the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.'").

Defendants argue that because Mr. Rochette was disclosed as a fact witness in defendants Rule 26 disclosures, there is no prejudice to plaintiffs in allowing his testimony. To blindside plaintiffs with opinions about the reasonableness of design and testing, and that there is no defect, or providing other technical expert testimony in order to convince the jury of the same, is an entirely different matter.

Defendants also analogize Mr. Rochette to a treating physician who is not required to furnish an expert report but who can be compensated for his time. This analogy is misleading. Treating physicians are an explicitly *limited* exception to Rule 26 that applies only in that narrow context. "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705." *Ordon v. Karpie*, 223 F.R.D. 33, 36 (D. Conn. 2004). This exception does not extend to engineering experts.

In sum, defendants essentially seek to amend their Rule 26 expert disclosures two years after they were due, and defendants refused to offer plaintiffs the same courtesy defendants now request. Mr. Rochewtte's testimony was objectionable both before and after this motion. Defendants *motion in limine* should be denied.

Dated: March 22, 2013

Respectfully submitted,

KREINDLER & KREINDLER LLP

By:     /s/ Noah Kushlefsky
Noah Kushlefsky, Esq. (Bar ID: phv04526)
Andrew J. Maloney (Bar No. CT15639)
750 Third Avenue
New York, NY 10017
nkushlefsky@kreindler.com
amaloney@kreindler.com
(212) 687-8181

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PERMIT COMPENSATION TO THEIR UNRETAINED EXPERT JEFFREY ROCHETTE* was served via the Court's ECF system upon counsel of record.

   /s/ Noah Kushlefsky
Noah Kushlefsky, Esq. (Bar ID: phv04526)