UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------ X
Ron Barack, et al.,

                                  Plaintiffs,           **ORDER**

        -against-                                  Case No. 09-cv-565

American Honda Motor Co., Inc., et al.,

                                  Defendants,
------------------------------------------------------------------ X

      Before the Court are Defendants' Motion in Limine to Strike Plaintiffs' Rebuttal Expert Disclosure [Rec. Doc. 164-14] and Plaintiffs' Opposition thereto [Rec. Doc. 172].

      "A party must make [expert witness disclosures] at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence [from an opponent's expert disclosed pursuant to Rule 26(a)], within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).[1] "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court "has broad discretion when determining if a discovery violation is harmless or justified." *Ebbert v. Nassau County*, 2008 WL 4443238, at *14

---

[1] "An expert rebuttal report does exactly what it says: it rebuts, in the form of a complete statement of all the opinions expressed by the author, the report of the opposing party's expert." *Long Term Capital Holdings v. United States*, 2003 WL 21518555, at *2 (D. Conn. May 15, 2003). "Archetypal" rebuttal testimony "identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008).

(E.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Courts in the Second Circuit consider four factors on a motion to preclude expert testimony: '(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Scientific Components Corp.*, 2008 WL 4911440, at *4 (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). "[E]xcluding expert testimony is a 'drastic remedy.' . . . Even if a party fails to comply with Rule 26's deadlines for disclosure, excluding expert testimony can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2003 WL 22471909, at *1 (S.D.N.Y. Oct. 31, 2003) (internal citations omitted).

The <u>identity</u> of Dr. Blacker and Dr. Breed were made known in the Plaintiffs' August 11, 2011 Rule 26 Damages Rebuttal Expert Disclosures.[2] This identification was timely under Rule 26. Dr. Blacker and Dr. Breed's reports, however, do not conform to the definition of rebuttal reports, which are supposed to contradict, challenge and rebut the opposing party's expert's reports.[3] The failure of these doctors' reports to conform to the definition of a rebuttal report

---

[2] The Court's ruling on the Defendants' Motion will not affect the expert reports of Dr. Strauch and Dr. Weinberger. Plaintiffs abandoned the use of Dr. Strauch and Dr. Weinberger as potential rebuttal witnesses by their failure to list the doctors as rebuttal expert witnesses in the parties' Joint Trial Memorandum [Rec. Doc. 164, at 10-11]. Thus, Defendant's Motion as to each of these two doctors is moot.

[3] As the Defendants point out, Dr. Blacker and Dr. Breed's reports were prepared *before* the Defendants' own experts prepared their reports. Dr. Breed's report is dated May 28, 2011, and Dr. Blacker's report is dated June 7, 2011. Both of these reports predate the Defendants' disclosure of the names of their experts served on Plaintiffs on July 14, 2011. No logical argument can be made that these two reports were intended to contradict or rebut the Defendants' expert disclosures.

takes on great significance in light of the history of this proceeding.  The two reports are in substance, if not in the exact form, the same reports the Plaintiffs previously sought leave to include in this litigation in order for Dr. Breed and Dr. Blacker to serve as expert witnesses on damages. The Plaintiffs' disclosures of these two doctors, which were made after the passing of the relevant discovery deadline, were denied not once, but <u>twice</u> by Chief Judge Alvin W. Thompson, the Judge who referred the case to the undersigned, after his full consideration of the history of the case, the relevant jurisprudence, and the Plaintiffs' counsel's circumstances.  At the current stage of the litigation, the Court is left with the definite and distinct impression that the Plaintiffs' attempts to include these two reports under a new label—"rebuttal" experts—is nothing more than a thinly veiled attempt to circumvent Chief Judge Thompson's two previous denials.  This impression is strongly buttressed by the Plaintiffs' failure to adapt the "rebuttal" reports to the Defendants' expert disclosures, and by the fact that the case law cited by the Plaintiffs in their Opposition is identical to the case law previously cited by the Plaintiffs in their motions to include these two witnesses as damages experts that Chief Judge Thompson denied.

      Nonetheless, the Court acknowledges that the Plaintiffs *did* identify Dr. Breed and Dr. Blacker as rebuttal witnesses prior to the 30-day deadline set out by Rule 26.  The Court is also aware that the complete preclusion of expert testimony is a harsh remedy.  After examination of the four relevant factors set out in *Scientific Components Corp.*, the Court concludes that although the Plaintiffs believe these witnesses are important and necessary to the presentation of their case, this factor is outweighed by several others: (1) the very high prejudice to the Defendants that would result if they were forced to prepare for testimony of two expert witnesses many months after the discovery deadline passed; (2) the Court's observations set out above

regarding this case's history and Plaintiffs' counsel's efforts to include Dr. Breed and Dr. Blacker; (3) the Plaintiffs' complete failure to convert their experts' original reports into rebuttal reports; and (4) the Plaintiffs' justification for their discovery violation, which amounts to an attempt to minimize their failure or blame their opponents for inaction during this litigation. Additionally, because of the Court's current trial docket, the Court cannot consider a continuance of the trial date of September 30, 2013, a the trial of this four-year-old case would have to be continued until the summer of 2014.  The Court concludes that Dr. Blacker and Dr. Breed's expert reports cannot be used as rebuttal reports as they are currently formatted.  Based on the foregoing, it is

**ORDERED** that Defendants' Motion in Limine [Rec. Doc. 164-14] is **GRANTED IN PART AND DENIED IN PART.** Specifically, it is

**ORDERED** that all portions of the expert disclosures of Dr. Breed and Dr. Blacker are stricken to the extent that they cannot be viewed as directly contradicting or rebutting the positions, arguments, and evidence of the Defendants' damages experts.  It is further

**ORDERED** that the parties' stipulate, to the maximum extent possible, which portions of the two expert reports as currently formatted conform with this Order.  In the event of disagreement between the parties as to whether a particular portion of a report directly rebuts or contradicts one of the Defendants' expert's reports, the parties are instructed to highlight the relevant section of the expert report, and in a supplemental addendum not to exceed one page, explain, their respective positions on why the referenced portion does or does not conform with this Order.  The redacted report for each of Plaintiffs' expert witnesses, and any addendum setting out the parties' disagreements over the inclusion of specific portions of the reports, are to

be submitted **within fourteen (14) days of the date of the entry of this Order, inclusive of weekends.**  If necessary, the Court will then conduct an independent review and possibly a hearing in order to resolve the parties' disagreements, if any therebe.  It is further

**ORDERED** that Dr. Breed and Dr. Blacker are prohibited from testifying at trial to any portion of their expert reports that the parties stipulate is prohibited by this Order or that the Court subsequently rules **is** prohibited.

**SO ORDERED.**

                                                                         *[signature]*
                                                                         Tucker L. Melançon
                                                                         United States District Judge

April 10, 2013
Bridgeport, CT