UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK and | ) | |
| DONNA MOORE BARACK, | ) | |
| | ) | |
| *Plaintiffs*, | ) | 09-cv-00565 (TLM) |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN HONDA MOTOR | ) | |
| COMPANY, INC., HONDA | ) | |
| MOTOR COMPANY, LTD., and | ) | |
| HONDA MANUFACTURING OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| *Defendants*. | ) | |

**THE PARTIES' SUBMISSION RESPONDING TO THE COURT'S ORDER ON
PLAINTIFFS' REBUTTAL EXPERTS**

The plaintiffs and the defendants[1] submit the following in compliance with the Court's

Order dated April 10, 2013 concerning plaintiffs' rebuttal experts [docket entry 183].  The

parties jointly request leave to file the instant submission explaining their positions although it

exceeds the one page limit imposed by the Court.

**I.     PLAINTIFFS' POSITION**

**PLAINTIFFS' REBUTTAL EXPERTS ON ABILITY TO WORK**

Defendants intend to offer vocational expert Jane Mattson, who will opine that plaintiff

Ron Barack can work in a "sedentary position, although his pain could potentially limit the

number of hours he works." Mattson Report, p.6.  Further, she states that his "disability is a state

of mind, much more than a state of body." *Id.* She also opines that "work would be an excellent

antidote for his depression." *Id.* at p.8.

---

[1] The defendants offer their position in compliance with the Court's Order without waiving their objection to any
testimony by the plaintiffs' proposed rebuttal experts, as stated in their motion *in limine,* that the disclosures did not
conform to the requirements of Fed. R. Civ. P. 26(a)(2)(D)(ii).

Defendants' expert has therefore directly addressed Mr. Barack's physical, mental and emotional injuries and through anecdotal evidence believes he can work, at least part time.

Both of plaintiffs' experts, Dorra L. Blacker and Dr. Sabrina Breed, Ph.D., directly rebut and contradict Mattson in concluding that Mr. Barack is unable to work and explaining why.

Blacker is plaintiffs' vocation expert and at p.6 of her report she concludes that he is

"a poor candidate for competitive employment due to a combination of physical, psychological and cognitive deficits sustained in the accident. His lack of emotional control, poor concentration, intolerable pain of his left nonfunctional dominant hand, overall reduced functional capabilities and apparent depression all impact upon his potential for any successful employment opportunities most specifically in the legal or business field."

Clinical psychologist Sabrina Breed, Ph.D., diagnosed him with PTSD, and that coupled with his constant pain, depression, poor concentration, poor memory, anxiety when around others and when traveling, makes him unable to work. Breed at p. 12.

The balance of both the Blacker and Breed reports simply describe the evidence that supports the basis for the conclusion that he is not a suitable candidate for work.

Accordingly, plaintiffs believe that rebuttal vocational expert Blacker should be permitted to offer the opinions at pp. 6-7 in the summary and recommendations portion of her report and be able to explain the basis for the conclusion, the balance can be redacted. See her attached report that highlights only the portion plaintiffs seek to use.

Similarly, Dr. Breed should be able to rebut Mattson's opinion by describing her diagnosis of PTSD and severe depression that inhibit his ability to work, Breed at p. 12, and provide the reasons why.[2] The previous eleven pages and subsequent four pages, however, can

---

[2]   Plaintiffs have also offered Dr. Breed as a treating physician. After Mr. Barack was evaluated by Dr. Breed, he elected to continue to see her for psychological treatment. That decision was his own and her compensation from those sessions was Mr. Barack's responsibility. Mr. Barack treated with her on 14 occasions over several months. Recently, on April 22, 2013, Mr. Barack informed plaintiffs' counsel that after he stopped seeing Dr. Breed for

be redacted to the extent they do not deal with injuries related to his work disability. See attached highlighted portions that plaintiffs seek to offer in rebuttal.

If the defendants cross-examine Dr. Breed with the portions of her report identified at page 4, infra, the plaintiffs would then seek to offer additional observations made by Ms. Blacker during her two hour evaluation in either her answers on cross or re-direct examination. Those portions are contained in the entirety of the summary and recommendations section of her report and noted in the highlighted attached reports.

## II.    DEFENDANTS' POSITION

The plaintiffs argue that their proposed rebuttal experts will respond to three statements referenced from the report of the defendants' vocational expert, Jane Mattson, Ph.D. Two of the statements are accurately set forth: Dr. Mattson opines that Mr. Barack can work in a "sedentary position, although his pain could potentially limit the number of hours he works," Mattson Report at page 6, and that "work would be an excellent antidote for his depression." Mattson Report at page 8. The plaintiffs misquote from Dr. Mattson's report as to the third reference as she wrote *generally* that "Disability is a state of mind, much more than a state of body." Mattson Report at page 13. These references in her report do not open the door to the psychological and psychiatric issues which the plaintiffs seek to introduce as rebuttal testimony. More particularly with regard to these experts, the defendants state:

A.  <u>Dorris L. Blacker, CRC, LMHC</u>

Even the portion of the report highlighted by the plaintiffs does not "directly contradict or rebut" Dr. Mattson's opinions as referenced above insofar as there is no mention of "sedentary

---

awhile, he began treating with Dr. Eugene Kalin on multiple occasions for most of 2012 and into 2013 for his psychological injuries. Plaintiffs will provide an authorization if requested but do not intend on calling this previously unidentified witness at trial.

work capacity", the possibility of limiting the number of hours of work or why working would not be an antidote for depression.

