UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------- X
Ron Barack, et al.,

                              Plaintiffs,       **ORDER**
        -against-                          Case No. 09-cv-565

American Honda Motor Co., Inc., et al.,

                              Defendants,
---------------------------------------------------------------- X

    Before the Court is the parties' joint submittal [Rec. Doc. 185], outlining their respective positions on the admissibility of the reports of Dr. Dorra Blacker and Dr. Sabrina Breed, Plaintiffs' proposed rebuttal experts, which was filed pursuant to the Court's April 10, 2013 Order [Rec. Doc. 183].

    "An expert rebuttal report does exactly what it says: it rebuts, in the form of a complete statement of all the opinions expressed by the author, the report of the opposing party's expert." *Long Term Capital Holdings v. United States*, 2003 WL 21518555, at *2 (D. Conn. May 15, 2003). "Archetypal" rebuttal testimony "identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008).

    Plaintiffs' position makes clear that they intend to use Dr. Blacker and Dr. Breed solely to rebut the anticipated testimony of Defendants' vocational expert, Dr. Jane Mattson.[1] The Court concludes that there are four opinions in Dr. Mattson's report that may be subject to proper rebuttal testimony: (1) "I believe that Mr. Barack can work. He has the physical capacity and the

---

[1] For Dr. Mattson's July 13, 2011 expert report entitled Vocational Analysis For Ron Barack, see [Rec. Doc. 164-5, at 37].

1

transferrable skills to do so," [Rec. Doc. 164-5, at 13 ¶ 6]; (2) "Mr. Barack, despite his pain complaints, can work in a sedentary position, although his pain could potentially limit the number of hours he works," *id.*; (3) "Disability is a state of mind, much more than a state of body," *id.*; and (4) "[W]ork would be an excellent antidote for [Mr. Barack's] depression," *id.* ¶ 8. Neither Dr. Blacker's report nor Dr. Breed's report nor any portion thereof will be admissible as an exhibit at trial to supplement the experts' permitted testimony.

**I. Dr. Blacker's Report**

The fourth paragraph of Dr. Blacker's Summary and Recommendations directly rebuts Dr. Mattson's expert opinion that Mr. Barack can work and possesses the physical capacity and the transferrable skills to do so.[2] Dr. Blacker will therefore be permitted to testify and to offer the opinions contained in this paragraph in their entirety. Defendants will be permitted to cross-examine Dr. Blacker about the factual statements made in the section of her report entitled Testing, specifically, that "Mr. Barack refused to take any tests that would assess reading, concentration, attention, and non verbal skills." [Rec. Doc. 185-1, at 6]. Plaintiffs will be permitted to ask Dr. Blacker on re-direct for the reasons Mr. Barack gave as to why he would not take the tests. *Id.*[3] Dr. Blacker will not be permitted to testify to the other portions of her report that Plaintiffs highlighted

---

[2] This paragraph states in full:
> Currently, Mr. Barack presents a poor candidate for competitive employment due to the combination of physical, psychological and cognitive deficits sustained by the accident. His lack of emotional control, poor concentration, intolerable pain of his left non functional dominant hand, overall reduced functional capabilities and apparent depression all impact upon his potential for any successful employment opportunities most specifically in the legal or business field. In addition, Mr. Barack's lack of a recent work experience contributes to his poor prognosis for employment.

[Rec. Doc. 185-1, at 6-7].

[3] Dr. Blacker's report states: "Despite an explanation as to the purpose of the assessments, Mr. Barack stressed that his ability to focus was so sporadic that at the time he did not feel able to engage in testing or felt it would be accurate." [Rec. Doc. 185-1, at 6].

that were not specifically addressed by the Court herein, as these portions do not directly contradict or rebut Dr. Mattson's opinions regarding Mr. Barack's future capacity to work.

## II. Dr. Breed's Report

Dr. Breed will be permitted to testify as a rebuttal witness and may opine that Mr. Barack is "unable to work." [Rec. Doc. 185-2, at 1]. However, the only portion of Dr. Breed's report that she will be allowed to testify about in rebuttal to Dr. Mattson's opinions is the fifth full paragraph of the subsection entitled Work, under the section entitled Impact on Daily Functioning. *Id.* at 12.[4] As the Defendants point out, the first paragraph of this subsection only relays Mr. Barack's employment history as told to Dr. Breed. The third paragraph contains no explicit connection between the symptoms Mr. Barack alleges he suffers from and his ability to function at work; without the direct connection to Mr. Barack's ability to work, the Court cannot conclude that Dr. Breed's opinions directly rebut those of Dr. Mattson. None of the listed symptoms go to Mr. Barack's ability to remain in a sedentary position for a limited amount of time. Similarly, the fourth paragraph of this subsection does not offer any explicit connection to Mr. Barack's ability to function *while at work*. Accordingly, only testimony related to the fifth full paragraph of Dr. Breed's report will be admissible in rebuttal. Dr. Breed will not be permitted to testify to any other portion of her report on rebuttal or otherwise.

---

[4] This paragraph states in full: "Thirdly, and most significantly, Mr. Barack's decreased interpersonal functioning would prevent him from functioning in a work environment. His anxiety and hyperarousal can be off-putting, and his irritability and difficulty controlling his temper would keep him from being able to work effectively with others." [Rec. Doc. 185-2, at 12].

Based on the foregoing, it is

**ORDERED** that Dr. Blacker will only be permitted to testify as a rebuttal witness to those opinions specifically identified by the Court in Section I of this Order.  It is further

**ORDERED** that Dr. Breed will only be permitted to testify as a rebuttal witness to those opinions specifically identified by the Court in Section II of this Order.[5]

Defendants assert that they anticipate filing a motion seeking to preclude the testimony of Dr. Eugene Kalin, although Plaintiffs stated they do not intend to call him as a witness. [Rec. Doc. 185, at 3 n.2]. The Court notes that a request to add a new witness at this juncture, particularly in light of the history of this proceeding as it relates to expert witnesses, would not only be untimely, but would also not likely be granted.

**SO ORDERED.**

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

May 14, 2013
Bridgeport, CT

---

[5] This Order only affects the scope of Dr. Breed's testimony as a rebuttal witness to Defendants' damages experts.  As stated in the Court's April 18, 2013 Order [Rec. Doc. 184], and the Court's May 14, 2013 Order [Rec. Doc. 192], the Court will determine the proprierty of sanctions, including the potential prohibition of Dr. Breed's trial testimony *in the capacity of Mr. Barack's treating physician*, after the hearing that will be conducted on July 24, 2013 and, if necessary, July 25, 2013.