UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------ X
Ron Barack, et al.,

                                                    Plaintiffs,          **ORDER**
               -against-                                           Case No. 09-cv-565

American Honda Motor Co., Inc., et al.,

                                                    Defendants,
------------------------------------------------------------------ X

     Before the Court is Plaintiffs' counsel's May 16, 2013 Letter advising the Court of Plaintiffs' proposed witness Dr. Sabrina Breed's scheduling conflict with the hearing that is scheduled to be conducted on July 24, 2013 and requesting another date to conduct the hearing. [Rec. Doc. 194].  In the Court's April 18, 2013 Order notifying Plaintiffs' counsel it would consider the imposition of sanctions against Plaintiffs' counsel for discovery violations, the Court ordered that "Dr. Breed is to be notified **immediately** upon Plaintiffs' counsel's receipt of this Order that her presence will be required at the hearing that the Court will conduct on July 24, 2013." [Rec. Doc. 184, at 10] (emphasis in original). Plaintiffs' counsel did not notify the Court of Dr. Breed's scheduling conflict prior to his May 16, 2013 Letter [Rec. Doc. 194].  In light of Plaintiffs' counsel's Letter and the parties' recent submittalsconcerning the issue of Dr. Breed's proposed testimony, [Rec. Docs. 186, 190, 191], the Court now concludes that a hearing is not necessary and that it is in a position to resolve the subject of the hearing, i.e., whether Dr. Breed will be allowed to testify as Mr. Barack's treating physician, based on the record before it.

     For the reasons set forth hereinafter, the Court will preclude Dr. Breed from testifying at trial in the capacity of Mr. Barack's treating physician.  Plaintiffs' counsel's letter request to reschedule the July 24, 2013 hearing is therefore denied as moot.

The history of Plaintiffs' counsel's attempts to include Dr. Breed as a witness in this proceeding was documented in detail by the Court in its April 18 Order. [Rec. Doc. 184, at 5-7]. At that time, the Court observed that it was "left with the definite and distinct impression that Plaintiffs are trying to circumvent two of Chief Judge Thompson's rulings" in trying to include Dr. Breed as Mr. Barack's treating physician. [Rec. Doc. 184, at 7]. The Court additionally noted that it had "significant concerns that Plaintiffs' course of conduct and subsequent last-minute disclosure [of Dr. Breed as Mr. Barack's treating physician] 'essentially sandbagged' Defendants." [Rec. Doc. 184, at 8]. Because Plaintiffs' counsel, "[i]n the most technical of senses," disclosed Dr. Breed's identity as a treating physician prior to the relevant fact discovery deadline, the Court afforded Plaintiffs' counsel the opportunity to rectify his "failure to disclose a summary for Dr. Breed under Rule 26(a)(2)(C)" even though this failure constituted a violation of Rule 26(a). [Rec. Doc. 184, at 7-8]. Accordingly, the Court ordered Plaintiffs to "submit a summary in accordance with Rule 26(a)(2)(C)" by email to defense counsel and to the Court within fourteen days of the April 18 Order. [Rec. Doc. 184, at 10].

As pointed out in Defendants' renewed motion to exclude Dr. Breed as a treating physician, [Rec. Doc. 186], Plaintiffs' counsel failed to comply with the Court's April 18, 2013 Order. Neither the Court nor defense counsel received Plaintiffs' Rule 26(a)(2)(C) summary by the May 2, 2013 deadline. [Rec. Doc. 187]. In Plaintiffs' counsel's Court-ordered explanation for this failure, Plaintiffs' counsel offered no legitimate justification. Rather, Plaintiffs' counsel repeatedly stated that "the information required by the April 18 Order had already been provided to defendant Honda on several occasions and has been included in the several motions previously filed with respect to Dr. Breed's testimony." [Rec. Doc. 188, at 2].[1] As Defendants' opposition memorandum correctly asserts, the

---

[1] The Court rejects outright Plaintiffs' counsel's assertions that the submittals required by the Court in its April 10, 2013 Order related to Dr. Breed's capacity as an expert rebuttal witness, [Rec. Doc. 183], could be sufficient to cover the separate instructions issued in the Court's April 18, 2013 Order related solely to the issue of

Court's April 18 Order stated, in no uncertain terms, that "[n]o argument can be made that the previously submitted expert report is a 'summary' as the term is used in Rule 26(a)(2)(C)." [Rec. Doc. 184, at 7-8]. Despite its reservations, the Court afforded Plaintiffs' counsel a second opportunity to comply with the disclosure requirements for treating physicians under Rule 26 by giving counsel the opportunity to file a new document conforming with the Rule nearly *two years* after that conforming document was originally to be submitted. Plaintiffs' counsel ignored the Court's Order. The Court finds it inexplicable that Plaintiffs' counsel would attempt to justify this failure by pointing to a smattering of filings from the docket sheet as representative, when viewed in their totality, of the information required to be submitted by the Court's Order.

Incredibly, the untimely "summary" Plaintiffs' counsel attempted to include as an attachment to its explanatory Affirmation, [Rec. Doc. 190, at 6-7], *still does not conform to a Rule 26(a)(2)(C) summary*. *See* Fed. R. Civ. P. 26(a)(2)(C) (requiring that the report must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify"). Plaintiffs' counsel was required to produce more than a simple assertion that "Dr. Breed will testify consistent with her treatment report of June 7, 2011," [Rec. Doc. 190, at 6], a report which the Court previously ordered precluded from admission at trial because "that report is not a summary from a treating physician as detailed by Rule 26(a)(2)(C), but is instead an untimely expert disclosure under Rule 26(a)(2)(B) twice previously rejected by Chief Judge Thompson." [Rec. Doc. 184, at 9].[2] Under the

---

Dr. Breed testifying in the capacity as a treating physician witness.

