UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK and<br>DONNA MOORE BARACK,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC., HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA,<br><br>*Defendants*. | 09-cv-00565 (TLM)<br><br><br><br><br><br><br><br><br><br>JULY 2, 2013 |

## THE PARTIES' JOINT PROPOSED
## INTERROGATORIES TO THE JURY

Pursuant to the Court's Order of January 11, 2013 [Docket Entry 167], the Plaintiffs Ron Barack and Donna Barack (collectively "the Plaintiffs"), by their undersigned counsel, and the Defendants American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda Manufacturing of Alabama, LLC (collectively "the Defendants"), by their undersigned counsel, respectfully submit the following proposed Interrogatories to be submitted to the jury by this Court to assist in their deliberations in this case subject to amendment, alteration or removal based upon the evidence adduced at trial.

## STRICT LIABILITY
### (Plaintiffs' Interrogatories)

1. As to Plaintiffs' claim that the 2006 Honda Odyssey sold to plaintiffs' family had a defect and as a result of that defect, the side curtain airbag failed to deploy during the rollover, and/or that defendants failed to warn plaintiffs, we find for[1]:

   _____ Plaintiffs Ron and Donna Barack
                     or
   _____ Honda Defendants

2. If you found for plaintiff in question one, was the defect and/or the failure to warn, the proximate cause of injuries to Mr. Barack's left hand?[2]

   _____ Yes

   _____ No

## STRICT LIABILITY
### (Defendants' Interrogatories)

1. Have the Plaintiffs proven by a preponderance of the evidence that the side curtain airbag system in the 2006 Honda Odyssey was defective?

   _____ Yes

   _____ No

   If "YES", proceed to question 2.
   If "NO", proceed to question 3.

---

[1] **Defendants' Position:** The Defendants object to the form of this Interrogatory, as the question should be posed in a yes/no format rather than finding for the Plaintiffs/Defendants. The Defendants further object to the Plaintiffs' description of the alleged defect on the basis that it is argumentative and confusing; and therefore, is unfairly prejudicial to the Defendants. Further, there is no expert or other support for a proper warnings claim.
   **Plaintiffs' Position:** Plaintiffs contend that the question is not argumentative but merely describes plaintiffs' claims as to the specific defects. There is no requirement to have a question in yes or no format, nor a requirement for expert testimony on Honda's failure to warn consumers that its touted anti-ejection roll over canopy would not deploy in certain rollovers.

[2] **Defendants' Position:** The Defendants object to this Interrogatory on the basis that it does not properly limit the jury's inquiry to whether the alleged defect proximately caused Mr. Barack to sustain enhanced injuries, that is, injuries that he would not have sustained in the absence of the alleged defect. The plaintiffs have the burden of proving and may only recover for injuries sustained by Mr. Barack as a result of the alleged defect. General Statutes § 52-572m; *Giannini v. Ford Motor Company*, 616 F.Supp. 2nd 219, 221 (D.Conn. 2007); *Bravo v. Ford Motor Co.*, 2001 WL 477275, *1 (Conn.Super. Apr 16, 2001). Further, it will be for the jury to decide whether the injuries to Mr. Barack's left hand constitute enhanced injuries; it is the Defendants' position that even had the side curtain airbag deployed, Mr. Barack may nonetheless have sustained the injuries to his left hand.
   **Plaintiffs' Position:** Plaintiffs contend that the enhanced injury - in layperson's terms - is the injury to Mr. Barack's left hand. Plaintiffs make no claim as to any other physical injury caused by the accident.

2. Have the Plaintiffs proven by a preponderance of the evidence that the defect in the side curtain airbag system caused Mr. Barack to sustain enhanced injuries?[3]

_____ Yes

_____ No

Proceed to Question 3.

## NEGLIGENCE
### *(Plaintiffs' Interrogatories)*

3. As to plaintiffs' claim that the Honda defendants were careless and negligent for its decision to set the rollover sensor in a manner that would prevent the side curtain airbag from deploying in a low speed rollover and not warn consumers, including plaintiff, we find for[4]:

_____ Plaintiffs

_____ Defendants

4. If you found for plaintiffs in question three, was the carelessness and negligence by the Honda defendants a proximate cause of the injuries to Mr. Barack's left hand[5].

_____ Yes

_____ No

---

[3]     **Plaintiffs' Position:** Plaintiffs object to the use of the term "enhanced" injury as it is not a lay person's term and confusing. The enhanced injury here is the injury to Mr. Barack's left hand and all its sequellae that followed. No other bodily injury is being claimed. Further, all elements must be proven by a preponderance of the evidence, as the court will instruct the jury. There is no additional need to incorporate this legal term in every question in an attempt to arguably add additional burdens in the jury's mind.
  **Defendants' Position:** The Defendants refer the Court to their position, as set forth in FN 2 and 5.

