UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK, and DONNA MOORE BARACK, | ) ) ) ) | |
| Plaintiffs, | ) | 09-cv-00565 (TLM) |
| v. | ) ) | |
| AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | AUGUST 2, 2013 |

## THE DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE CONCERNING THE CAUSE OF THE CRASH

The plaintiffs' late[1] effort to exclude evidence concerning the cause of the accident, and in particular, evidence of plaintiff Ron Barack's causal negligence, is unsupported by the prevailing case law followed by lower courts in Connecticut in the absence of appellate authority on the issue and the view adopted by a majority of courts in other jurisdictions that such evidence is relevant and admissible in a crashworthiness case.  This Court should permit the defendants to introduce evidence concerning Mr. Barack's conduct with regard to the circumstances of the accident, including his operation of the vehicle at speeds and in a

---

[1]      Notably, the plaintiffs failed to file any motion *in limine* seeking preclusion of evidence of the cause of the accident or indicate that they planned to file such a motion, as required under this Court's Orders dated November 1, 2012 [Docket Entry 159] and January 11, 2013 [Docket Entry 167].  Further, the plaintiffs failed to object to an instruction on comparative fault in the Joint Jury Instructions, filed on December 17, 2012. [Docket Entry 164, Attachment 11]. The plaintiffs alerted the defendants and this Court to their objection regarding the introduction of evidence of the cause of the accident and any instruction to the jury on comparative fault for the first time in the Joint Jury Interrogatories [Docket Entry 197], filed with this Court on July 2, 2013 and again at the hearing on July 24, 2103.

manner unsafe for the slick road conditions, and to have the jury consider Mr. Barack's comparative fault as a proximate cause of his alleged injuries.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On March 20, 2006, at approximately 7:45 A.M., Mr. Barack was operating the subject 2006 Honda Odyssey on Old Farm Road in Weston, Connecticut when he was involved in a single vehicle accident.  It had snowed earlier that morning and the road was still wet and slippery.  Mr. Barack reported to the investigating Weston Police Officer, Officer Dann McInnis that "he lost control of the vehicle due to the slippery road conditions."  Officer McInnis traveled down the same road way as Mr. Barack shortly after the accident had occurred.  He made observations of the condition of the road surface.  He determined that reduced speeds were necessary in traversing the roadway.  At his deposition, Officer McInnis stated that he had concluded that excessive speed given the road conditions as well as the slippery surface of the roadway contributed to cause the accident.

The plaintiffs seek recovery in this action for injuries to Mr. Barack's left hand, claiming that the injuries were caused in the accident when the vehicle rolled on to the driver's side, the driver's side window fractured and Mr. Barack's hand contacted the roadway.  The plaintiffs have brought claims against the defendants under the Connecticut Products Liability Act in strict liability and negligence, alleging that the subject 2006 Honda Odyssey's side curtain airbag system was defective because it did not deploy in this accident.  The defendants deny a defect in the airbag system and further expect the evidence to show that side curtain airbag deployment is not designed to prevent injuries to upper

extremities and that even had the side curtain airbag deployed, Mr. Barack may nonetheless have sustained the alleged injuries.

On December 17, 2012, the plaintiffs filed a Motion *In Limine* To Preclude Officer Dann Mcinnis From Testifying Regarding The Speed Of The Vehicle And The Cause Of The Accident And To Preclude Any Portion Of His Police Report On Those Matters, in accordance with the Court's Order dated November 1, 2012. [Docket Entry 164, Attachment 7]. The plaintiffs later alerted the Court at a hearing on July 24, 2013 that they in fact sought preclusion of all evidence relating to causation of the underlying accident, and objected to any instruction on comparative fault. At this Court's request, the plaintiffs have submitted a supplemental motion *in limine* on this issue. For the reasons set forth below, the defendants are entitled to present to the jury evidence concerning the cause of the collision and Mr. Barack's causative fault related thereto. The plaintiffs' motion *in limine* should be denied.

