UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK,<br>and DONNA MOORE BARACK, | ) ) ) ) | |
| Plaintiffs, | ) ) | 09-cv-00565 (TLM) |
| v. | ) ) | |
| AMERICAN HONDA MOTOR<br>COMPANY, INC., and HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | AUGUST 2, 2013 |

**THE DEFENDANTS' SUPPLEMENTAL FILING IN OPPOSITION TO THE
PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE OFFICER DANN MCINNIS
FROM TESTIFYING REGARDING THE SPEED OF THE VEHICLE AND THE
CAUSE OF THE ACCIDENT AND TO PRECLUDE ANY PORTION OF HIS
POLICE REPORT ON THOSE MATTERS**

The defendants, American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda

Manufacturing of Alabama LLC (collectively "the defendants"), respectfully file this

supplemental memorandum to address matters raised during the July 24, 2013 hearing

regarding the anticipated testimony of Weston Police Officer Dann McInnis. As a

preliminary matter, the defendants wish to alert the Court and counsel that they are unaware

of any additional information that would be elicited from Officer McInnis through an

evidentiary hearing. Accordingly, to avoid any unnecessary burden to the Court and

counsel, they would suggest that the *Daubert* hearing scheduled by this Court for August 28,

2013 be cancelled. Moreover, in follow up to the Court's inquiry at the July 24, 2013

hearing, the defendants assert that because Officer McInnis' investigation consisted of observations at the accident scene, his experience driving on the same road as plaintiff Ron Barack soon after the accident and his conversation with Mr. Barack, his opinion testimony based thereon is properly admitted as lay opinion testimony.

     I.     A *Daubert* Hearing is Unlikely to be Beneficial.

The defendants wish to advise the Court and counsel that they do not believe that a *Daubert* hearing will elicit any additional facts beyond those described below, supporting the admission of Officer McInnis' opinion that Mr. Barack's excessive speed for the road conditions contributed to cause the accident. Because it is unlikely that additional facts or information would be elicited through a *Daubert* hearing, the defendants believe that the hearing should be cancelled to avoid an unnecessary waste of judicial resources and expenditure of time by the parties.

     II.     A Summary of Officer McInnis' Anticipated Testimony

Officer McInnis' response to the accident included the following: In response to a 911 call, Officer McInnis was dispatched to the accident scene arriving there at approximately 7:56 AM. (Deposition Transcript of Officer McInnis, June 2, 2010 ("Officer McInnis Deposition") p. 86, cited portions attached as Exhibit A.) Officer McInnis traveled the same roadway as Mr. Barack had and arrived at the accident scene shortly after the accident. (Id. at 28.) In the course of his investigation, Officer McInnis spoke to Mr. Barack who confirmed for him that he lost control of the vehicle due to the slippery road

surface.[1]  (Id. at 78.)  As a result of this conversation, Officer McInnis noted in the Accident

Report that "operator stated he lost control of the vehicle due to the slippery road

conditions."  (Id.)  As a result of his observations at the scene including the weather

conditions, the road conditions as impacted by the weather, the topography of the roadway,

driveability issues related to the roadway conditions, *inter alia*, through his own experience

operating and maintaining control over his vehicle as he drove on the same roadway where

Mr. Barack lost control of his vehicle, the position and location of Mr. Barack's vehicle

after it came to rest, the damage to objects such as guideposts and wiring at the scene

revealing the travel of the vehicle and damage to the subject vehicle, Officer McInnis

concluded that excessive speed given the road conditions as well as the slippery surface of

the roadway contributed to cause the accident.  (See id. at 68-69.)  The Accident Report

documents his conclusion that the slippery surface of the roadway was a contributing cause

of the accident with the notation 09 in the W box for "Contributing Factor."  (Id. at 68;

Accident Report, attached as Exhibit B.)  Officer McInnis testified in his deposition that he

noted only the slippery surface of the roadway as a contributing cause in the Accident

Report because there was only space for one code entry. (Officer McInnis Deposition, pp.

68-69.)  The conclusions reached by Officer McInnis, some of which are documented in the

Accident Report, are based on his observations at the scene of the accident.

---

[1]      The plaintiffs asserted in their Motion *In Limine* to Preclude Officer Dann McInnis From Testifying
Regarding The Speed Of The Vehicle And The Cause Of The Accident And To Preclude Any Portion Of His
Police Report On Those Matters [Docket Entry 164, Attachment 7] that Officer McInnis did not have any
conversation with Mr. Barack about his operation of the vehicle at the time of the accident, yet cited to the
portion of Officer McInnis' deposition testimony in which he states that Mr. Barack told him at the accident
scene that he lost control due to the slippery surface of the roadway.

III.     Officer McInnis' Anticipated Testimony is Admissible under Fed. R. Evid.
         701, as Lay Opinion Testimony.

