UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| RON BARACK,<br>and DONNA MOORE BARACK,<br><br>                    Plaintiffs,<br>v.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC., and HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 09-cv-00565 (TLM)<br><br><br><br><br><br><br><br><br>AUGUST 16, 2013 |

**THE DEFENDANTS' SUPPLEMENTAL FILING IN RESPONSE TO THE
PLAINTIFFS' SUPPLEMENTAL SUBMISSION REGARDING EVIDENCE
OF OTHER ROLLOVER INCIDENTS**

The plaintiffs confirmed in their August 6, 2013 filing regarding evidence of other

rollover incidents, [Docket Entry 209], that they do not intend to introduce at trial

evidence of any specific incidents, claims or lawsuits.  The plaintiffs now state that they

seek only to introduce a 1998 NHTSA study on rollover accidents, entitled "An

Investigation of Occupant Injury in Rollover: NASS-CDS Analysis of Injury Severity

and Source by Rollover Attributes" (hereinafter "NHTSA Study").  The defendants

oppose the introduction of the study to the extent the plaintiffs offer it under the rubric of

other similar incident evidence as the study does not meet the criteria for such evidence.

Further, the defendants oppose the introduction of the study to the extent the plaintiffs

seek to use it to show "Honda's knowledge and state of mind", [Docket Entry 209, page 2] as the plaintiffs have no foundation for the admission of the study on that basis.[1]

## RELEVANT FACTS

The plaintiffs have identified in their August 6, 2013 Supplemental Response to Honda's Motion to Exclude Evidence of Other Rollover Incidents, a 1998 NHTSA Study which explores the frequency of rollover incidents and the resulting injuries, among various classes of vehicles. The study does not include information regarding the specific underlying accidents, including vehicle type, speed of vehicle, speed of rollover, nature of the accident, etc. Instead, the study merely analyzes data from a multitude of rollover accidents, making certain findings regarding the frequency of certain types of rollovers, injuries sustained by occupants, and how the injuries were sustained. The plaintiffs argue that they seek to introduce this study as well as their expert Geoff Mahon's testimony on the study to "simply show Honda's knowledge and state of mind prior to designing, manufacturing and selling the 2006 Honda Odyssey". [Docket Entry 209, page 2].

## ARGUMENT

### A.     The Study is Not Admissible as Evidence of Other Similar Incidents

The plaintiffs have identified this study in response to the defendants motion to preclude evidence of other similar incidents; the study does not constitute or contain admissible other similar incidents. As previously indicated by the defendants in their Motion *In Limine* To Preclude Evidence Concerning Other Incidents, Accidents, Claims And Lawsuits [Docket Entry 164, Attachment 13], evidence of other incidents offered to prove defect or notice of a defect is admissible only if the evidence establishes that the

---

[1]       The defendants concede that relevant studies may be admissible under Fed. R. Evid. 803(18) to the extent the necessary foundation is laid, and in fact, intend to seek the introduction of various studies under that rubric.

other incidents are substantially similar to the one which resulted in the case before the

Court. *See Callis v. Long Island Railroad Co.*, 372 F.2d 442, 444 (2d Cir. 1967); *Plough*

*v. Baltimore & O.R. Co.*, 164 F.2d 254, 256 (2d Cir. 1947); *Hartel v. Long Island Rail*

*Road Co.*, 476 F.2d 462, 464 (2d Cir. 1956) (excluding evidence of prior incidents); *see*

*also Barker v. Deere and Co.*, 60 F.3d 158, 162 (3d Cir. 1995); *Nachtseim v. Beech*

*Aircraft Corp.*, 847 F.2d 1261, 1268-69 (7th Cir 1988); *McKinnon v. Skil Corp.*, 638 F.2d

270, 277 (1st Cir. 1981); *Hayes v. Lane Construction Corp.*, 260 F.2d 279, 280 (2d Cir.

1958); *Hall v. Burns*, 213 Conn. 446, 452, 569 A.2d 10, 16 (1990) (excluding evidence of

prior incident).  This foundational requirement is especially important in cases where the

evidence is proffered to show the existence of a design defect.  *See Barker*, 60 F.3d at

162; *Nachtseim*, 847 F.2d at 1268-69.

    In order to make a reasoned determination as to whether a prior incident is

substantially similar, the Court must be apprised of the specific facts of the incident.  *See*

*McKinnon*, 638 F.2d at 277-78 (refusal to admit evidence of prior accidents was proper

where the plaintiff failed to show that the alleged similar incidents involved the alleged

defect); *Nachtsheim*, 847 F.2d at 1269 (court found too few established facts to permit a

comparison between the two accidents).  Absent this foundation, it is impossible for the

court to review the facts in order to make a determination as to similarity.  *See Barker*, 60

F.3d at 162; *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1009 (5th Cir. 1989) (upholding

refusal to admit evidence due to lack of evidence on crucial question of substantial

similarity).

    Here, the plaintiffs have sought to introduce as evidence an NHTSA Study which

analyzes a volume of data on rollover accidents, none of which is included in the actual

publication.  Accordingly, the NHTSA Study consists of summaries and findings relating to the accident data and does not include the type of individual accident specific information which might allow the evidence to be considered sufficiently similar to the subject accident to come in as "evidence of other similar accidents offered to prove defect".  Accordingly, the study could not be used for the evidential purposes permitted for evidence of other similar incidents.

> **B.    The Plaintiffs have Provided no Basis for the Admissibility of the Study to Show Honda's State of Mind**

The plaintiffs argue that the study is admissible, as it is not evidence of particularized crashes and is not being offered to prove the truth of the matter asserted, but instead to show Honda's knowledge and state of mind when designing, manufacturing and selling the 2006 Honda Odyssey.  The plaintiffs have provided no support for their contention that this study is evidence of Honda's state of mind.  The plaintiffs have not shown that Honda considered this study in its design of the 2006 Honda Odyssey, nor that the study was known to Honda or should have been known to Honda.  The defendants accordingly oppose the introduction of the study for this purpose, as the plaintiffs have failed to provide any support for their contention.

## CONCLUSION

The proffered NHTSA Study includes no information as to the specific characteristics of each of the several rollover accidents analyzed as part of the study, and the study is therefore inadmissible as evidence of other similar incidents offered to prove a defect.  The plaintiffs have further presented no evidence establishing that Honda knew

of or considered the proffered NHTSA study, and the defendants accordingly oppose introduction of the study for the purpose of showing Honda's knowledge or state of mind.

For these reasons, the defendants request that this Court preclude the plaintiffs from offering the NHTSA study for the purpose of proving a defect or Honda's state of mind.

HONDA MANUFACTURING OF ALABAMA, LLC,
AMERICAN HONDA MOTOR CO., INC., and
HONDA MOTOR CO., LTD.

By their Attorneys
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.,

  /s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA  02129
Tel. No.  (617) 241-3000
Fax No. (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY  10017

  /s/ Michelle I. Schaffer
Michelle I. Schaffer