UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK, and DONNA MOORE BARACK, | ) ) ) ) | |
| Plaintiffs, | ) ) | 09-cv-00565 (TLM) |
| v. | ) ) | |
| AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | AUGUST 16, 2013 |

**THE DEFENDANTS' MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFF RON BARACK'S TREATING PHYSICIANS BEYOND THE TREATMENT REPORTS REFERENCED IN THE PLAINTIFFS' JANUARY 14, 2011 EXPERT DISCLOSURE**

**INTRODUCTION**

The plaintiffs' previous counsel disclosed Dr. Michael Weinberger and Dr. Robert J. Strauch as treaters on January 14, 2011. The disclosure directed the defendants to certain treatment reports for the treating physicians' "facts and opinions." After the plaintiffs retained their current counsel, they sought leave to disclose these treaters as damages experts, which was denied by this Court. [Docket Entry No. 149]. As the plaintiffs were not permitted to disclose late these medical providers as retained experts, their testimony is accordingly limited to their role as treaters, as disclosed in January 2011. The plaintiffs now seek to have Dr. Weinberger and Dr. Strauch testify on the basis of treatment provided to the plaintiff in 2011 and 2012, treatment which was at no time disclosed to the defendants, and on the basis of the purported expert reports, improperly served on the defendants in June 2011. As previously addressed by

this Court in the context of the testimony of Sabrina Breed, the expert reports cannot qualify as summaries under Fed. R. Civ. P. 26(a)(2)(C), and Dr. Weinberger and Dr. Strauch should be barred from testifying to those matters included therein that were not included in the January 14, 2011 disclosure. Moreover, as the plaintiffs at no time supplemented their disclosures relating to Dr. Weinberger and Dr. Strauch's to inform the defendants of ongoing treatment, Dr. Weinberger and Dr. Strauch should be barred from testifying on the basis of these recent undisclosed treatment records. To allow testimony on the basis of the undisclosed treatment at this late date would unfairly prejudice the defendants, whose expert has not had the opportunity to review said treatment records.

## RELEVANT FACTS

The procedural history concerning the plaintiffs' failure to make timely disclosures is well known to the Court. Under the agreed upon schedule, endorsed by the Court, the plaintiffs were to disclose all experts by January 18, 2011. [Docket Entries Nos. 122 and 118)] The plaintiffs made a damages disclosure on January 14, 2011 which included Ron Barack's surgeon (Harvey Bluestein, M.D.), a hand surgeon from whom he obtained a second opinion (David Strauch, M.D.), a hand surgeon from whom he obtained a third opinion (Hill Hastings, M.D.), a pain management specialist (Michael Weinberger, M.D.) and an internist (David Mykoff, M.D.). (Plaintiffs' Damages Expert Disclosures, attached as Exhibit A.) For the contents of the disclosure, the plaintiffs referenced certain dated medical reports or records for these treaters. (Id.) For example, for Dr. Weinberger, the disclosure referenced his treatment report of June 9, 2006.[1] For Dr. Strauch, the disclosure references his treatment reports of April 27, 2006, May 16, 2006 and November 17, 2006.

---

[1] The treatment reports will be provided if helpful to the Court.

On March 15, 2011, after retaining new counsel, the plaintiffs moved for leave to disclose additional damages experts, seeking specifically to disclose Dr. Weinberger and Dr. Strauch as retained experts. [Docket Entry No.142]. In their motion, the plaintiffs repeatedly referenced the problems and shortcomings of the January 2011 expert disclosure[2]. The defendants opposed the motion. [Docket Entry No. 143]. The Court denied the motion by Order dated June 23, 2011. [Docket Entry No. 149]. Accordingly, the plaintiffs did not have leave to supplement the disclosure for Dr. Strauch or Dr. Weinberger. The plaintiffs filed a motion for reconsideration of the denial of their motion on June 28, 2011, again referencing the "inadequate" disclosures of Dr. Strauch and Dr. Weinberger as treating physicians. [Docket Entry No. 150, page 2]. In doing so, they included the export reports from each doctor now at issue. [See Id. Exhibit 1 and Exhibit 2] The defendants opposed the motion for reconsideration. [Docket entries Nos. 151, 152]. The defendants supplemented their opposition on July 18, 2011. [Docket Entry No. 153]. The plaintiffs filed a reply on July 21, 2011. [Docket Entry No. 154]. On March 30, 2012, this Court denied the plaintiffs' motion for reconsideration. (Docket Entry No. 157). Accordingly, the Court denied the plaintiffs leave to use the reports at issue.

