UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK and<br>DONNA MOORE BARACK,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC., HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA,<br><br>*Defendants*. | )<br>)<br>)<br>) 09-cv-00565 (TLM)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) August 21, 2013 |

## PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF THEIR MOTION TO EXCLUDE McINNIS OPINION TESTIMONY ON SPEED CAUSING THE ACCIDENT

This supplemental submission at the Court's invitation is in response to defendants' August 2, 2013 supplemental opposition. In that opposition, Honda has evidently abandoned its original opposition argument attempting to secure Rule 702, F.R.Civ.P., expert opinion testimony from Police Officer Dann McInnis in an effort to avoid a *Daubert* hearing on his methodology. Instead, Honda now seeks his opinion testimony as a Rule 701 lay witness. This new tact is equally unavailing and unsupported by both fact and law.

### LEGAL STANDARD FOR 701 TESTIMONY

Lay witnesses generally cannot offer opinions regarding causation. *Turbert v. Mather Motors, Inc.*, 165 Conn. 422, 434 (1973)(a police officer's conclusion about the cause of or responsibility for an injury is merely a lay opinion which the officer is not permitted to give);

1

*Iglinsky v. Player*, 2010 WL 4925000 (M.D.La)("while [State] trooper is permitted to testify as to other facts and circumstances surrounding the subject accident that he personally observed (such as where the vehicle was located when he arrived and any damage to the vehicle), he should not be permitted to testify as to his opinions concerning the cause of the accident in question"). It is considered prejudicial error to allow non-expert investigating officers to give opinions on crucial fact determinations concerning liability when the officer did not witness the accident"); *Duhon v. Marceaux*, 33 Fed.Appx. 703, *4 (5th Cir. 2002)("as a general rule, policy officers' lay opinion as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Fed.R.Evid. 701"); *Maggette v. BL Development Corp.*, 2011 WL 2134578 (N.D. Miss.)(same).

As stated by the Connecticut Supreme Court in *Stephanofsky v. Hill*, 136 Conn. 379 (1950), when excluding an investigation State Police officer's opinions on the speed of the accident vehicle:

> Such an opinion by the [officer] as to the definitive speed of the car before the accident, based as it was on subsequent events, involved too many unknown elements to admit of any degree of certainty. Manifestly the damage to the posts and to the front end of plaintiff's car of itself afforded no sufficient basis for determining the number of miles per hour it was traveling at the time of impact. *Id.* at 383-384.

## ARGUMENT

Plaintiffs incorporate by reference, arguments set forth in their opening motion on this issue challenging Officer McInnis' deposition testimony that speed was a factor and that Mr. Barack maybe should have driven <u>below</u> the speed limit given the slippery conditions.[1]

---

[1] Officer McInnis' opinion testimony on cause can be found in his June 2, 2010 deposition at pp.68-70; 79, attached as Exhibit 1.

2

Plaintiffs do not challenge his personal observations and notations at the time of the accident reflected in his report or computer screen shot entries at or about the day of the accident (attached as Exhibit 2 & 3). None of those observations, reports or computer entries state that speed given the weather conditions, was the cause of the accident. The report and computer entries indicate Mr. Barack skidded on a wet, perhaps icy, slippery hill causing him to lose control. This is different than an assumption that perhaps he should have driven slower given the conditions.

More than 4 years later, Officer McInnis visited the accident scene alone with Honda's investigator who took photos. Subsequently, he spoke to and was deposed by Honda's counsel, Michele Schaffer. At his deposition after admitting he performed no investigation and employed little to none of the methodology of an accident reconstructionist, he speculated without evidence, for the first time, that Mr. Barack *may* have been going too fast given the weather conditions. Yet he also admitted he did not know what speed Mr. Barack had been traveling before he skidded and lost control on the steep and slippery hill. Indeed, he did not know if Mr. Barack was already going well below the speed limit when the vehicle began sliding down the hill.

Since Officer McInnis did not observe the vehicle's speed, nor reconstruct the accident to determine its speed, nor obtain witness information about its speed, his "lay opinion" cannot be "(a) rationally based on the witness's perception." Nor is his opinion solicited by Honda with a leading question "(b) helpful to understand the witness's testimony." F.R.Civ.P. Rule 701.

Most revealing is Officer McInnis' own admission at p. 68:24-69:3 that his opinion is <u>not</u> a lay opinion but:

> "Based on my **training** and **experience**, I would say that speed would
> have been an indication of a contributing factor, speed for the conditions."

3

This clearly disqualifies his opinion as a lay opinion because it is based on "(c) . . . scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.Civ.P. Rule 701.

Since Officer McInnis did not witness nor investigate the speed of the vehicle, nor much of anything else, he can offer neither a lay witness opinion nor an expert opinion to take sides on about such a contentious issue.

As argued previously, his opinion further fails under Rule 702 because he admitted he did not perform any investigation methodology or reconstruction with regard to speed. Nor did he record any reference to speed at the time of the accident when he could have done so. He declined to check the Police Computer data entry Box 02 that asked if "speed too fast for the conditions" was the cause. Exhibit 3. Indeed he took the position at the time in checking Box 09 that stated "slippery surface" as the cause. *Id.*

While Officer McInnis is no doubt a qualified accident reconstructionist due to the many courses he took and accidents he reconstructed, he saw no need to do so here and did not lay blame on Mr. Barack at the time of the accident. His opinion about the ambiguous proper speed below the speed limit given the slippery conditions provided 4 years later was nothing more than rank speculation and guess work when asked leading questions by Honda's counsel.

Indeed, he saw no evidence that the vehicle slid very far after it rolled onto its side (Ex. 1, McInnis dep at p. 52) indicating it was not moving very fast. Further, he found no tire skid marks on the pavement (*Id.*) because the wet, icy, slippery road would not allow the rubber tires to contact and grip the asphalt as the vehicle began sliding down the "fairly signicant hill." Id.; and also p. 39. Mr. Barack testified at his deposition that in fact, he slowed down below the speed limit because he saw that the road was wet and slippery. (Ex. 4, Barack dep. at pp. 107-

4

speed limit because he saw that the road was wet and slippery. (Ex. 4, Barack dep. at pp. 107-08). But once he was on the steep hill, Mr. Barack could not stop or slow the vehicle sufficiently, and could not steer it away from the natural pitch of the road to its outside embankment where it collided with the wire and wooden guardrail near the bottom.

Accordingly, Officer's opinion testimony on speed as a causal or contributing factor is mere speculation and must be excluded.

Dated: New York, New York
August 21, 2013

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: _____
Andrew J. Maloney (Bar No. CT15639)
750 Third Avenue
New York, NY 10017
amaloney@kreindler.com
(212) 687-8181

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing ***PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF THEIR MOTION TO EXCLUDE McINNIS OPINION TESTIMONY ON SPEED CAUSING THE ACCIDENT*** was served via ECF and email this 21st day of August, 2013 upon:

>James M. Campbell, Esq.
>Michelle I. Schaffer, Esq.
>Campbell Campbell Edwards & Conroy
>One Constitution Plaza, Third Floor
>Boston, MA 02129
>(617) 241-3000
>jcampbell@campbell-trial-lawyers.com
>mschaffer@campbell-trial-lawyers.com
>Attorneys for Defendants

_____
Andrew J. Maloney III