UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK and | ) | |
| DONNA MOORE BARACK, | ) | |
| | ) | |
| *Plaintiffs*, | ) | 09-cv-00565 (TLM) |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN HONDA MOTOR | ) | |
| COMPANY, INC., HONDA | ) | |
| MOTOR COMPANY, LTD., and | ) | |
| HONDA MANUFACTURING OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| *Defendants.* | ) | SEPTEMBER 19, 2013 |

### THE DEFENDANTS' OBJECTIONS TO THE VIDEOTAPED TRIAL TESTIMONY OF MICHAEL WEINBERGER, M.D.

Pursuant to the Court's Order of August 28, 2013 [Docket Entry 221], the defendants submit the following objections to portions of the trial deposition testimony of Michael Weinberger, M.D. taken on September 11, 2013 (Exhibit A)[1].

OBJECTION Page/Line                    Basis

| Page 13/Line 24 – Page 17/Line 6 | The defendants object to this line of testimony concerning the production of medical records by Dr. Weinberger as irrelevant to his testimony and self-serving and therefore inadmissible under Fed. R. Evid. 401 and 401. |
| --- | --- |
| | The defendants certainly object to the untimely disclosure of medical records by the plaintiffs, and in particular, to treatment records for Mr. Barack by Dr. Weinberger covering a period of 2011 |

---

[1] The referenced exhibits will be sent to the Court's law clerk rather than being filed on ECF to the extent they may contain HIPPA protected information.

1

| | |
|---|---|
| | through the present which were not produced to the defendants until the eve of trial. Moreover, the defendants had made numerous requests for the plaintiffs to produce Dr. Weinberger's paper chart from 2006 which might contain notes, medication prescriptions and similar documents that had not yet been produced. This request was first formalized at Dr. Weinberger's discovery deposition in August of 2011 and then on various other occasions up through the instant trial deposition. Those materials were never produced.<br><br>Nonetheless, the inquiry on the record concerning Dr. Weinberger's futile role in gathering materials, some of which were known to be in storage, the evening before his deposition, is not material to the subject of his testimony and only serves improperly to redirect fault for the plaintiffs' failure to comply with their discovery obligations. |
| Page 28/Line 2 – Page 29/Line 15 | The testimony about Dr. Weinberger's prior testifying experience is irrelevant and attempts improperly to bolster his qualifications as to which there was no cross-examination. Fed. R. Evid. 401 and 403. |
| Page 33/Line 10 – Page 34/Line 8 | This testimony concerns an examination of Mr. Barack two days before the deposition as to which there was no prior disclosure. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |
| Page 43/Lines 18-23 | This testimony concerns an examination of Mr. Barack two days before the deposition as to which there was no prior disclosure. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |
| Page 45/Line 24 – Page 46/Line 12 | This testimony references examinations of Mr. Barack which were not subject to proper disclosures and is the subject of the Defendants' Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians [Docket Entry 213] and related filings. See also Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 |

| | |
|---|---|
| | F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |
| Page 47/Line 12 – Page 50/Line 17 | This passage asks Dr. Weinberger to form opinions at the deposition as to which there was no prior disclosure or otherwise has Dr. Weinberger offering testimony based upon improper speculation. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998); Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (1996). |
| Page 50/Line 18 – Page 145/Line 16 and Page 173/Line 24 – 175/Line 7 | This testimony references opinions contained in the report of Dr. Weinberger precluded by Chief Judge Thompson's prior Orders [Docket Entries 149 and 157] and/or examinations of Mr. Barack which were not subject to proper disclosures. The testimony is the subject of the Defendants' Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians [Docket Entry 213] and related filings. See also Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998).<br><br>*While the defendants take the position that the entire portion of the testimony referenced herein should be excluded, please note that additional, more specific objections are set forth below to portions of this testimony.* |
| Page 72/Line 24 – Page 73/Line 9 | The inquiry improperly has Dr. Weinberger commenting on Mr. Barack's disabled child where the testimony is irrelevant and unfairly prejudicial. Fed. R. Evid. 401 and 403. |
| Page 95/Line 2-5 | The testimony elicited here is unfairly prejudicial and not probative. Fed. R. Evid. 401 and 403. |
| Page 99/Line 19 – Page 101/Line 8 | Dr. Weinberger did not treat Mr. Barack for emotional or cognitive issues; and therefore, the inquiry and related testimony is irrelevant and seeks improperly to validate Mr. Barack's lay testimony where due to prior court orders, he will have no medical support. Fed. R. Evid. 401 and 403. |
| Page 103/Line 4 – 18 | The inquiry concerns production of medical records which again is not probative and is self- |

3

| | serving; and therefore, is inadmissible under Fed. R. Evid. 401 and 401. |
|---|---|
| Page 106/Line 10 - 16 | Dr. Weinberger did not treat Mr. Barack for emotional or mental health issues; and therefore, the inquiry and related testimony is irrelevant and seeks improperly to validate Mr. Barack's lay testimony where due to prior court orders, he will have no medical support. Fed. R. Evid. 401 and 403. |
| Page 112/Line 21 – Page 113/15 | This concerns Mr. Barack's inquiry concerning medical marihuana which Dr. Weinberger did not consider or prescribe. The testimony is irrelevant and inflammatory. Fed. R. Evid. 401 and 403. |
| Page 117/Line 24 – Page 121/Line 15 | This testimony concerns an examination of Mr. Barack two days before the deposition as to which there was no prior disclosure. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |
| Page 118/Line 22 – Page 119/Line 5 | Within this section, there is an additional objection that the inquiry concerns production of medical records which again is not probative and is self-serving and; therefore, is inadmissible under Fed. R. Evid. 401 and 401. |
| Page 125/Line 7 – Page 126/Line 6 | The testimony here concerns opinions set forth in the expert report of Dr. Weinberger precluded by Chief Judge Thompson's prior Orders [Docket Entries 149 and 157] and is not within any treatment records. See Defendants' Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians [Docket Entry 213] and related filings. See also Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |
| Page 136/Line 4-9 | This testimony concerns an examination of Mr. Barack two days before the deposition as to which there was no prior disclosure. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |

| Page 140/Line 20 – Page 141/Line 24 | This testimony concerns an examination of Mr. Barack two days before the deposition as to which there was no prior disclosure. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); <u>Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.</u>, 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998). |

HONDA MANUFACTURING OF ALABAMA, LLC,
AMERICAN HONDA MOTOR CO., INC., and
HONDA MOTOR CO., LTD.

By their Attorneys
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.,


    /s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
One Constitution Center
Boston, MA  02129
Tel. No. (617) 241-3000
Fax No. (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com


CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY  10017

              /s/ Michelle I. Schaffer
              Michelle I. Schaffer