UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK and DONNA MOORE BARACK, | ) ) ) |
| *Plaintiffs*, | ) 09-cv-00565 (TLM) ) |
| vs. | ) ) |
| AMERICAN HONDA MOTOR COMPANY, INC., HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, | ) ) ) ) ) ) |
| *Defendants*. | ) SEPTEMBER 26, 2013 |

**Plaintiffs' Transcript Designations and Response to Defendants' Objections to The Videotaped Trial Testimony of Robert J. Strauch M.D.**

Plaintiffs seek to designate the entire trial video deposition transcript testimony of Dr. Strauch, and withdraw all objections made by plaintiffs' counsel, and further not read objections and lawyer colloquy from either counsel. Defendants were so advised last week before filing their motion for exclusion alleging prejudice. Accordingly, the following is in response to defendants' specific objections to testimony filed September 19, 2013.

| OBJECTION Page/Line | Basis |
|---|---|
| Page 29/Line 7 – Page 31/Line 23 | The defendants object to the testimony and the referenced Exhibits 1, 2, 3 and 4 from the deposition of Dr. Blazar (attached hereto as Exhibit B) which constitute color and black and white photocopies of photographs taken of Mr. Barack's injured hand prior to surgery. The defendants object to the use of the photographs and the associated testimony.<br><br>The photos are highly relevant to show the jury what Plaintiff's hand looked like as a result of the |

1

| | |
|---|---|
| | accident in a way that testimony cannot truly capture. It is true that a picture is worth a thousand words and the very reason that the ER doctors at Norwalk Hospital photographed his hand before surgery, they are the best evidence of plaintiff's injury.<br><br>The photographs were not referenced on the Plaintiffs' Exhibit List submitted in connection with the Joint Trial Memorandum [Docket Entry 164, attachment 5]. Although previously produced in discovery, the photographs were not submitted with the exhibit exchange in connection with the Court's Jury Trial Procedure Order of January 11, 2013 [Docket Entry 167].<br><br>Plaintiffs not only produced these photos in color to defendants during discovery, but also listed the complete Norwalk Hospital records and records from the ER surgeon Dr. Bluestein that contain these photographs on both the December 2012 exhibit list and the August 2013 trial exhibit list for plaintiffs.<br><br>The photographs depict Mr. Barack's degloved hand showing exposed tissue. One of the photographs is an enlargement of the exposed tissue. These photographs have no probative value and are unfairly prejudicial as they will be used merely to inflame the jury. Accordingly, they should be precluded under Fed. R. Evid. 401 and 403. The testimony of Dr. Strauch emphasizes this point as Dr. Strauch did not appear to have seen the photographs and offered very general testimony on what they might show. See e.g., Page 29/Line 18 – Page 30/Line 4.<br><br>The best way to understand the severity of plaintiff's injuries are the photographs. They are therefore they have the highest probative value to the damages' portion of the case and outweigh any purported prejudice. Using a very small number of photographs, rather than dozens, make the point and will not inflame the jury, but will rather assist them. |

| | |
|---|---|
| | Finally, there was no disclosure that Dr. Strauch would testify concerning the photographs. |
| | Plaintiffs were not required to provide a script for defendants in advance of eliciting testimony in direct. Defendants were on sufficient notice that the photographs would be used during the testimony of the one and only hand surgeon that plaintiffs identified for trial. Defendants' claim of surprise is disingenuous. |
| Page 31/Line 24-Page 35/Line 3 | The defendants object to the testimony and the referenced Exhibits 5 and 7 from the deposition of Dr. Blazar (attached hereto as Exhibit C) which constitute color photographs taken of Mr. Barack's hand at some point after surgery showing suture material and the pin used to stabilize the fracture of the middle finger. The defendants object to the use of the photographs and the associated testimony. |
| | The photos were taken at Dr. Bluestein's office. At the time of the deposition, Plaintiffs believed they were also part of Dr. Bluestein's records that were produced to defendants years earlier. Upon investigation, plaintiffs' counsel (relatively new to this case) learned that the photos were taken by Mr. Barack's son during an office visit but were not part of Dr. Bluestein's file. Consequently, defendants' counsel may be correct that these specific photos may not have been provided to defendants through inadvertence, until this deposition. |
| | The best way to understand the severity of plaintiff's injuries are the photographs. They are therefore they have the highest probative value to the damages' portion of the case and outweigh any purported prejudice. Using a very small number of photographs, rather than dozens, make the point and will not inflame the jury, but will rather assist them. |
| | The photographs were never produced in an initial disclosure or during discovery despite being the subject of discovery requests. Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2006). The |

