```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
Ron Barack, et al.,

                          Plaintiff,        MINUTE ENTRY & ORDER
           -against-                         Case No. 09-cv-565 (TLM)

American Honda Motor Co., Inc., et al.,      October 1, 2013

                          Defendants
-----------------------------------------------------------X
```

A telephone status conference was conducted this date by United States District Judge Tucker L. Melançon. Participating were Andrew Maloney representing the Plaintiffs and Michelle Schaffer representing the Defendants. The testimonies of Drs. Strauch and Weinberger and the reopening of discovery pertaining to Honda Odyssey recalls were discussed.

With regard to the testimonies of Drs. Strauch and Weinberger, before the Court are a Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians Beyond the Treatment Reports Referenced in Plaintiffs' January 14, 2011 Expert Disclosure [Rec. Doc. 213], a Memorandum in Opposition of the Motion [Rec. Doc. 216], Defendants' Supplemental Memorandum in Support of their Motion to Preclude [Rec. Doc. 227], and Plaintiffs' Opposition to Honda's Motion to Preclude Physician Testimony [Rec. Doc. 232]. Based on the record before the Court, it is:

**ORDERED** that Defendants' August 16, 2013 Motion to Preclude the Testimony of Plaintiff Ron Barack's Treating Physicians Beyond the Treatment Reports Referenced in the Plaintiffs' January 14, 2011 Disclosure [Rec. Doc. 213] is **DENIED** as set forth below.

After giving the attorneys for the parties an opportunity to discuss their respective positions, Drs. Strauch and Weinberger will be permitted to testify about their respective expert reports which were served on Defendants in 2011 and the additional visits Mr. Barack made to

Drs. Strauch and Weinberger in 2011, 2012, and 2013.  Based on the Court ruling, the attorneys are to refile their objections to the videotaped depositions of Drs. Strauch and Weinberger.

The Court ordered the Plaintiffs' attorney to submit to opposing counsel and to this court through its law clerk Brenna Kelly (brenna_kelly@lawd.uscourts.gov) within fifteen (15) days, or **on or before Wednesday, October 16, 2013 at 5:00 p.m.**, either: 1) Mr. Barack's 2006 hard-copy visit records and the 2013 hard copy and electronic records not yet disclosed, or 2) an affidavit by Dr. Weinberger to be executed under the penalty of perjury explaining the process used to identify Mr. Barack's records, the person or entity who performed the search, and why these documents were not produced.  Plaintiffs' attorney was also directed to explain to Dr. Weinberger the gravity of his failure to comply with the Court's order and procedures the Court would employ in the event of his failure to *timely* so reply.   The Court also ordered Plaintiffs' attorney to request Plaintiff's records from Dr. Breed and Dr. Kane and to provide those records to Defendants' attorney **on or before Wednesday, October 16, 2013**.

In Rec. Doc. 234, the Defendants' made a Motion to Compel Discovery for certain recalled Honda Odyssey models.  It is:

**ORDERED** that Plaintiffs' September 23, 2013 motion to compel discovery [Rec. Doc. 234] is **GRANTED** subject to the conditions set out below.

Discovery is limited to the recalled 2003-2004 and 2011-2013 Honda Odyssey models. The Court ordered the Plaintiffs' attorney to submit his specific discovery requests pertaining to these recalled vehicles to Defendants' counsel with a copy to the court through its law clerk Brenna Kelly at brenna_kelly@lawd.uscourts.gov, by **5:00 p.m. on Wednesday, October 2, 2013**.  Defendants' attorney is to submit her objections to Plaintiffs' discovery requests, if any there be, and a suggested timeline for providing any unobjected-to requests for the documents to

the Plaintiffs and a copy to the Court through its law clerk by **5:00 p.m. on Thursday, October 3, 2013**.  If a dispute arises between the Parties' expert reports after discovery is completed and the Parties' experts have provided their reports, the Court will appoint an expert to opine on the disputed issue or issues.  The Parties each will be required to pay one-half of the Court-appointed Expert's Fee and the prevailing party on the issues, if any there be, is to be reimbursed for all payments made to the Expert by the non-prevailing party.  It is further

**ORDERED** that the Court adopts the joint schedule to complete discovery proposed by the Plaintiffs' and Defendants' counsel on September 22, 2013, and September 23, 2013, respectively [Rec. Docs. 233 & 234].

Tucker L. Melançon
United States District Judge

October 1, 2013
Bridgeport, CT