UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK,<br>and DONNA MOORE BARACK,<br><br>           Plaintiffs,<br>v.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC., and HONDA<br>MOTOR COMPANY, LTD., and<br>HONDA MANUFACTURING OF<br>ALABAMA,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 09-cv-00565 (TLM)<br><br><br><br><br><br><br><br><br>APRIL 24, 2014 |

### THE DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF THEIR INTENT TO DEPOSE EUGINE B. KALIN

The defendants have sought leave of the Court to add Eugene B. Kalin, Ph.D. as a witness to testify at trial via video deposition.   The defendants first learned in April 2013 through a footnote added by the plaintiffs to a joint submission on rebuttal experts that Mr. Barack had obtained psychological evaluation and treatment from Dr. Kalin in the prior year. Substantive information regarding Dr. Kalin's evaluation and treatment did not become available to the defendants until February 2014.  In light of the plaintiffs' damages claims, Dr. Kalin's testimony about his evaluation, treatment and interactions with Mr. Barack is relevant.  For the reasons set forth below, the plaintiffs have no valid basis for their objection to his deposition and the Court should permit the deposition to go forward on May 1, 2014, a date mutually agreeable to the parties and Dr. Kalin which was scheduled pending the Court's ruling on this request.

### RELEVANT FACTS

The Court is well aware of the history relating to the plaintiffs' late disclosure of Dr.

Kalin as a treating physician and the defendants' subsequent attempts to obtain information concerning Mr. Barack's treatment with Dr. Kalin.  In April 2013, the parties submitted joint briefing on the issue of rebuttal experts.  In the course of preparing this submission, the defendants were told that in addition to Sabrina Breed, Ph.D., Mr. Barack had also obtained psychological counseling from Dr. Kalin.  [The Parties' Submission Responding to the Court's Order on Rebuttal Experts, Docket Entry 185, 2-3, fn 2].  The defendants were surprised that they had never been told about this treatment despite the supplementation requirements, and immediately requested the treatment records for Dr. Kalin.  See letter from M. Schaffer to A. Maloney, May 3, 2013, attached hereto as Exhibit A.  Plaintiffs' counsel agreed to provide an authorization and to themselves seek a copy of the records, yet despite repeated communications on this issue during telephone calls or other conferences as the parties prepared the required trial submissions, neither the authorization nor records were given.  Counsel for the defendants raised the issue with the Court on October 1, 2013 during a discussion about medical records that had not been produced and the Court ordered the plaintiffs to provide the defendants with the outstanding records or an authorization for the release of such records.  [Minute Entry and Order, Docket Entry 240, 2].  The defendants received an authorization on October 16, 2013 and they promptly requested treatment records from Dr. Kalin directly.   In February 2014, the defendants received from Dr. Kalin a letter summarizing his treatment of Mr. Barack, dated February 12, 2014.  This summary discloses, *inter alia,* that Mr. Barack attended twenty fifty-minute psychotherapy sessions with Dr. Kalin during the period from February 12, 2012 through September 9, 2012 along with Dr. Kalin's impressions from these sessions.

The defendants now seek to add Dr. Kalin as a witness to testify at trial via video deposition as one of Mr. Barack's treating physicians.

## ARGUMENT

Dr. Kalin's testimony about his psychological treatment of Mr. Barack bears directly on the damages claims raised by the plaintiffs in this case. There can be no valid objection to his testimony on the grounds of timeliness given that the scheduling of this trial deposition on the eve of trial is caused by the plaintiffs' late disclosure of this witness. Moreover, any objection to Dr. Kalin's testimony based upon the Court's prior Orders concerning Dr. Breed similarly is lacking in merit as it was the plaintiffs' failure to provide a proper disclosure for Dr. Breed, despite the Court giving the plaintiffs extra time to do so, that led to preclusion of her testimony. The plaintiffs improperly attempt to conflate the circumstances of the preclusion of Dr. Breed with the request to seek testimony from Dr. Kalin where the issues are not remotely similar.

The plaintiffs do not seem to argue that the defendants do not have a right to take a deposition for use at trial of a psychological treater for Mr. Barack given the claim that he sustained psychological damage as a result of the accident. It is anticipated that the plaintiffs will seek to introduce records of psychological treatment and primary testimony from Mr. and Ms. Barack about these issues. The plaintiffs' failure to disclose Dr. Kalin in a timely way precluded the defendants from taking a discovery deposition of him and it would be manifestly unfair to the defendants to allow this late disclosure to serve as a bar to Dr. Kalin's testimony being presented to the jury at trial. Given the plaintiffs' failure to tell the defendants about Dr. Kalin at an earlier time and the uncontroverted difficulty in obtaining information about his treatment as outlined above, any suggestion that this request is untimely cannot be credible.

