UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK and | ) | |
| DONNA MOORE BARACK, | ) | |
| *Plaintiffs*, | ) | 09-CV-00565 (TLM) |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN HONDA MOTOR | ) | |
| COMPANY, INC, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO DESIGNATE THE VIDEO DEPOSITION
TESTIMONY OF HARLAN STONE**

Plaintiffs respectfully move the Court to permit them to designate video deposition testimony of non-party witness Harlan Stone.  Plaintiffs had intended to call Mr. Stone live at trial, but he recently informed plaintiffs that he would be unavailable to testify due to a serious medical condition.  Plaintiffs advised Honda of this development last week, shortly after learning of it.  In light of this recent change of events, plaintiffs' request that they be allowed to play the video of Mr. Stone's deposition at trial.

Mr. Stone's deposition was taken on August 22, 2011 by Honda.  At that deposition, Honda had a full opportunity to cross-examine Mr. Stone, and indeed did just that.  When it came time to notify witnesses of the trial date, plaintiffs' counsel attempted to get in touch with Mr. Stone, in order to call him at trial.  Earlier this month, Mr. Stone informed plaintiffs that he would not be available to testify because he is currently recovering from a rare and serious cancer called Esthesioneuroblastoma.  Mr. Stone testified to the same in an affidavit dated April 21, 2014, attached hereto as Exhibit A.

Under Fed. R. Civ. P. 32, a party may use a deposition transcript at trial if the party against whom the deposition is used was present at the deposition; the testimony within is otherwise admissible under the Federal Rules of Evidence; and if it is determined that "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment."

Generally, "a party is not permitted to call a witness who was not disclosed pursuant to Rule 26(a) or (e) unless the failure was substantially justified or is harmless." Capitol Records, Inc. v. MP3tunes, LLC, 07 CIV. 9931 WHP, 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) (citing Fed.R.Civ.P. 37(c)(1)).  Preclusion is dependent on several factors, including: "(l)the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony." Id.

Here, there is no failure to disclose under Rule 26.  Mr. Stone was listed as a witness on the 2012 pretrial order and Honda took Mr. Stone's deposition long ago.  Plaintiffs intend to offer the entire testimony by video, conducted by Ms. Schafer, Honda's counsel.

Consequently, Honda will suffer no harm at all as a result of this development.  Where "any prejudicial effect is negligible," the testimony should not be precluded. See Capitol Records, Inc. v. MP3tunes, LLC, 07 CIV. 9931 WHP, 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) (where the court permitted the late disclosure and deposition designation of defendant's witness).  Although this designation is submitted after the Court's date to submit deposition designations, Honda will not suffer any harm by converting this heretofore live witness to one who will appear by video deposition.

//

//

Plaintiffs respectfully request that they be permitted to designate the entire video deposition of Mr. Stone, to be played at trial.

Dated: New York, New York
      April 30, 2014

          Respectfully submitted,

          KREINDLER & KREINDLER LLP

    By:    /s/ Andrew J. Maloney
          Andrew J. Maloney (Bar No. CT15639)
          750 Third Avenue
          New York, NY 10017
          amaloney@kreindler.com
          (212) 687-8181

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing **PLAINTIFFS' MOTION *IN LIMINE* TO DESIGNATE THE VIDEO DEPOSITION TESTIMONY OF HARLAN STONE** *wa*s served via ECF and email this 30th day of April, 2014 upon:

> James M. Campbell, Esq.
> Michelle I. Schaffer, Esq.
> Campbell Campbell Edwards & Conroy
> One Constitution Plaza, Third Floor
> Boston, MA 02129
> (617) 241-3000
> jcampbell@campbell-trial-lawyers.com
> mschaffer@campbell-trial-lawyers.com
> *Attorneys for Defendants*

      /s/ Andrew J. Maloney      
Andrew J. Maloney
