UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------- X
Ron Barack, et al.,

                         Plaintiffs,         **ORDER**

       -against-                     Case No. 09-cv-565 (TLM)

American Honda Motor Co., Inc., et al.,

                         Defendants
-------------------------------------------------------------- X

       Before the Court are defendants' Motion in Limine to Preclude Plaintiff's Expert,

Christopher Caruso, From Referencing Undisclosed Sources of Expert Testimony to Support His

Opinions at Trial [Rec. Doc. 258] and accompanying memorandum [Rec. Doc. 259], and

plaintiffs' opposition thereto [Rec. Doc. 264].

       Defendants argue that Mr. Caruso "repeatedly referenced testing and work performed by

General Motors, Ford and Delco/Delphi as sources for his opinions of defect in the side curtain

airbag system in the 2006 Honda," but did not identify these references in his Rule 26 expert

report. [Rec. Doc. 259 at 1-2]. Defendants further argue that "[e]ven when given the opportunity

at his deposition to provide fulsome information on these matters, he testified generally to

studies, tests, and articles, that he had seen that would support his opinions, without identifying

the specific studies, tests, or articles that would do so." [Rec. Doc. 259 at 4].

       Plaintiffs respond that defendants seek to preclude Mr. Caruso from discussing his

experience in the auto industry that began in 1979 at General Motors, for which he cannot

produce documentation to support each of his statements. [Rec. Doc. 264 at 1-2]. Plaintiffs

convincingly point to several cases where expert witnesses have been permitted to testify "based

entirely on memories and experience accumulated over years in the industry." [Rec. Doc. 264 at 2].

After reviewing the cases cited by the attorneys for the parties, the Court can only conclude that an expert such as Mr. Caruso is not required to support each of his opinions with documentary evidence. Indeed, forcing such a requirement would eviscerate what is currently common permissible expert opinion under *Daubert* and Rule 702. "The reliability requirements do not preclude an expert from testifying on the basis of experience alone or in conjunction with other knowledge, training, skill, or education." *Figueroa v. Boston Scientific Corp.*, 254 F.Supp.2d 361, 365 (S.D.N.Y. 2003); *see also see Amorgianos v. Nat'l R.R. Passenger Corp.,* 303 F.3d 256, 267 (2d Cir. 2002) ("Where an expert otherwise reliably utilizes scientific methods to reach a conclusion, lack of textual support may go to the weight, not the admissibility of the expert's testimony."). It is therefore

**ORDERED** that defendants' motion in limine [Rec. Doc. 258] is **DENIED**.

Tucker L. Melançon
United States District Judge

May 2, 2014
Bridgeport, CT