UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------- X
Ron Barack, et al.,

                                          Plaintiffs,      **ORDER**
             -against-                                  Case No. 09-cv-565 (TLM)

American Honda Motor Co., Inc., et al.,

                                          Defendants
-------------------------------------------------------------- X

      Before the Court are defendants' Motion in Limine to Preclude Plaintiff's Substitute Expert Christopher Caruso From Offering a New Opinion of Defect Relative to the Side Curtain Airbag [Rec. Doc. 260] and accompanying memorandum [Rec. Doc. 261], filed on April 18, 2014, and plaintiffs' opposition thereto [Rec. Doc. 264], filed on April 24, 2014.

      Defendants argue that Caruso's opinion that a side curtain airbag should deploy in all circumstances of rollover and that there are no "gray zones," or instances during which the airbag should not ideally deploy, differs substantially from the previous expert Geoffrey Mahon's opinion that there may be a subset of rollovers where the side curtain airbag should not deploy, so-called "gray zones." [Rec. Doc. 261 at 2-3]. Defendants argue that "[t]o allow the plaintiffs to offer this new opinion regarding gray zones and that rollovers should result in deployment of a side curtain airbag just a few months prior to trial would unduly prejudice the defendants, as the defendants have had no opportunity to explore or respond to this new opinion." [Rec. Doc. 261 at 4].

      Plaintiffs argue that the basis for defendants' objection is pulled from the misleading cross-examination of Mahon during his deposition and not from his report. [Rec. Doc. 263]. Further, plaintiffs correctly note that Mahon *did* testify that "the airbag should deploy anytime that the vehicle tips over, which would occur if you exceed 52 degrees, if possible . . ." which is consistent with the Caruso opinion. [Ex. 7, Mahon Dep. 100: 3-5, Rec. Doc. 263 at 3].

1

As instructed by the Court, the parties suggested, and the Court approved, a timeline for taking the deposition of Caruso, plaintiffs' new expert, on or before February 15, 2014, and for the redeposition of defendants' experts on or before March 1, 2014. [Rec. Docs. 233, 234, and 240]. For defendants to assert that they had no opportunity to respond to Caruso's opinion is therefore inaccurate; they were able to provide their expert with Caruso's report and a copy of his deposition testimony and to redepose their expert if they deemed to do so was necessary or appropriate in order to respond to any variation they perceived between Caruso's opinions and deposition testimony and Mahon's opinions and deposition testimony.

Further, Caruso was not directed to align his opinions *exactly* with Mahon's opinion by the Court, and to the extent his opinion regarding "gray zones" is more or less nuanced than Mahon's prior deposition testimony, the Court does not find the differences between the experts' testimonies to be substantial enough to warrant imposing a strict reading and verification of Mahon's expert report. *See, e.g. Doctor's Associates, Inc. v. QIP Holder LLC*, 3:06–cv–1710(VLB), 2009 WL 5184404 (D. Conn. Dec. 23, 2009) (where the new damages expert calculated damages at "an amount approximately $1.7 million higher than the amount calculated" by the previous damages expert, the new expert's testimony was restricted to "establishing the veracity and integrity" of the prior expert's opinion). It is therefore

**ORDERED** that defendants' motion in limine [Rec. Doc. 260] is **DENIED**.

_____
Tucker L. Melançon
United States District Judge

May 5, 2014
Bridgeport, CT