If Dr. Mattson is called by the defendants to testify at trial to these matters, it is only if viewed in a very general way that the portion of Dr. Blacker's report highlighted in yellow meets the Court's Order. If the Court is inclined to permit this, for cross-examination purposes, the defendants would also add the following: "Testing: Mr. Barack refused to take any tests that would assess reading, concentration, attention, and non verbal skills", Blacker Report at page 6 and under "Summary and Recommendations," "In addition, Mr. Barack's lack of a recent work experience contributes to his poor prognosis for employment." Blacker Report at page 7. The defendants believe that the remainder of the report should be redacted.

Sabrina Breed, Ph.D.

Dr. Breed's report should be redacted in full as the portions highlighted by the plaintiffs do not directly contradict or rebut the opinions to be offered by Dr. Mattson. The yellow highlighted portion of the Breed Report at the bottom of page 11, "Work: Prior to his accident Mr. Barack describes a successful work history … and describes himself as someone who had multiple doors open to him", simply restates information reported by Mr. Barack to her. While Mr. Barack may testify as to these matters at trial, the references do not constitute expert opinion which contradicts or rebuts any opinions of Dr. Mattson, and therefore, are not proper rebuttal testimony.

The remainder of the yellow highlighted portions contained at the top of the Breed Report at page 12 seem to restate information provided to her by Mr. Barack explaining his perceived inability to work; but, these references do not offer any independent expert assessment by Dr. Breed that could be viewed as contradicting or rebutting Dr. Mattson's assessment that Mr.

Barack could be employed in a "sedentary position, although his pain could potentially limit the number of hours he works," Mattson Report at page 6, that "work would be an excellent antidote for his depression," Mattson Report at page 13 or that "Disability is a state of mind, much more than a state of body." Mattson Report at page 13. Moreover, even if those references could be viewed as setting forth opinions of Dr. Breed, the proposed testimony would be improper as it seems to be duplicative of the proposed testimony of Ms. Blacker.

Further, Dr. Breed's opinions that Mr. Barack suffers from PTSD and severe depression cannot properly be considered as rebuttal testimony to the opinions of the defendants' vocational expert and, therefore, do not fit within the confines of the Court's Order. Referring to Dr. Breed's Report at page 1, while PTSD and severe depression are diagnoses she made for Mr. Barack, she does not relate these diagnoses to Mr. Barack's work capacity. Although Dr. Breed notes on page 12 of the Breed Report that "inability to concentrate is a hallmark of both depression and PTSD", there is no discussion of the relationship of these diagnoses to Dr. Mattson's opinions on work capacity. Accordingly, the diagnoses of PTSD and severe depression do not directly contradict or rebut Dr. Mattson's anticipated opinions, and therefore, fall outside of the Court's Order concerning rebuttal testimony and all references thereto should be stricken.

In fact, Dr. Breed relates Mr. Barack's emotional/psychological difficulties directly to his work ability in just one passage on page 12 of the Breed report, stating:

> Thirdly, and most significantly, Mr. Barack's decreased interpersonal functioning would prevent him from functioning in a work environment. His anxiety and hyperarousal can be off-putting, and his irritability and difficulty controlling his temper would keep him from being able to work effectively with others.

Although it is not clear whether Mr. Barack's interpersonal difficulties were perceived directly by Dr. Breed, or merely, as in the preceding paragraphs of the Breed Report, conveyed to her by

Mr. Barack himself, these two sentences comprise the only portion of the Breed Report which arguably rebuts the Mattson Report if read generally as to Mr. Barack's ability to work.  Should the court be inclined to view the Mattson Report as stating generally Mr. Barack's ability to work, it is only this last paragraph highlighted in yellow on page 12 that meets the Court's Order.

Finally, the defendants learned for the first time on April 23, 2013 that Mr. Barack has treated with another therapist, Eugene Kalin, on numerous occasions.  See footnote 2 added by the plaintiffs.  Given the plaintiffs' continuing failure to disclose medical providers in a timely way, they should be barred from calling Dr. Breed in any capacity.  The defendants anticipate

raising this issue with the Court in a separate filing.

Dated: April 24, 2013

RON BARACK AND
DONNA MOORE BARACK

HONDA MANUFACTURING OF,
ALABAMA, LLC, AMERICAN HONDA MOTOR
CO., INC., and
HONDA MOTOR CO., LTD

By their Attorneys

By their Attorneys

KREINDLER & KREINDLER LLP

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.,

___/s/ Andrew Maloney_____
Noah H. Kushlefsky, Esq. (CT phv04526)
Andrew J. Maloney III, Esq. (CT15639)
750 Third Avenue
New York, NY 10017
Tel. No.: (212) 687-8181
Fax No.: (212) 972-9432
amaloney@kreindler.com
nkushlefsky@kreindler.com

___/s/ Michelle I. Schaffer_____
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA 02129
Tel. No. (617) 241-3000
Fax No.: (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

James M. Campbell, Esquire
Michelle I. Schaffer, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129

___/s/ Andrew J.Maloney, III_____
Andrew J. Maloney, III

7