[2] Moreover, the first page of Dr. Breed's June 7, 2011 report reveals that she reviewed the records of several other doctors, the treatment record from a previous facility, and depositions by Mr. and Mrs. Barack. [Rec. Doc. 190, at 10]. Such records are clearly outside the bounds of the Court's April 18 Order, which prohibited, based on the cited case law, her testimony based on any "materials outside the four corners of her medical records." [Rec. Doc. 184] (citing *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 n.4 (N.D.N.Y. 2004)); *see also*

clear language of the Rule, Plaintiffs' counsel was required to summarize the facts to which the witness was expected to testify, and not merely re-state in conclusory fashion that "Dr. Breed will testify to the facts and information learned during these treatment sessions that lead [sic] to her diagnoses, including the bases for her diagnoses . . . ." [Rec. Doc. 190, at 6].

More problematic still, defense counsel asserts that Plaintiffs' counsel's Court-ordered May 7, 2013 Affirmation was the first time Plaintiffs disclosed that Dr. Breed treated Mr. Barack on 10/24/11, 11/7/11, 11/28/11, and 12/5/11. [Rec. Doc. 191, at 5]. Defendants' assertions put at issue Plaintiffs' counsel's repeated assurances in the Affirmation that "Honda has long been aware of these treatment dates" and that "the information required by the April 18 Order had already been provided to defendant Honda on several occasions." [Rec. Doc. 190, at 2]. Not only has Plaintiffs' counsel apparently never disclosed this continuation of treatment nor produced records for these sessions, including in the May 7, 2013 filing; but the observations made by Dr. Breed and the opinions she rendered based on such observations during these four sessions could not, as a matter of what is possible under present-day belief by the majority of the physicists on the planet about the nature of the space-time continuum, have been included in the June 7, 2011 report that Plaintiffs' counsel vigorously argues is sufficient. The Court can hardly agree with Plaintiffs that there "is no prejudice to the defendants" because the report Plaintiffs improperly provided to Defendants in June 2011 is, at best, only a *partially complete* record of Mr. Barack's treatment by Dr. Breed as evidenced by Plaintiff's counsel's own representations.

In light of Plaintiffs' counsel's repeated discovery violations related to the inclusion of Dr.

---

*Spencer v. Int'l Shoppes, Inc.*, 2011 WL 4383046, at *4 (E.D.N.Y. Sept. 20, 2011) ("The treating physician may not introduce information provided by other physicians to whom the Plaintiff may have been referred nor may the doctor present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor.").

Breed as a witness in this matter and counsel's ongoing failure to comply with the Court's orders, the Court can consider all of the available sanctions under Rule 37(c)(1) in the exercise of its broad discretion. *See Ebbert v. Nassau County*, 2008 WL 4443238, at *14 (E.D.N.Y. Sept. 26, 2008). Courts in the Second Circuit consider four factors on a motion to preclude witness testimony: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

After evaluating these four factors, the Court concludes that Dr. Breed should be prohibited at trial from testifying as Mr. Barack's treating physician.[3] The Court finds that Plaintiffs' explanation for its repeated failures to comply with the Court's orders related to the issue of Dr. Breed's testimony to be completely unsatisfactory for the reasons set forth above. In particular, the Court notes Plaintiff's counsel's repeated attempts to justify the failure by pointing to documents previously deemed insufficient by the Court and Plaintiffs' counsel's apparent failure to this date to provide the records related to the full scope of Dr. Breed's treatment of Mr. Barack. While the Court already had significant concerns that the midnight disclosure of Dr. Breed's identity as a treating physician "sandbagged" Defendants in July 2011, the Court is now convinced beyond question that the May 2013 revelation of the fact that this ongoing treatment continued through the end of 2011 has "sandbagged" Defendants. *See Pal v. N.Y. Univ.*, 2008 WL 2627614, at *4-5

---

[3] This conclusion does not affect the Court's May 14, 2013 Order permitting Dr. Breed to testify as a rebuttal witness to Defendants' expert, Dr. Jane Mattson, subject to the limitations set out in that Order. [Rec. Doc. 193].

(S.D.N.Y. June 30, 2008).[4]  Although the testimony of Dr. Breed as Plaintiff's treating physician is undoubtedly of importance to the Plaintiffs, the Court finds that this factor is significantly outweighed by Plaintiffs' counsel's repeated failures to comply with the Federal Rules of Civil Procedure and the orders of the Court, the inexplicable and insufficient explanations offered by Plaintiffs' counsel for this failure, and by the undeniable prejudice to Defendants in light of the close proximity to the date of the trial and the feasibility of a continuance due to the trial judge's current trial docket.  Based on the foregoing, it is

**ORDERED** that Defendants' Renewed Motion to Preclude the Testimony and Records of Treater Sabrina Breed [Rec. Doc. 186] is **GRANTED**.  Dr. Breed will be prohibited from testifying in the capacity of Mr. Barack's treating physician during Plaintiffs' case in chief.  It is further

**ORDERED** that Plaintiffs' counsel's Letter requesting the rescheduling of the July 24, 2013 hearing in this matter [Rec. Doc. 194] is **DENIED as moot**.  The presence of Dr. Breed at the July 24, 2013 hearing is excused.

**SO ORDERED.**

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

May 28, 2013
Bridgeport, CT

---

[4] Again, the Court notes that the "treatment notes" that Plaintiffs' counsel asserts are "Dr. Breed's records" of treatment, attached as Exhibit C to Plaintiffs' counsel's Affirmation, [Rec. Doc. 190, at 27-40], *do not include any treatment notes after August 2011* even though Plaintiffs' counsel states that Dr. Breed continued to treat him in September, October, November, and December of 2011.