[4]     **Defendants' Position**: The Defendants object to the form of this Interrogatory, as the question should be posed in a yes/no format rather than finding for the Plaintiffs/Defendants. The Defendants further object to the Plaintiffs' description of the alleged negligent conduct of the Defendants as it is argumentative and confusing; and therefore, is unfairly prejudicial to the Defendants. In addition to improperly arguing a position, the description further mischaracterizes the evidence.
  **Plaintiffs' Position:** Plaintiffs contend that there is no requirement to have questions and answers in a yes or no format. Further, the question accurately summarizes plaintiffs' claim for specific acts of negligence. Defendants' claim that it mis-characterizes the evidence is pre-mature. Nonetheless, as in any action, they are plaintiffs' claims that must be proven by plaintiffs. They are not defendants' claims.

[5]     **Defendants' Position**: The Defendants object to this Interrogatory on the basis that it does not properly limit the jury's inquiry to whether the alleged defect proximately caused Mr. Barack to sustain enhanced injuries, that is, injuries that he would not have sustained in the absence of the alleged defect. The Plaintiffs have the burden of proving and may only recover for injuries sustained by Mr. Barack as a result of the alleged defect. General Statutes § 52-572m; *Giannini v. Ford Motor Company*, 616 F.Supp. 2nd 219, 221 (D.Conn. 2007); *Bravo v. Ford Motor Co.*, 2001 WL 477275, *1 (Conn.Super. Apr 16, 2001).
  **Plaintiffs' Position:** Plaintiffs repeat contentions contained in FN 2-3.

3

## NEGLIGENCE
### *(Defendants' Interrogatories)*

3. Have the Plaintiffs proven by a preponderance of the evidence that the Defendants were negligent with regard to the design of the side curtain airbag system in the 2006 Honda Odyssey?[6]

   _____ Yes

   _____ No

   If "YES", proceed to question 4.[7]
   If "NO", and you answered "NO" to either questions 1 or 2, your deliberations are over. Please have the foreperson sign the Verdict Ford and return to the Courtroom.
   If "NO", and you answered "YES" to both questions 1 and 2, proceed to question 5.

4. Have the Plaintiffs proven by a preponderance of the evidence that the Defendants' negligence with regard to the design of the side curtain airbag system in the 2006 Honda Odyssey proximately caused Mr. Barack to sustain enhanced injuries?

   _____ Yes

   _____ No

   If "YES", proceed to question 5.[8]
   If "NO", and you answered "NO" to either questions 1 or 2, your deliberations are over. Please have the foreperson sign the Verdict Ford and return to the Courtroom.
   If "NO", and you answered "YES" to both questions 1 and 2, proceed to question 5.

---

[6] **Plaintiffs' Position**: Plaintiffs object to defendants' attempt to gloss over the specific claims of negligence herein, the failure of the side curtain airbag to deploy in this roll over, and the failure to warn plaintiffs that it was designed not to deploy in the type of roll over Mr. Barack experienced.
   **Defendants' Position**: The Interrogatory as phrased is properly neutral, and does not attempt to argue either parties' position.

[7] **Plaintiffs' Position**: Plaintiffs object to the 4 lines of instructions in logical reasoning based on the variety of legal combinations above. The questions are concise and should be read and answered. The objectionable directions tend to confuse.
   **Defendants' Position**: Instructions such as these are routinely used, and the jury should not be asked to answer Interrogatories needlessly.

[8] **Plaintiffs' Position**: Plaintiffs have the same objection to these instructions.

4

## COMPARATIVE FAULT[9]/[10]
### (Defendants' Interrogatories)

5.      Have the Defendants proven by a preponderance of the evidence that Mr. Barack was negligent with regard to the circumstances of his accident?

          _____ Yes

          _____ No

If "YES", proceed to question 6.
If "NO", proceed to question 8.

---

[9] **Plaintiffs' Position**: Plaintiffs Object to Questions (5, 6 & 7) (as well as any trial evidence) on comparative fault concerning the arguable cause of the crash as they are not only hotly contested, but are irrelevant under CT Law. See *Giannini v. Ford Motor Company*, 616 F.Supp. 2nd 219 (D.Conn. 2007). Therefore there can be no legal cause for comparative fault. Cases cited by Honda are inapposite because they involved multiple injuries that overlapped with elements of the crash sequence and cause itself. There is no such claim made by plaintiffs here. The side curtain airbag designed to prevent ejection did not deploy. This failure allowed Mr. Barack's left hand to be ejected through the broken window during the roll while he was seatbelted and contact the road surface causing horrific injury. Defendants are not necessarily precluded from arguing his hand would have been ejected causing the same injuries even had the side airbag deployed as Honda advertised. Though plaintiffs will challenge this. This however, is different than any issues related the cause of the crash itself involving the skid on black ice and slide into the right side curb and guardrail that caused the roll.
    **Defendants' Position**: The Defendants dispute the characterizations set forth in the Plaintiffs' position. The Defendants refer the Court to their position on this issue, set forth in FN 10.