## ARGUMENT

A.   Under Connecticut Law, Comparative Fault is Relevant in All Actions
     Brought Under the Product Liability Act

The plaintiffs have argued erroneously that the cause of the subject accident, including any fault on the part of plaintiff Ron Barack for the accident, is irrelevant for the purposes of resolving their crashworthiness claim because they seek recovery only for the enhanced injury allegedly caused by the alleged product defect. In making this argument, the plaintiffs have ignored completely the broad language of Connecticut General Statutes § 52-572o, which states that "in *any* claim under [the product liability act], the comparative responsibility of, or attributed to, the claimant, shall not bar recovery but shall diminish the

3

award of compensatory damages proportionately, according to the measure of responsibility attributed to the claimant." C.G.S.A. §52-572o (emphasis added). In Connecticut, the Product Liability Act governs all product liability claims. See C.G.S.A. §52-572o; Bravo v. Ford Motor Co., CV000594807, 2001 WL 477275, *1 (Conn. Super. Ct. Apr. 16, 2001). According to the plain language of the statute, the plaintiff's comparative fault is to be considered by the jury in all claims brought under the Product Liability Act, including in crashworthiness claims. Contrary to the plaintiffs' argument, no exception has been carved out by either the legislature or Connecticut's appellate courts for crashworthiness claims. In fact, the statute does not in any way distinguish between product liability crashworthiness cases and other product liability cases. Accordingly, there is no basis for excepting out in crashworthiness cases the defendant's right to have the jury consider the plaintiff's causal role for the accident which resulted in the alleged injuries. See Bravo, *supra* at *1("On its face, § 52-572o expressly applies to all product liability actions. No exception is provided for that class of product liability actions, such as the present one, brought under the theory of enhanced injury"); see also Montag by Montag v. Honda Motor Co., Ltd., 75 F.3d 1414, 1419 (10th Cir. 1996) (rejecting the plaintiff's position that Colorado Revised Statutes § 13-21-406, which applied to "any product liability action" did not apply to crashworthiness cases); Smith v. Toyota Motor Corp., 105 Fed. Appx. 47, 50 (6th Cir. 2004)("[K.R.S.] [s]ection 411.182 clearly indicates that an apportionment of fault is required in all tort actions, including product liability actions"). The plaintiffs' position, therefore, is directly at odds with the plain language of the Product Liability Act which expressly provides for the

jury to consider the plaintiff's comparative fault in any product liability action which would include those brought for enhanced injury such as in this case.

> **B.** **The Jury May Properly Consider the Cause of the Subject Accident as a Proximate Cause of the Plaintiffs' Claimed Injuries**

The crashworthiness doctrine recognizes the duty of the motor vehicle manufacturer "to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of collision." Bravo, *supra* at *1 (quoting Larsen v. General Motors Corp., 391 F.2d 495, 503 (8th Cir. 1968)).  Therefore, a motor vehicle design defect that does not cause the accident would not subject the manufacturer to liability for the entire damage, but rather, only for that portion of the damage over and above the damage that probably would have occurred as a result of the collision absent the defective design. Bravo, *supra* at *1 (citing Larsen, 391 F2.d at 503).

The plaintiffs argue that because they seek recovery for *only* those *enhanced injuries* that allegedly resulted from a defect in the subject vehicle, the cause of the accident is irrelevant.  The plaintiffs cite for this proposition, in the absence of Connecticut appellate authority on the issue, one Federal District of Connecticut opinion, Giannini v. Ford Motor Co., 616 F. Supp. 2d 219 (D. Conn. 2007), and an older Connecticut Superior Court case. See Foster v. Am. Honda Motor Co., Inc., CV 950128535, 1996 WL 397708 (Conn. Super. Ct. July 2, 1996).  Relying on these two cases for support, the plaintiffs argue that the cause of the accident is separate and distinct from the "direct" cause of the enhanced injuries, and should therefore not be considered by the jury.  For the reasons set forth below, the defendants respectfully argue that these cases are not controlling for this case, and further, represent a minority view of the courts that have addressed this issue.  In fact, the majority