Lay witnesses may offer opinion testimony if it is (a) rationally based on the

witness's perception; (b) helpful to clearly understand the witness's testimony or to

determine a fact in issue; and (c) not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702.  Fed. R. Evid. 701; Lightfoot v. Union Carbide

Corp., 110 F.3d 898, 911 (2d Cir. 1997).  The anticipated testimony of Officer McInnis

meets these criteria.

   A.  Officer McInnis' Anticipated Testimony is Rationally Based on His Perceptions
       of the Accident Scene.

Officer McInnis is expected to testify about the observations he made and the

information he gathered in connection with his response to the accident scene.  As such

matters would all be within his personal knowledge, there can be no dispute that such

matters are the proper subject of lay witness testimony.  Fed. R. Evid. 602; Fed. R. Evid.

701; United States v. Cuti, 11-3756, 2013 WL 3197796, *4 (2d Cir. June 26, 2013)(finding

that testimony based on personal knowledge is properly admitted as factual testimony, or

alternatively as lay opinion under Federal Rule of Evidence 701); United States v. Ortiz, 08

CR 548 DC, 2013 WL 3863888 (S.D.N.Y. July 25, 2013) (citing Folio Impressions, Inc. v.

Byer Cal., 937 F.2d 759, 764 (2d Cir.1991))("witness has personal knowledge if he testified

from general observation and knowledge, and not upon conjecture or hearsay").

In addition to the observations he made and the information he gathered, the

defendants would also have Officer McInnis testify to the conclusion that he reached based

4

upon his own observations and the information he gathered that the speed for the conditions contributed to cause the accident.  The conclusion reached by Officer McInnis is "rationally based on his perceptions" at the accident scene; and therefore, is properly considered admissible lay opinion testimony.  United States v. Yannotti, 541 F.3d 112, 125 (2d Cir. 2008); Lightfoot, 110 F.3d at 911; United States v. Awadallah, 401 F. Supp. 2d 308, 314 (S.D.N.Y. 2005) aff'd, 436 F.3d 125 (2d Cir. 2006).

Lay opinion testimony is especially appropriate when the factual basis for the opinion is of a multifaceted nature.  See Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g, 57 F.3d 1190, 1196 (3d Cir. 1995) (citing Stephen A. Saltzburg et al., Federal Rules of Evidence Manual 1032 (6th ed. 1994)("As recognized by Professor Saltzburg, testimony that a person was "excited" or "angry" is more evocative and understandable than a long physical description of the person's outward manifestations).  The Second Circuit has explained the admission of lay witness testimony as a sort of "shorthand" for the various perceptions of the witness.  U.S. v. Garcia, 413 F.3d 201, 211-12 (2d Cir. 2005); United States v. McDarrah, 351 F. App'x 558, 562 (2d Cir. 2009)("Rule 701 testimony is based on personal perceptions—interpretations that function as an acceptable shorthand for the rendition of facts that the witness personally perceived") (internal quotations omitted); Awadallah, 401 F. Supp. 2d at 314 (citing Kerry Coal Co. v. United Mine Workers, 637 F.2d 957, 967 (3d Cir. 1981))(holding that testimony that plaintiff's employees were "nervous and afraid" was mere shorthand report of witness's observations of employee reactions).  Illustrative of this rationale is the following example posed by the Court of Appeals for the Second Circuit:

> To illustrate: when an undercover agent participates in a hand-to-hand drug exchange with a number of persons, the agent may well testify that, in his opinion, a particular participant, "X," was the person directing the transaction. Such an opinion is based on his personal perception of such subjective factors as the respect various participants showed "X," their deference to "X" when he spoke, and their consummation of the deal only upon a subtly signaled approval by "X." By allowing the agent to state his opinion as to a person's role in such circumstances, Rule 701 affords the jury an insight into an event that was uniquely available to an eyewitness. In this respect, the rule recognizes the common sense behind the saying that, sometimes, "you had to be there."

Garcia, 413 F.3d at 211-12.  Like the example, *supra*, Officer McInnis' opinion that

excessive speed for the road conditions contributed to cause the accident is shorthand for the

multitude of first-hand observations he made at the scene of the accident and just prior to

arriving at the scene of the accident that informed his opinion.  Where an adequate

description of his experience driving to the accident scene and observations at the accident

scene is not easily conveyed to the jury, shorthand opinion testimony rationally based on the

witness' perceptions is properly admitted.  See Asplundh Mfg. Div., 57 F.3d at 1197

(quoting United States v. Skeet, 665 F.2d 983, 985 (9th Cir. 1982))("If it is impossible or

difficult to reproduce the data observed by the witnesses, or the facts are difficult of

explanation, or complex, or are of a combination of circumstances and appearances which

cannot be adequately described and presented with the force and clearness as they appeared

to the witness, the witness may state his impressions and opinions based upon what he

observed. It is a means of conveying to the jury what the witness has seen or heard"); Am.

Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc., CV 05-5155 (AKT), 2010 WL

741971, *2 (E.D.N.Y. Feb. 23, 2010)("Lay witnesses are permitted to testify to their

opinions when those opinions are based on a combination of their personal observations of

the incident in question and background information they acquired through their personal observations")(internal quotations omitted).

To the extent that the plaintiffs question the bases on which Officer McInnis formed his opinions, the plaintiffs are free to explore any such perceived deficiencies on cross-examination.  The plaintiffs' ability to cross-examine Officer McInnis and offer contrary evidence further supports admission of Officer McInnis' testimony as lay opinion testimony. As other circuits have noted, the modern trend favors admission of lay opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.  See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1175 (3d Cir. 1993); United States v. Paiva, 892 F.2d 148, 157 (1st Cir. 1989); Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980).  The Second Circuit has likewise "interpreted the scope of permissible testimony under Rule 701 broadly".  Am. Mfrs. Mut. Ins. Co., *supra* at *1 (citing United States v. Ferguson, No. 06-CR-137, 2007 WL 4556625, at *2 (D. Conn. Dec. 20, 2007).

### B. Officer McInnis' Anticipated Testimony is Helpful to the Jury to Determine a Fact in Issue

The Second Circuit has explained that this "helpfulness requirement is designed to provide assurance against the admission of opinions which would merely tell the jury what result to reach." Lightfoot, 110 F.3d at 912 (internal quotations omitted); see also United States v. Rea, 958 F.2d 1206, 1215-16 (2d Cir. 1992)("if attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by Rule 701")(internal quotations omitted).  However, even where the opinion goes to a central inquiry in the case, the testimony is admissible as long

7

as it has a sufficient factual basis.  See Lightfoot, 110 F.3d at 912.  As Officer McInnis'

anticipated testimony merely includes observations and the information he gathered in his

response to the accident, as well as general conclusions as to contributing factors which

caused Mr. Barack's accident, his testimony does not "tell the jury what result to reach," and

is therefore helpful to the jury in determining the cause of the underlying accident.

     C.   Officer McInnis Testimony Does Not Depend on Scientific, Technical, or Other
           Specialized Knowledge Within the Scope of Rule 702

     Officer McInnis can properly provide lay testimony, as his factual observations and

opinions as to the cause of the accident do not need to be based on "scientific, technical or

other specialized knowledge."  Although Officer McInnis is indisputably qualified to serve

as an expert witness in accident reconstruction, his anticipated opinion testimony is based

solely on observations at the scene of the accident and his conversation with Mr. Barack as

to the cause of the accident.  The Second Circuit has held that as long as opinions do "not

depend on the sort of specialized training that scientific witnesses or statisticians rely upon

when interpreting the results of their own experiments or investigations," some degree of

specific, industry-related knowledge will not disqualify lay opinion testimony.  United

States v. Rubin/Chambers, Dunhill Ins. Servs., 828 F. Supp. 2d 698, 704 (S.D.N.Y. 2011);

see also Bank of China, New York Branch v. NBM LLC, 359 F.3d 171, 181 (2d Cir.

2004)("The fact that [witness] has specialized knowledge, or that he carried out the

investigation because of that knowledge, does not preclude him from testifying pursuant to

Rule 701, so long as the testimony was based on the investigation and reflected his

investigatory findings and conclusions, and was not rooted exclusively in his expertise");

Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 111 (2d Cir.

2002)(finding that a computer programmer's opinion testimony was rationally based on his perceptions as supervisor and as a person who worked on the two programs at issue, and he therefore did not need to satisfy the requirements for expert testimony under Fed. R. Evid. 702); Am. Mfrs. Mut. Ins. Co., *supra* at *1 ("Rule 701 does not distinguish between expert and lay witnesses, but rather between expert and lay testimony")(internal quotations omitted); Garcia, 413 F.3d at 215 ("in considering the third prerequisite for lay opinion testimony, a court must focus on "the reasoning process" by which a witness reached his proffered opinion").

<u>CONCLUSION</u>

Accordingly, the defendants do not believe that the *Daubert* Hearing currently scheduled for August 28, 2013 will be of benefit to the Court in addressing the admissibility of Officer McInnis' testimony as it is unlikely to yield new information.  Further, the specific testimony at issue is nonetheless admissible as lay opinion testimony.

HONDA MANUFACTURING OF ALABAMA, LLC,
AMERICAN HONDA MOTOR CO., INC., and
HONDA MOTOR CO., LTD.

By their Attorneys
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.,

   /s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA  02129
Tel. No.  (617) 241-3000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY  10017

   /s/ Michelle I. Schaffer
Michelle I. Schaffer