On June 6, 2011, while their Motion was pending, the plaintiffs served on the defendants their Supplemental Expert Disclosures Designating Experts Robert J. Strauch and Dorra Blacker, CRC, LMHC. On June 8, 2011, the plaintiffs subsequently served on the defendants their Third Supplemental Expert Disclosures Designating Expert Michael Weinberger, M.D. At the time of service of the two expert reports, the plaintiffs had not been granted leave to disclose additional damages experts, and the plaintiffs' motion was later denied. As discussed at the time the

---

[2] Despite the Disclosure's deficiencies, including the plaintiffs' failure to summarize the facts and opinions to which treaters Dr. Weinberger and Dr. Strauch would testify, the defendants did not object to their testimony on the limited basis for which they were disclosed, as the entirety of Mr. Barack's treatment with each provider encompassed just a few records, and each of the records referenced from 2006 had already been provided to the defendants.

3

disclosures were made, the defendants did not take any action with regards to the untimely expert reports, as the plaintiffs had not been granted leave to make the late expert disclosures. Again, the denial of the motion for reconsideration precluded the use of these reports.

On August 11, 2011, prior to this Court's denial of their motion for reconsideration, the plaintiffs went ahead and served a disclosure of rebuttal damages experts, comprised of the same four expert reports, which therefore included Dr. Strauch and Dr. Weinberger, that had been the subject of their prior motions. (Plaintiffs' Rebuttal Expert Disclosures, attached as Exhibit B.) They did so knowing that they were in jeopardy of not being permitted to use disclosures for them subsequent to the January 2011 limited disclosure. The defendants later filed a Motion *in Limine* to Strike Plaintiffs' Rebuttal Expert Disclosure. [Docket Entry No. 164, Attachment 14]. As noted by the Court in its April 10, 2013 Order on the Defendants' Motion in Limine to Strike the Plaintiffs' Rebuttal Expert Disclosure and the Plaintiff's Opposition thereto [Docket Entry No. 183], the plaintiffs abandoned Dr. Weinberger and Dr. Strauch as rebuttal experts when they failed to disclose them as such in the December 17, 2012 Trial Memorandum [Docket Entry No. 164].[3]

To date, the plaintiffs have not supplemented their January 14, 2011 Expert Disclosure as it relates to Dr. Weinberger or Dr. Strauch, and failed until August 14, 2013 to provide any notice to the defendants that Mr. Barack had resumed a treatment relationship with Dr.

---

[3] The plaintiffs designated Robert J. Strauch, MD, Michael L. Weinberger, MD, Dorra L. Blacker, CRC, LMHC and Sabrina Breed, PhD as Rebuttal experts in their August 11, 2011 Rebuttal Experts Disclosure. However, in the Trial Memorandum, the plaintiffs have only listed Dr. Breed and Dr. Blacker as rebuttal experts, and Dr. Stauch and Dr. Weinberger as full witnesses. Accordingly, this Court noted that the "[p]laintiffs abandoned the use of Dr. Strauch and Dr. Weinberger as potential rebuttal witnesses by their failure to list the doctors as rebuttal expert witnesses in the parties' Joint Trial Memorandum [Rec. Doc. 164, at 10-11]. Thus, Defendant's Motion as to each of these two doctors is moot." [Docket Entry No. 183, footnote 2].

Weinberger and Dr. Strauch subsequent to the 2006 treatment reports referenced in the January 2011 Disclosure[4].