3

|  | photographs were not referenced on the Plaintiffs' Exhibit List submitted in connection with the Joint Trial Memorandum [Docket Entry 164, attachment 5]. The photographs were not submitted with the exhibit exchange in connection with the Court's Jury Trial Procedure Order of January 11, 2013 [Docket Entry 167]. The first time that the photographs were shown to counsel was during the videotaped deposition of Dr. Blazar for trial on August 20, 2013. Even at that time, the plaintiffs' counsel refused to respond to inquiries as to whether the photographs had ever been produced previously. Accordingly, the photographs and the associated testimony should be barred due to the plaintiffs' failure to make proper disclosures during discovery. Given the late timing of the disclosure made during the trial depositions, the defendants will suffer unfair prejudice should the plaintiffs be permitted to use the photographs. The defendants never had an opportunity to take discovery about the photographs or to consult with their expert about them.<br><br>Moreover, the photographs are not probative and merely serve to inflame the jury. Accordingly, the photographs and related testimony should be excluded by Fed. R. Evid. 401 and 403. Dr. Strauch apparently had never seen the photographs before and could offer nothing of probative value beyond testimony already given concerning the nature of the surgery.<br>The photos are not inflammatory. In fact, they show Mr. Barack on the mend and making progress, something defendants would usually want the jury to see and know. They are not prejudicial and actually assist defendants. Plaintiffs despite the possible unintentional oversight in prior production, believe the photos are highly probative in capturing a condition at a moment in time that no longer exists and seek there admissibility in the interest of justice.<br><br>The best way to understand the severity of plaintiff's injuries are the photographs. They therefore have the highest probative value to the damages' portion of the case and outweigh any |

4

| | |
|---|---|
| | purported prejudice. Using a very small number of photographs, rather than dozens, make the point and will not inflame the jury, but will rather assist them, in this case, what plaintiff's hand was like after surgery in 2006. Dr. Strauch actually described the surgery and what was done to the hand and its result which is exactly what to the photos depict. By Defendants' rationale, photos and videos could never be used at any trial. They offer no explanation as to what prejudice exists or how they would have prepared their expert Dr. Blazar to say anything different than his statement that they depict exactly what was described in all the documents and x-rays he reviewed before drafting his report. |
| Page 55/Line 5 - Page 57/Line 4 | The defendants object to the testimony and the referenced Exhibit 7 from the deposition of Dr. Blazar (attached hereto as Exhibit C) which constitutes a color photograph taken of Mr. Barack's hand at some point after surgery showing suture material and the pin used to stabilize the fracture of the middle finger. The defendants object to the use of the photographs and the associated testimony. <br><br> See plaintiff's response above. <br><br> The photographs were never produced in an initial disclosure or during discovery despite being the subject of discovery requests. Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2006). The photographs were not referenced on the Plaintiffs' Exhibit List submitted in connection with the Joint Trial Memorandum [Docket Entry 164, attachment 5]. The photographs were not submitted with the exhibit exchange in connection with the Court's Jury Trial Procedure Order of January 11, 2013 [Docket Entry 167]. The first time that the photographs were shown to counsel was during the videotaped deposition of Dr. Blazar for trial on August 20, 2013. Even at that time, the plaintiffs' counsel refused to respond to inquiries as to whether the photographs had ever been produced previously. Accordingly, the photographs and the |