In addressing the plaintiffs' objection to Dr. Kalin's testimony on the basis of the Court's prior Order concerning Dr. Breed, it is first necessary to correct the rendition of the history set forth by the plaintiffs in their Objection. This Court barred Dr. Breed's testimony as a treating

3

physician in response to counsel for the plaintiffs' flagrant refusal to comply with Fed. R. Civ. P. 26(a)(2)(C) after being given a second opportunity to do so over two years after the relevant deadline. [Order, May 28, 2013, Docket Entry 195].  Contrary to the summary offered by the plaintiffs, which largely attributes the exclusion of Dr. Breed's testimony as a treating physician at trial to her inability to appear at the July 24, 2013 Hearing on the issue, this Court barred Dr. Breed's testimony at trial as a treating physician not because of her inability to appear but because of the failure to provide the proper disclosure under Rule 26(a)(2)(C), determining that such conduct warranted preclusion of the witness' testimony as a sanction. [Id.]  Specifically, in excluding Dr. Breed's testimony as a treating physician at trial, the Court stated:

> [a]lthough the testimony of Dr. Breed as Plaintiff's treating physician is undoubtedly of importance to the Plaintiffs, the Court finds that this factor is significantly outweighed by Plaintiffs' counsel's repeated failures to comply with the Federal Rules of Civil Procedure and the orders of the Court, the inexplicable and insufficient explanations offered by Plaintiffs' counsel for this failure, and by the undeniable prejudice to Defendants in light of the close proximity to the date of the trial and the feasibility of a continuance due to the trial judge's current trial docket.

[Id. at 6].  The addition of Dr. Kalin as a witness at trial does not change the analysis underlying the Court's preclusion of Dr. Breed's testimony as a treating physician at trial.  The plaintiffs' attempt to appeal to the principle of fairness, arguing that a one-sided presentation of the treating physicians' opinions would be prejudicial to the plaintiffs, is misplaced and ignores the careful consideration by the Court prior to its May 28, 2013 Order of fairness and the plaintiffs' suggestion of the importance of Dr. Breed's testimony to their case.  The plaintiffs' late disclosure of Dr. Kalin should not become a vehicle to bar his testimony, nor alter the Court's analysis concerning Dr. Breed.

Importantly, the defendants have not sought to name Dr. Kalin as an expert witness and the requested deposition will address his communications and interactions with Mr. Barack and

his evaluations, treatment and diagnoses made in the context of the psychotherapy treatment sessions with Mr. Barack.  Certainly, any deficiencies in the foundation for his testimony will be developed in cross-examination by the plaintiffs.  Further, because Dr. Kalin's testimony would be presented to the jury as a treater, the rebuttal analysis offered by the plaintiffs is inapposite.

The defendants acted promptly to investigate Mr. Barack's treatment with Dr. Kalin and ultimately to seek leave to add him as a witness to testify at trial.   They should be permitted the opportunity to present his testimony regarding this treatment at trial and this matter should not reopen any prior Orders of preclusion concerning Dr. Breed.  To deny the defendants the opportunity to do so would reward the plaintiffs for their late disclosure and unfairly prejudice the defendants.

## CONCLUSION

For the foregoing reasons, the Court should allow the defendants to add Dr. Kalin as a witness to testify at trial via video deposition as a treating physician.

> HONDA MANUFACTURING OF ALABAMA, LLC,
> AMERICAN HONDA MOTOR COMPANY, INC., and
> HONDA MOTOR COMPANY, LTD.
> By their Attorneys
> CAMPBELL CAMPBELL EDWARDS &
> CONROY, P.C.,
>
> /s/ Michelle I. Schaffer
> James M. Campbell (Juris # 09276)
> Michelle I. Schaffer (Juris # 15607)
> One Constitution Center
> Boston, MA  02129
> Tel. No.:  (617) 241-3000
> Fax No.: (617) 241-5115
> jmcampbell@campbell-trial-lawyers.com
> mschaffer@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2014 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY  10017

/s/ Michelle I. Schaffer
Michelle I. Schaffer

6