[10] **Defendants' Position**: A plaintiff's comparative responsibility is properly raised in product liability actions. *See* General Statutes § 52-5720(a) and (b). Although no appellate court in Connecticut has yet decided whether a plaintiff's comparative fault can be considered in a crashworthiness case, at least one Superior Court judge, in a case exceedingly similar to this, involving a claim of defect in the airbag system, followed the reasoning of courts in other jurisdictions and found that the plaintiff's comparative fault in causing the initial collision could be considered by the jury in assessing the fault of the manufacturer for the alleged injuries. *Bravo v. Ford Motor Co.*, 2001 WL 477275, *4-5 (Conn. Super. Apr 16, 2001). The Court there recognized that in crashworthiness cases, "the collision, the defect, and the injury are interdependent and should be viewed as a combined event". *Id.* at *3. The jury, therefore, should be permitted "to apportion responsibility between all whose action or products combined to cause the entirety of the plaintiff's injuries". *Id. (quoting Duncan v. Cessna Aircraft Co.*, 665 S.W. 2d 414, 428 (Tex. 1984)*.* In *Giannini v. Ford Motor Co.*, 616 F. Supp. 2d 219, 221 (D. Conn. 2007) (*citing Bravo*, 2001 WL 477275 at *4-5; *Foster v. Am. Honda Motor Co., Inc.*, 1996 WL 397708, *2-3 (Conn. Super. Ct. July 2, 1996), the court reached a different result and declined to permit the jury to consider the plaintiff's comparative fault in causing her motor vehicle accident where the underlying defect theory concerned the seatbelt. The court, sitting in diversity, recognized that in the absence of appellate authority in Connecticut, the few Connecticut Superior Court judges which had considered the issue reached different results. *Id.* at 222-23. The court expressly noted that its decision was based upon the analysis of the claims presented in the case before it and explicitly declined to predict what bright-line rule the Connecticut Supreme Court might adopt. *Id.* at 223. While the court's analysis in *Giannini* may be instructive, this court may reach a different result in line with *Bravo*. Further, insofar as the Plaintiffs claim that an airbag deployment would have prevented the ejection of Mr. Barack's hand, and therefore his injuries, and the Defendants expect the evidence to show that even had the airbag deployed, Mr. Barack nonetheless may have received his injuries, this case is distinguishable from *Giannini* as Mr. Barack's comparative fault for the underlying accident may go directly to the injuries for which the Plaintiffs seek recovery herein. *See Giannini*, 616 F. Supp. 2d at 220-23; *Bravo*, 2001 WL 477275 at *4-5.

5

6. Have the Defendants proven by a preponderance of the evidence that Mr. Barack's negligence was a proximate cause of the injuries and damages for which the Plaintiffs seek recovery?

    _____ Yes

    _____ No

    If "YES", proceed to question 7.
    If "NO", proceed to question 8.

7. Please determine the proportionate amount of fault attributable to the following parties (whatever percentages you decide must total 100%):

    Mr. Barack:        _____%

    Defendants:        _____%

    TOTAL:             100%

    Proceed to question 8.

### DAMAGES
### (Plaintiffs' Interrogatories)

5. If you found in favor of plaintiffs, please complete the following:

    ### Economic Loss[11]

    Medical Expenses (past and future)      $_____

    Lost Income (past & future)             $_____

---

[11] **Defendants' Position**: The Defendants object to separating damages into economic and non-economic damages, and multiple categories therein, as there is no basis for such a format, and it is unfairly prejudicial to the Defendants and confusing for the jury to fill out multiple inquiries about damages. The Defendants further object as there will be no expert testimony supporting future economic losses.
   **Plaintiffs' Position**: Plaintiffs contend that evidence will be presented at trial on specific types of damages that are segragable and defendants offer no real basis of prejudice. There are many jurisdictions where this type of segregation is required. Further, expert testimony on economic loss is not required and plaintiffs will provide sufficient evidence for the jury to consider.

### Non-Economic Loss

Physical, mental and emotional pain and suffering, loss of enjoyment of life, loss of society, consortium, intimate relations and services:[12]

  Past (March 20, 2006 to present)    $_____

  Future    $_____

### Derivative Loss

6. If you found in favor of plaintiff Ron Barack in question 5 above, please complete the following:

Donna Barack's non-economic loss of services, consortium, society, companionship and intimate relations:[13]

  Past (March 20, 2006 to present)    $_____

  Future    $_____

### DAMAGES
### (Defendants' Interrogatories)

<u>As to Ron Barack:</u>

8. What amount of compensatory damages do you award Mr. Barack for his enhanced personal injuries?[14]

        $_____

Proceed to Question 9.