5

of courts that have considered this issue, including other Connecticut Superior Courts, have ruled in favor of permitting evidence on the cause of the underlying accident and instructing the jury on comparative fault, and have done so based on long established principles of proximate causation.  See Bravo, *supra* at *3-4; Trust Corp. of Montana v. Piper Aircraft Corp., 506 F. Supp. 1093, 1098 (D. Mont. 1981)(finding that negligent conduct of pilot must be considered in a crashworthiness claim against the aircraft manufacturer); Hinkamp v. Am. Motors Corp., 735 F. Supp. 176, 178 (E.D.N.C. 1989) aff'd, 900 F.2d 252 (4th Cir. 1990)(finding that plaintiff's intoxication is contributory negligence which may be taken into account in a crashworthiness case); Day v. Gen. Motors Corp., 345 N.W.2d 349, 358 (N.D. 1984)(ruling that plaintiff's percentage of fault in causing the underlying accident should be determined and applied so as to reduce or defeat plaintiff's recovery in crashworthiness case); Dahl v. Bayerische Motoren Werke (BMW), 304 Or. 558, 568, 748 P.2d 77, 83 (1987)(finding that all of plaintiff's conduct that contributed to injuries, including failure to wear a seat belt, may be considered in a comparative fault reduction in crashworthiness case).  This majority view recognizes that the argument to exclude the comparative fault of the plaintiff in causing the underlying accident rests on a flawed proposition: that the alleged defect is the *sole proximate cause* of the enhanced injuries.  See Bravo, *supra* at *4.  There is nothing in the crashworthiness doctrine to support this contention, however, as the crashworthiness doctrine acts mainly to preserve a cause of action for the plaintiff where an alleged defect did not cause the underlying accident and to limit the manufacturer's potential liability to only those enhanced injuries allegedly caused by the defect.  See Bravo, *supra* at *2; see also Larsen, 391 F2.d at 503.  Courts adopting the majority view further have recognized

that the minority view's reasoning that the alleged defect can be the *only* proximate cause of the plaintiff's enhanced injuries goes against established principles of causation, which recognize that there may be multiple proximate causes of an injury.  See Bravo, *supra* at *4 (quoting Meekins v. Ford Motor Co., 699 A.2d 339, 345 (Del. Super. 1997)("Our tort law has historically recognized the fact that there may be more than one proximate cause of an injury")); see also Harsh v. Petroll, 584 Pa. 606, 623, 887 A.2d 209, 219 (2005)("In summary, although crashworthiness theory establishes a basis to support manufacturer liability for enhanced injury, it does not require that a manufacturer be the exclusive cause of such injury, nor does it diminish the causal link that exists between an initial collision and all resultant harm"); Gen. Motors Corp. v. Lahocki, 286 Md. 714, 735, 410 A.2d 1039, 1050 (1980)("This argument fails to recognize that there may be more than one proximate cause of injuries").

The proximate cause of the injuries to Mr. Barack's left hand is a key issue for the jury to decide.  Sapko v. State, 305 Conn. 360, 373 (2012) (citing First Federal Savings & Loan Assn. of Rochester v. Charter Appraisal Co., 247 Conn. 597, 604 (1999)).  Contrary to the plaintiffs' assertions, the defendants do in fact argue that the ejection of Mr. Barack's hand and any related injuries were proximately caused by his failure to exercise care in the operation of the vehicle which resulted in the rollover, and further, that side curtain airbag deployment likely would not have prevented any such injuries.  As the majority of the courts considering this issue have reasoned, excluding evidence on the cause of the accident and denying the defendant the opportunity to have the jury consider a plaintiff's comparative fault improperly removes the issue of proximate cause from the jury, in contravention of

long-standing principles of tort.  <u>Bravo</u>, *supra* at \*2; <u>Meekins</u>, 699 A.2d at 340-47; <u>see also</u>

<u>Archambault v. Soneco/Ne., Inc.</u>, 287 Conn. 20, 33 (2008) (quoting <u>Label Systems Corp. v.</u>

<u>Aghamohammadi</u>, 270 Conn. 291, 321 (2004)("The question of proximate causation

generally belongs to the trier of fact because causation is essentially a factual issue"));

<u>Stewart v. Federated Dep't Stores, Inc.</u>, 234 Conn. 597, 611 (1995)("Proximate cause

becomes a conclusion of law rather than a question of fact for the jury only when the mind

of a fair and reasonable person could reach only one conclusion").  The majority view is

consistent with established tort principles in Connecticut and should be applied here.