## ARGUMENT

### A. The Improper Expert Reports of Dr. Weinberger and Dr. Strauch Have Been Precluded By this Court Twice

The Court's Orders of June 23, 2011 [Docket Entry No. 149] and March 30, 2012 [Docket Entry No. 157] bar the plaintiffs from using Dr. Weinberger and Dr. Strauch as retained experts in this matter. The fact that Ron Barack also had a previous treatment relationship with Dr. Weinberger and Dr. Strauch does not remove the expert reports from the scope of the Court's prior Order. The expert reports are clearly not treatment summaries, as described by this Court in its April 18, 2013 Order regarding the expert report of Sabrina Breed. [Docket Entry No. 184] ("No argument can be made that the previously submitted expert report is a "summary" as the term is used in Rule 26(a)(2)(C). Under the plain language of the Federal Rules, the two types of reports are not one and the same"). As the plaintiffs further abandoned their position that Dr. Weinberger and Dr. Strauch were proper rebuttal experts, they gave up any avenue through which they may have had Dr. Weinberger or Dr. Strauch testify on the basis of the barred reports. The plaintiffs' intent to have Dr. Weinberger and Dr. Strauch testify on the basis of the barred reports is therefore in direct contravention of this Court's Orders. As testimony by Dr. Weinberger and Dr. Strauch as retained experts has already been expressly barred twice, this Court should enforce its denial of the plaintiffs' motion to make late expert disclosures, and preclude introduction at trial of all testimony based on the barred reports.

---

[4] At the time that the plaintiffs improperly served expert reports for Dr. Weinberger and Dr. Strauch on the defendants, the plaintiffs mentioned that Mr. Barack was seen by Dr. Weinberger for a re-evaluation for purposes of drafting the report. This does not suffice as notice that treatment with Dr. Weinberger had been resumed.

B.  **The Plaintiffs Have Failed For The Over Two Years Since Disclosing Dr. Weinberger And Dr. Strauch As Treaters To Supplement Their Disclosure, And The Treaters Should Be Limited To Testifying On The Basis Of That Treatment Which Was Included In The Disclosure And Made Known To The Defendants.**

The plaintiffs disclosed Dr. Weinberger and Dr. Strauch as treating physicians from whom they would seek to offer expert testimony on January 14, 2011. Despite attempts to restyle Dr. Weinberger and Dr. Strauch as retained experts and then rebuttal experts, the fact is that Dr. Strauch and Dr. Weinberger are treating physician witnesses only. As discussed by this Court in its April 18, 2013 Order [Docket Entry No. 184], the disclosure requirements for treating physicians are not the same as the Rule 26(a)(2)(B) reporting requirements for retained experts. Any party, however, seeking to use a treating physician must disclose: "(1) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). As this Court recognized in its April 18, 2013 Order, Rule 26 at minimum "requires treating physicians to produce and disclose summaries of the facts and opinions to which the physician expects to testify." [Docket Entry No. 184, page 3][internal quotations omitted]. Failure to disclose the information laid out by Rule 26(a)(2)(C) opens the party to the imposition of sanctions pursuant to Rule 37(c)(1). (Id. citing Ziegenfus v. John Veriha Trucking, 2012 WL 1075841, *7 (S.D.N.Y. March 28, 2012)).

Here, the plaintiffs' indisputably deficient January 14, 2011 Disclosure does not include a "summary" of the facts and opinions to which the physician expects to testify. However, the disclosure does reference certain treatment reports of Dr. Weinberger and Dr. Strauch, both of which had previously been provided to the defendants. The defendants accordingly prepared for trial on the basis of those reports referenced therein. The plaintiffs have now disclosed to the

defendants that Mr. Barack resumed treatment with both Dr. Weinberger and Dr. Strauch, and that they intend to have the treating physicians testify to new treatment records the existence of which until now has never been disclosed to the defendants.[5] At the time of the January 2011 disclosure, the two treating physicians had not treated Mr. Barack since 2006. Nothing about their treatment of Mr. Barack was considered ongoing. Accordingly, the defendants had no reason to believe that more recent treatment records may exist.