|  | associated testimony should be barred due to the plaintiffs' failure to make proper disclosures during discovery. Given the late timing of the disclosure during the trial depositions, the defendants will suffer unfair prejudice should the plaintiffs be permitted to use the photographs. The defendants never had an opportunity to take discovery about the photographs or to consult with an expert about them.<br><br>See plaintiff's response above.<br><br>Moreover, the photographs are not probative and merely serve to inflame the jury. Accordingly, the photographs and related testimony should be excluded by Fed. R. Evid. 401 and 403. Dr. Strauch apparently had never seen the photographs before and could offer nothing of probative value beyond testimony already given concerning the nature of the surgery.<br><br>See Plaintiff's response above. |
|---|---|
|  |  |
| Page 69/Line 5 - Page 72/Line 2 | The defendants object to this testimony concerning the discharge summary for surgery that Mr. Barack had undergone prior to seeing Dr. Strauch. Dr. Strauch did not have the document in his file and had not seen it before. Accordingly, there was never a disclosure that he would testify about it. Fed. R. Civ. P. 26(a)(2)(C), (D) and (E). In addition, importantly, the passage that is called to Dr. Strauch's attention in this testimony concerns the informed consent given to Mr. Barack by another surgeon for this prior surgery in which Dr. Strauch had no involvement. He is speculating about why the informed consent was given. The testimony has no probative value since the surgery had already been performed successfully prior to Mr. Barack being seen by Dr. Strauch, is unfairly prejudicial and should be precluded by Fed. R. Evid. 401 and 403.<br><br>Plaintiffs were not required to provide a script for defendants in advance of eliciting testimony on direct examination. Defendants were on sufficient |

| | |
|---|---|
| | notice that the medical records of prior treating physicians would be used during the testimony of the one and only hand surgeon that plaintiffs identified for trial. Defendants' claim of surprise is disingenuous. Treating physicians routinely review the records from other treating doctors who had already performed some type of treatment on a patient and of course, expert witness doctors are permitted to review records and provide opinions provided they are qualified to do so. Dr. Blazar not only performed a similar review as defendants' expert, but he agreed that Dr. Strauch was well qualified. Informed consent is material and relevant to decisions plaintiff made about his care and part of the treatment discussion and plan. Thus, it is highly relevant and probative. The testimony is admissible through Dr. Strauch as both a treating physician and an expert. |
| Page 76/Line 7 - Page 88/Line 14 | The defendants object to this section of the deposition because it elicits from Dr. Strauch opinions concerning treatment and evaluations after 2006 and as to which there was no timely or proper disclosure. These matters fall squarely within the Orders issued by Chief Judge Thompson precluding the plaintiffs from having Dr. Strauch offer opinions beyond the plaintiffs' expert disclosure of January 2011 which was limited to the 2006 treatment records. For the bases of the objections, see the Defendants' Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians [Docket Entry 213] and related filings. See also Fed. R. Civ. P. 26(a)(2)(C), (D) and (E); Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020, (1998).<br><br>See Plaintiffs' opposition to defendants' motion to preclude testimony for failure to show unfair prejudice.<br><br>*The defendants provide further explanation of the substance of their objections as follows:*<br><br>Page 76/Lines 7 – 17 speaks to the issue of Mr. |