---

[12] **Defendants' Position**: The Defendants object to the Plaintiffs' Interrogatory as there exists no legal basis under which Plaintiff Ron Barack is entitled to recover for loss of society, consortium and services. <u>See</u> *Musorofiti v. Vlcek*, 65 Conn. App. 365, 372 (2001)(*citing Keyes v. Churchward*, 135 Conn. 115, 118 (1948)).
  **Plaintiffs' Position**: Plaintiffs contend that under Connecticut law, and injured party is permitted to recover for the loss of enjoyment of life that includes spousal consortium, society and services related to his injury.

[13] **Defendants' Position**: The Defendants object to separating damages into two categories for past and future damages, as there is no basis for such a format, and it is unfairly prejudicial to the Defendants to ask the jury to complete multiple inquiries on the question of damages.

[14] **Plaintiffs' Position**: Plaintiffs object to the use of the legal term "enhanced injuries."
  **Defendants' Position**:  The jury must be specifically instructed that the Plaintiffs can only recover for those injuries that Mr. Barack would not have sustained in the absence of the alleged defect.

<u>As to Donna Moore Barack:</u>

9. What amount of compensatory damages do you award Mrs. Barack for the loss of services, consortium, society, companionship and intimate relations that she has suffered due to the enhanced injuries suffered by her spouse Ron Barack?

$\$$ _____

Proceed to Question 10.

**Punitive Damages**
*(Plaintiffs' Interrogatories)*

7. If you found in favor of plaintiffs above, please answer the following:

    Do you find that Honda's decision to intentionally set the rollover sensor to <u>not</u> deploy the side curtain airbag in a low speed rollover such as Mr. Barack's to be reckless and outrageous conduct[15]?

    _____ Yes

    _____ No

The answer to question number 7 only must be unanimous.

**Punitive Damages**
*(Defendants' Interrogatory)*[16]

10. Have the Plaintiffs proven by a preponderance of evidence that the Defendants acted with reckless disregard for the safety of consumers, including Mr. Barack and that their conduct was so outrageous they should be punished by the award of punitive damages?

    _____ Yes

    _____ No

---

[15] **Defendants' Position**: The Defendants object to this Interrogatory on the basis that the Plaintiffs' description of the alleged negligent conduct of the Defendants is argumentative and confusing; and therefore, is unfairly prejudicial to the Defendants. In addition to improperly arguing a position, the description further mischaracterizes the evidence.
**Plaintiffs' Position**: Plaintiffs contend that Defendants' objection is pre-mature.

[16] **Defendants' Position**: As set forth in the Defendants' Motion *in Limine* to Preclude Evidence Relating to the Plaintiffs' Claim for Punitive Damages, [Docket No. 164, Exh. 17], the Defendants object to the issue of punitive damages being presented to the jury, as there is no evidence to support the imposition of punitive damages. Should this Court, however, determine that an Interrogatory on punitive damages is necessary, the Defendants propose the language set forth here. *See* General Statutes § 52-240b; *Collens v. New Canaan Water Co.*, 155 Conn. 477, 489 (1967); *Ames v. Sears, Roebuck and Co.*, 8 Conn.App. 642, 654 (1986).
**Plaintiffs' Position**: See Plaintiffs' response at FN 16 & 17.

Foreperson:

                                            _____   Date _____

      Your deliberations are complete.  Please notify the Court Security Officer in writing that you have reached a verdict.

Dated:  July 2, 2013

| RON BARACK AND<br>DONNA MOORE BARACK | HONDA MANUFACTURING OF ALABAMA, LLC,<br>AMERICAN HONDA MOTOR CO., INC., and<br>HONDA MOTOR CO., LTD |
|---|---|
| By their Attorneys | By their Attorneys |
| KREINDLER & KREINDLER LLP | CAMPBELL CAMPBELL EDWARDS<br>& CONROY, P.C., |
| ___/s/ Andrew Maloney_____<br>Noah H. Kushlefsky, Esq. (CT phv04526)<br>Andrew J. Maloney III, Esq. (CT15639)<br>750 Third Avenue<br>New York, NY  10017<br>Tel. No.:  (212) 687-8181<br>Fax No.: (212) 972-9432<br>amaloney@kreindler.com<br>nkushlefsky@kreindler.com | ___/s/ Michelle I. Schaffer_____<br>James M. Campbell (Juris # 09276)<br>Michelle I. Schaffer (Juris # 15607)<br>One Constitution Center<br>Boston, MA 02129<br>Tel. No. (617) 241-3000<br>Fax No.: (617) 241-5115<br>jmcampbell@campbell-trial-lawyers.com<br>mschaffer@campbell-trial-lawyers.com |