> C.      <u>The Trend in Connecticut State Court is Adoption of the Majority View to</u>
> <u>Permit Consideration of Evidence of Causation of the Underlying Accident</u>
> <u>and Comparative Fault in Crashworthiness Cases</u>

Although the Connecticut Supreme Court has not addressed the issue of whether

evidence of the plaintiff's comparative fault is admissible in crashworthiness or enhanced

injury cases, three Connecticut Superior Court judges have squarely addressed the issue.

<u>See</u> <u>Davis v. Daimler Chrysler Corp.</u>, HHDX04CV065015721S, 2009 WL 323428, \*2

(Conn. Super. Ct. Jan. 12, 2009); <u>Bravo</u>, *supra* at \*4-6; <u>Foster</u>, *supra* at \*2-3.  In <u>Bravo</u>, and

more recently in <u>Davis</u>, these Connecticut Superior Court judges adopted the majority view

held by other jurisdictions (and in doing so expressly rejected the rationale used by the

Court in <u>Foster</u>) that "a plaintiff's comparative negligence in causing the initial collision is a

proper issue in an enhanced injury action." <u>Davis</u>, *supra*, at \*3 (citing <u>Bravo</u>, *supra*, at \*3).

For representative majority view rulings, <u>see also</u> <u>Whitehead v. Toyota Motor Corp.</u>, 897

S.W.2d 684, 693 (Tenn. 1995)(ruling that comparative fault principles apply to enhanced

injury cases); <u>Montag</u>, 75 F.3d at 1419(applying Colorado law)(rejecting the plaintiff's

position that Colorado Revised Statutes § 13-21-406, which applied to "any product liability action" did not apply to crashworthiness cases); <u>Harvey by and through Harvey v. General Motors Corp.</u>, 873 F.2d 1343, 1349-52 (10th Cir. 1996) (applying Wyoming law)(finding that plaintiff's recklessness, both as to excessive drinking and unsafe driving, was relevant to the question of plaintiff's own negligence in crashworthiness case); <u>Dannenfelser v. Daimler Chrysler Corp.</u>, 370 F.Supp.2d 1091, 1094-97 (D.Haw. 2005) (applying Hawaii law)(finding that defendant may assert a defense of comparative negligence to plaintiffs negligence and strict liability claims in crashworthiness case); <u>Meekins</u>, 699 A.2d at 340-47 (holding that evidence of the plaintiff's comparative fault in causing the initial accident was admissible in crashworthiness case).

The <u>Bravo</u> case, followed by the <u>Davis</u> case in 2009, provides the most complete statement of the law by a Connecticut court of the potential relevance of comparative fault in enhanced injury cases. The <u>Bravo</u> court, after considering the minority view as expressed in <u>Foster</u>, settled on the majority view as the "better reasoned approach", and permitted evidence of the plaintiff's comparative fault in causing the accident. <u>Bravo</u>, *supra* at \*4, 6 (citing <u>Foster</u>, *supra* at \*2-3). As noted by the court in <u>Bravo</u>, under this majority approach, courts have rejected the premise that the initial accident and the crashworthiness impact, sometimes referred to as the second collision, are "separate events with unrelated causative factors." <u>Bravo</u>, *supra* at \*3. The "modern trend rejects this piecemeal approach, focusing the inquiry on the product design as an integrated whole and considering all the factors which contribute to the event which causes the injury." <u>Id.</u> (internal quotation omitted). In such a situation, "the collision, the defect, and the injury are interdependent and should be viewed as a combined event." <u>Id.</u> (internal

quotation omitted).  Essentially, "[c]omparative causation is especially appropriate in crashworthiness cases where the product defect causes or enhances injuries but does not cause the accident . . . [because] it is a combination of factors that causes the plaintiff's injuries," including any negligent acts committed by the plaintiff".  Id. (internal quotations omitted).