The plaintiffs have now at this late date in the proceedings disclosed that, in fact, in addition to the treatment disclosed in the plaintiffs' January 2011 disclosure, Dr. Weinberger resumed treatment with Mr. Barack in 2011, seeing him on September 16, 2011, October 17, 2011, November 7, 2011 and November 15, 2012. (See Email dated August 14, 2013, attached hereto as Exhibit C). The plaintiffs apparently believe that they had no obligation to disclose this fact, as they had not yet received the treatment records for these dates. The plaintiffs also disclosed in their August 14, 2013 email that Dr. Strauch has seen the plaintiff on two additional dates: once in June 2011 (on this date presumably for the purposes of preparing the expert report) and again on November 15, 2012. (Id.) The evaluation and treatment in June of 2011 and into 2012 contains new information from that contained in the 2006 records. For example, the barred June 2011 report of Dr. Strauch spoke to new opinions concerning the benefit of surgery to Mr. Barack and the newly produced record from November 15, 2012 notably includes new information regarding pain in his right (non affected) hand, back, left shoulder, hip and knee. It is unknown what new facts or opinions may be disclosed in Dr. Weinberger's latest treatment records; however, his June 6, 2011 report barred by the prior court orders referenced new diagnoses of allodynia, neuropathic pain and possible Complex Regional Pain Syndrome.

---

[5] The plaintiffs have indicated that there are additional medical records from Dr. Weinberger which even plaintiffs' counsel does not presently have, which they are seeking to obtain and will be produced at some time in the future.

7

Importantly, the defendants deposed Dr. Strauch on August 10, 2011 and Dr. Weinberger on August 25, 2011 during the pendency of the Plaintiffs' Motion for Reconsideration and explicitly told counsel that inquiry would not be made into the barred expert reports in light of the pending Court Order denying them leave to use the expert reports. As stated earlier, the Court's Order was reconfirmed through the denial of the motion for reconsideration. Accordingly, there appeared to be no need to resume these depositions to cover ground contained in the barred disclosures.

Rule 26 places on any party making a disclosure the burden to supplement their disclosure upon learning of new information. Specifically, Rule 26(e) provides:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

As the plaintiffs were aware that the resumed treatment with Dr. Weinberger and Dr. Strauch, and the opinions and information learned as part of that treatment could not have been disclosed in their January 2011 disclosure, they were required under Rule 26(e) to supplement their disclosure. Having not done so, or otherwise advised the defendants that Mr. Barack's treatment with Dr. Weinberger and Dr. Strauch had resumed, the plaintiffs' treating physicians should be barred from testifying on the basis of the undisclosed treatment of the plaintiff.

### C. Allowing Dr. Weinberger And Dr. Strauch To Testify On The Basis Of Treatment Which Was Not Made Known To The Defendants Would Be Unfairly Prejudicial To The Defendants As Their Expert Was Denied The Opportunity To Evaluate The Undisclosed Treatment Records

To allow the plaintiffs' treating physicians to testify about evaluation or treatment already barred in the expert reports or otherwise not disclosed to the defendants until just recently would unfairly prejudice the defendants, as the defendants have not had an adequate opportunity to have such matters evaluated by their retained medical expert or to explore the possibility of retaining a new expert to address such matters. With trial scheduled to commence approximately one and a half months from the date the plaintiffs shared this new information, the defendants have been unfairly surprised with the prospect of new information and opinions which have not been included in the defendants' preparation for trial. The plaintiffs have offered no justification, other than that counsel themselves just recently learned of this treatment, for their unreasonable delay in supplementing their disclosure relating to Dr. Weinberger and Dr. Strauch as treating physicians after Ron Barack resumed treatment with the physicians. Moreover, the majority of the treatment records at issue remain outstanding as of the time of this filing. For these reasons, any evidence concerning Dr. Weinberger and Dr. Strauch's recent treatment of Mr. Barack which was not disclosed in the plaintiffs' January 2011 disclosure, including specifically any testimony by the treating physicians on the basis of this new treatment should be precluded.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion To Preclude The Testimony Of Plaintiff Ron Barack's Treating Physicians Beyond The Treatment Reports Referenced In The Plaintiffs' January 14, 2011 Expert Disclosure should be allowed.

HONDA MANUFACTURING OF ALABAMA, LLC, AMERICAN HONDA MOTOR CO., INC., and HONDA MOTOR CO., LTD.

By their Attorneys
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.,

/s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA 02129
Tel. No.: (617) 241-3000
Fax No.: (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017

/s/ Michelle I. Schaffer
Michelle I. Schaffer