| | Barack's apparent nonuse of narcotics after 2006 which was never disclosed to be a subject of testimony by Dr. Strauch. |
| --- | --- |
| | Dr. Strauch's 2006 notes (disclosed years ago) referred plaintiff to a pain management doctor – Dr. Weinberger. Like Dr.Blazar's opinion on pain medication, Dr. Strauch is familiar with prescription pain medication and the side effects and goal of being weaned off of them and is qualified to discuss them as both treating physician and expert doctor. |
| | Page 76/Line 18 - Page 77/Line 22 concerns Dr. Strauch's reevaluation of Mr. Barack for the purposes of the litigation in March - June of 2011 precluded under Chief Judge Thompson's Orders [Docket Entries 149 and 157]. |
| | See plaintiffs' opposition to defendants' motion to preclude doctor testimony for failure to prove unfair prejudice. |
| | Page 77/Line 18 – Page 79/Line 20 concerns a treatment record of November 15, 2012 that was provided to the defendants on August 14, 2013, less than one week before the trial depositions of the defendants' expert, Dr. Blazar and of Dr. Strauch which prevented any opportunity for discovery or evaluation of the record. The testimony by Dr. Strauch in the circumstances about the recent examination where his last examination was five years prior thereto causes unfair prejudice to the defendants in its attempt medically to quantify Ron Barack's current medical state well after the disclosure period depriving the defendants of any opportunity to respond. |
| | Plaintiff (and patients generally) are permitted to undergo periodic continuing treatment. The narrow and limited office visit and related disclosure provided sufficient time for defendants to review with their expert Dr. Blazar who testified concerning the continuing treatment as nothing unusual. Once again defendants' claim of unfair |

|  | prejudice is vastly overstated and disingenuous. The objection and the majority of the other arguments by defendants go to the weight or credibility of the testimony that was subject to cross examination, not its admissibility. |
|---|---|
|  | Page 80/Line 1 – Page 81/Line 6 has Dr. Strauch offering opinions concerning Mr. Barack's current functional capacity (activities of daily living and sports) which were never disclosed before, leaving the defendants without an opportunity to rebut those opinions given the late disclosure. |
|  | See plaintiffs' multiple responses above. |
|  | Page 81/Line 17- Page 82/Line 6 has Dr. Strauch commenting on Mr. Barack's current complaints of pain to him, which were not disclosed in a timely way, leaving the defendants without an opportunity to rebut those opinions given the late disclosure. |
|  | See plaintiffs' multiple responses above. |
|  | Page 82/Line 13 - Page 84/Line 2 has Dr. Strauch testifying about Mr. Barack's current complaints of pain in his left shoulder (last evaluated in 2006). The current complaints had never properly been disclosed, leaving the defendants without an opportunity to rebut those opinions given the late disclosure. It would be manifestly unfair to the defendants to permit the plaintiffs to use this new evaluation, disclosed on the eve of trial, to validate Mr. Barack's testimony concerning his condition. |
|  | See Plaintiffs' multiple responses above. Plaintiff's condition is permanent. Even defendants' own expert Dr. Blazar stated as much as well as the expected diagnosis and prognosis given to plaintiff during the November 2012 office visit. Plaintiffs do not intend to argue that all the ailments noted in that visit are relevant to this case. Only the status of his left hand and shoulder, and the overuse symptoms related to his right hand as a result of the accident injury to his left hand. |

9

| | |
|---|---|
| | Page 85/Line 8 - Page 87/Line 15 has Dr. Strauch commenting upon the benefits of surgery to Mr. Barack now based upon his current condition, as contrasted to when the recommendations originally were made in 2006. This information was within the litigation report precluded by Chief Judge Thompson's prior Orders and is not contained in any treatment record. Given the lack of a proper disclosure, it is completely unfair to the defendants to permit the plaintiffs to elicit this testimony. <br><br> See plaintiffs' opposition to defendants' motion to preclude testimony for failure to demonstrate unfair prejudice. Defendants' cite a purported discovery violation and/or Judge Thompson's order – both of which plaintiffs' dispute, but beyond that they fail to articulate substantive prejudice, especially in light of the fact that their own expert Dr. Blazar agreed with most everything Dr. Strauch had to say about plaintiff's condition in 2006, 2011 and from 2011-2013. Defendants' objections are overstated and disingenuous. They conflate purported technical litigation violations with unfair prejudice. While at times the two coincide, the two are vastly different. The Rules are designed to prevent unfair prejudice, a violation of a rule on the timing of disclosure however, does not necessarily make it prejudicial. <br><br> Page 87/Line 16 – Page 88/Line 11 has Dr. Strauch testifying about his opinions concerning Mr. Barack's condition as of 2012, including permanence and the possibility of arthritis which were never disclosed before. Again, given Chief Judge Thompson's prior Orders precluding the expert testimony and the failure to properly disclose any additional treatment records until the eve of trial, the defendants are unfairly prejudiced as they did not have sufficient time to evaluate or address these issues. <br><br> See plaintiffs' opposition to defendants' motion to preclude testimony for failure to demonstrate unfair prejudice. |
| Page 131/Line 18 - Page 132/Line 4 | The question asks Dr. Strauch to speculate as to reasons why Mr. Barack did not return to Dr. |