The Bravo court's analysis is particularly applicable here, where Mr. Barack's injuries occurred during a rollover crash sequence.  Here, the argument that the collision and the alleged crashworthiness impact are two collisions with "unrelated causative factors" is especially contrived as the plaintiff's injuries were sustained in a rollover accident, with no discernible first and second collisions.  As the accident itself was one continuous event, it is impossible to separate the causation of the accident from the causation of the plaintiff's enhanced injuries. This is particularly so here because the jury will be presented with evidence that side curtain airbag deployment may not protect an occupant from a partial ejection of an extremity in a rollover.

The Davis case, adopting the reasoning set forth in Bravo and the majority view on this issue, represents the most recent Connecticut case resolving the issue currently before the Court.  When considered with Bravo, it appears that Connecticut courts are aligning with the majority view that the comparative negligence of a plaintiff in causing an underlying accident is relevant and admissible in a crashworthiness case.

D.    The Plaintiffs' Reliance on Giannini v Ford Motor Co. is Misplaced,

The plaintiffs principally rely on Giannini for the proposition that under Connecticut law, causation of the underlying accident is irrelevant and not properly considered in a crashworthiness case.  The plaintiffs' reliance is misplaced, however, as Giannini was decided on the basis of a specific set of facts, distinct from those at issue here, without any

significant discussion on the issue and without any attempt to predict the bright line rule that

a Connecticut Appellate Court might adopt.  See 616 F. Supp. 2d at 222.  The Giannini court

further appears to have relied in large part on a misguided reading of the Restatement

(Third) of Torts.  See id.  The Giannini court purportedly quotes the Restatement:

> "[t]he more difficult issue is whether the plaintiff's negligent conduct leading to the
> underlying accident should be a subject of comparative fault in determining liability
> for increased harm. The courts are sharply split on this issue . . . . In enhanced injury
> cases, unlike ordinary products liability cases, a claimant's fault in causing the
> accident is not a basis for reducing his recovery."

Id. (quoting Restatement (Third) of Torts: Prod. Liab. § 16, cmt. f (1998)).  The Giannini

court further states that the Restatement "expressly provides that a plaintiff's comparative

negligence in causing a given collision 'is not a basis for reducing his recovery' in enhanced

injury cases, 'unlike ordinary products liability cases.'"[2]  Id. (citing Restatement (Third) of

Torts: Prod. Liab. § 16, cmt. f (1998)).  This purported quotation from the Restatement, and

the Giannini court's conclusions based thereon, are misleading, however, as the Restatement

in fact states just the opposite:

> The contributory fault of the plaintiff in causing an accident that results in defect-
> related increased harm is relevant in apportioning responsibility between or among
> the parties, according to applicable apportionment law.

Restatement (Third) of Torts: Prod. Liab. § 16, cmt. f (1998).  The statement that the

Giannini Court incorrectly attributes to the Restatement is actually from a 1984 North

Carolina Law Review Article, included in the Restatement's discussion of comment f to

illustrate the jurisdictional split on the issue.  See Restatement (Third) of Torts: Prod. Liab. §

---

[2]     The plaintiffs also cite to this statement by the Giannini court as support for their position that a
plaintiff's comparative fault in causing the underlying accident is irrelevant.  Plaintiff's Motion In Limine to
Exclude All Evidence Concerning the Cause of the Crash [Docket Entry 201, page 3].

16, cmt. f (1998); Thomas V. Harris, <u>Enhanced Injury Theory: An Analytic Framework</u>, 62 N.C. L. Rev. 643, 673 (1984); <u>see</u> <u>also</u> <u>Davis</u>, *supra* at *3 ("The plaintiff's reference to <u>Giannini</u> . . . is unpersuasive. That ruling mistakenly cites a law review article, which is quoted in the Reporter's Note to the Restatement's § 16, comment f, as part of a summary of the minority view, as representing the comment of the Restatement").  Accordingly, the <u>Giannini</u> court's ruling, based at least in part on a mistaken reading of the Restatement, should not be considered by this Court.  The <u>Davis</u> court recognized this fact and quickly dismissed the plaintiff's argument that <u>Giannini</u> supported his position that the comparative fault of the plaintiff in causing a motor vehicle accident is irrelevant in crashworthiness cases.  This Court should do the same.