| | |
|---|---|
| | Weinberger for pain management and is therefore improper testimony. Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (1996). Dr. Strauch has no knowledge as to why Mr. Barack did not return to Dr. Weinberger in 2006. Mr. Barack is the only person who can provide his own rationale. It is prejudicial to have Dr. Strauch attempt to validate Mr. Barack's anticipated testimony in this context. Rule 403. <br><br> See plaintiffs' opposition to defendants' motion to preclude testimony for failure to demonstrate unfair prejudice. Treating physicians and experts can be asked hypothetical questions regarding options and decision making by patients for various treatments. All three doctors testified that weaning off prescription pain medication was the best course of action if the patient (plaintiff) could manage to do without. This is not speculation, rather, part of the recommended course of action at various times for plaintiff. |
| Page 140/Line 5 - Page 142/Line 6 | This section has Dr. Strauch again testifying about the scarring he observed in the recent examination of Mr. Barack in 2012, the records for which were only provided on the eve of trial the week before the deposition. The testimony is precluded by Judge Thompson's prior Orders and was never otherwise properly disclosed to the defendants. The defendants are prejudiced because they had insufficient time to evaluate and respond to this testimony. <br><br> See plaintiffs' opposition to defendants' motion to preclude testimony for failure to demonstrate unfair prejudice. A bit silly as plaintiff would ordinarily be permitted to testify to his permanent scarring and show the jury first hand what the scars look like for themselves at the time of trial. This testimony is hardly prejudicial and common for treating physicians and expert doctors to comment on. |
| Page 142/Line 8 - Page 143/Line 4 | The plaintiffs' attorney is eliciting new testimony from Dr. Strauch on causation and goes beyond the scope of the cross-examination and is therefore impermissible. |

11

|  | This opinion, that plaintiff suffered the degloving injury as a result of the car accident on March 20, 2006, was contained in most every medical record regarding plaintiff's treatment beginning in 2006. Defendants' expert Dr. Blazar also opined to same. Defendants' objection is non-sensical and petty. There is no prejudice to defendants. The cause of the injury was discussed throughout the testimony and not brand new on re-direct. |
|---|---|

Dated: New York, New York
       September 26, 2013

                              KREINDLER & KREINDLER LLP

                          By:_____/s/ Andrew J. Maloney_____
                              Andrew J. Maloney (CT15639)
                              750 Third Avenue
                              New York, NY 10017
                              amaloney@kreindler.com
                              (212) 687-8181
                               (212) 972-9432
                              amalony@kreindler.com
                              *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing *JOINT SCHEDULING SUBMITTAL REGARDING PLAINTIFFS NEW EXPERT* was served via ECF and email this 26th day of September, 2013 upon:

> James M. Campbell, Esq.
> Michelle I. Schaffer, Esq.
> Campbell Campbell Edwards & Conroy
> One Constitution Plaza, Third Floor
> Boston, MA 02129
> (617) 241-3000
> jcampbell@campbell-trial-lawyers.com
> mschaffer@campbell-trial-lawyers.com
> Attorneys for Defendants

/s/ Andrew J. Maloney
Andrew J. Maloney III