      E.    <u>The Adoption within the Restatement (Third) of Torts of the Majority View is Instructive</u>

The adoption of the majority view within the Restatement (Third) of Torts, Product Liability (Restatement) should be persuasive to the Court here.  <u>See</u> <u>Davis</u>, *supra* at *3. Importantly, the Connecticut Supreme Court has frequently looked to the Restatement of Torts as an authority.  <u>See</u> <u>Hurley v. Heart Physicians, P.C.</u>, 278 Conn. 305, 316 (2006) (relying on the Restatement (Second) of Torts § 402A, comment (k)); <u>Vitanza v. Upjohn Co.</u>, 257 Conn. 365, 376  (2001)(relying on Restatement (Second) of Torts § 402A); <u>Stewart v. Federated Dep't Stores, Inc.</u>, 234 Conn. 597, 607 (1995)(relying on the Restatement (Second) of Torts § 435(1); <u>Davis</u>, *supra,* at *3(relying on Restatement (Third) of Torts: Prod. Liab. § 16) (citing <u>Viera v. Cohen</u>, 283 Conn. 412, 427 (2007)(relying on Restatement (Third) of Torts: Apport. Of Liab. § 24A)).

Again, the Restatement's position is reflected in § 16, comment (f), which states, "the contributory fault of the plaintiff in causing an accident that results in defect-related increased harm is relevant in apportioning responsibility between or among the parties, according to applicable apportionment law." Restatement (Third) of Torts: Prod. Liab. § 16 (1998); see Davis, supra at *3. The Restatement acknowledges that a split in authority exists, but states that the majority of courts that have reached the issue have allowed the introduction of plaintiff's conduct as comparative fault in a crashworthiness context. Restatement (Third) of Torts: Prod. Liab. § 16 (1998).

Further, the history of the Restatement's position is instructive on this issue, as the first draft of the proposed Restatement (Third) of Torts had originally set forth the minority view that, in enhancement cases, the plaintiff's fault in causing the accident constitutes an exception to the general apportionment rule set forth in the draft of the Restatement. See Restatement (Third) of Torts § 6 cmt. f, note 5 (Tentative Draft No. 1, Apr. 12, 1994); William J. McNichols, The Relevance of the Plaintiff's Misconduct in Strict Tort Products Liability, The Advent of Comparative Responsibility, and the Proposed Restatement (Third) of Torts, 47 Okla. L. Rev. 201, 275 (Summer 1994)(hereinafter "McNichols, Plaintiff's Misconduct"). The controversy that followed publication of the Draft Restatement spurred the American Law Institute to reverse its position in the Second Draft of the Restatement (Third) of Torts. McNichols, Plaintiff's Misconduct at 275 (citing Restatement (Third) of Torts: ALI Members Put Off Approval Until 1995 of Major Product Liability Provisions, 22 Prod. Safety & Liab. Rep. (BNA) 521, note 6 (May 20, 1994)). The example upon which much of the debate focused was that allowing an exception from apportionment would mean that the drunk driver, whose fault would be relevant

13

as to liability of other negligent persons who caused the initial accident, would recover full

enhancement damages against the product defendants.  Id.  The American Law Institute was

further unable to provide sufficient justification for such an exception from application of

comparative fault in crashworthiness cases.  See McNichols, Plaintiff's Misconduct at 288

(citing John M. Thomas, Comparative Fault in Crashworthiness or "Second Collision" Cases, 22

Prod. Safety & Liab. Rep. (BNA) 540, 541-45 (May 20, 1994)).  The consideration and ultimate

rejection of the minority view by the American Law Institute is instructive of the problems

inherent in the minority view.

CONCLUSION

Accordingly, the defendants should be permitted to introduce evidence regarding the cause of the subject accident, and to have the jury consider Mr. Barack's causal negligence related thereto.  The plaintiffs' Motion *In Limine* To Exclude All Evidence Concerning The Cause Of The Crash should be denied.

HONDA MANUFACTURING OF ALABAMA, LLC,
AMERICAN HONDA MOTOR CO., INC., and
HONDA MOTOR CO., LTD.

By their Attorneys
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.,


     /s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA  02129
Tel. No.  (617) 241-3000


CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY  10017

     /s/ Michelle I. Schaffer
Michelle I. Schaffer