UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK, <br> and DONNA MOORE BARACK, <br><br> Plaintiffs, <br> v. <br><br> AMERICAN HONDA MOTOR <br> COMPANY, INC., and HONDA <br> MOTOR COMPANY, LTD., and <br> HONDA MANUFACTURING OF <br> ALABAMA, <br><br> Defendants. | 09-cv-00565 (TLM) <br><br><br><br><br><br><br><br><br> May 22, 2014 |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

The defendants, American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda Manufacturing of Alabama, LLC (collectively as "defendants") hereby move for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). The defendants are entitled to a verdict directed in their favor on the plaintiffs' strict liability and negligence claims (Counts I-IV) asserted under a manufacturing defect theory, a warnings defect theory, and design defect theory because the evidence introduced during the plaintiffs' case-in-chief fails to establish that the plaintiffs have a right to relief on these product liability theories as a matter of law. As grounds for this Motion, the defendants state as follows: (1) the plaintiffs have failed to present any credible evidence in support of a theory of manufacturing defect; (2) the plaintiffs have failed to present legally sufficient evidence with respect to their defective warnings theory because the warnings claim, as stated, is not viable and the plaintiff has offered no credible evidence that any inadequate warnings or information proximately caused the enhanced injuries to Mr. Barack; and, (3) the plaintiffs have failed to present legally sufficient evidence

with respect to their design defect theory because they have offered no credible evidence that a defect existed in the side curtain airbag system that proximately caused enhanced injuries to Mr. Barack.

## LEGAL STANDARD

Judgment as a matter of law is appropriate where, as here, a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. Kosmynka v. Polaris Indus., 462 F.3d 74, 79 (2d Cir. 2006); Fane v. Zimmer, Inc., 927 F.2d 124, 128 (2d Cir. 1991); Densberger v. United Techs. Corp., 125 F. Supp. 2d 585, 589-90 (D. Conn. 2000). Even resolving all reasonable inferences in favor of the plaintiffs, there is insufficient evidence to establish the plaintiffs' theories. As to the issue of causation, the Second Circuit has instructed, "A mere possibility of... causation is not enough." Jund v. Hempstead, 941 F.2d 1271, 1286 (2d Cir. 1991). In a situation "when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." Id.

## ARGUMENT

### 1. The plaintiffs have failed to offer sufficient credible evidence to permit a theory of manufacturing defect to be submitted to the jury.

To the extent that the plaintiffs pursue a claim that the subject vehicle's side curtain airbag sensing system was defective due to a defect in the manufacture of the system, the plaintiffs have failed to present sufficient evidence to support their theory. Connecticut law recognizes a statutory action for damages grounded in strict liability for a product defect in Conn. Gen. Stat. § 52–572n. Johannsen v. Zimmer, Inc., 2005 WL 756509, *7 (D. Conn. Mar. 31, 2005). A product may be defective due to a flaw in the manufacturing process, a design defect or because of inadequate warnings or instructions." Vitanza v. Upjohn Co., 257 Conn. 365, 373 (2001). Connecticut law imposes liability only when the product is unreasonably dangerous to the ordinary consumer who purchases it, with the ordinary

2

knowledge common to the community as to its characteristics. Walters v. Howmedica Osteonics Corp., 676 F. Supp. 2d 44, 49 (D. Conn. 2009). In their case, plaintiffs have offered no credible evidence of any manufacturing defect that proximately caused Mr. Barack's injuries.

In fact, the plaintiffs' expert witness Christopher Caruso stated that he could identify no defect in the manufacture of the sensors or components of the subject vehicle's side curtain airbag sensing system. Mr. Caruso conceded that the vehicle recorder data revealed no fault codes that would indicate evidence of a defect in manufacture and he had no reason to believe that the airbag system was not working as designed at the time of the accident. In order to have proven a theory of manufacturing defect, the plaintiffs must have presented evidence of a deviation from the design of the product. Allen v. Mentor Corp., 2006 WL 861007, at *4 (D. Conn. Mar. 31, 2006); see also Dunn v. Zimmer, Inc., 2005 WL 756535, at *8 (D. Conn. Mar. 31, 2005). The plaintiffs have presented no evidence that the manufacture of the components that constitute the side curtain airbag sensing system deviated from design, much less that any manufacturing defect proximately caused the injuries to Mr. Barack. As a result, the Court should grant defendants' motion for judgment as a matter of law for the plaintiffs' claims based on a manufacturing defect theory.

## 2. The plaintiffs have failed to offer sufficient credible evidence as to proximate cause to permit the defective warnings claim to be submitted to the jury.

At the conclusion of the plaintiffs' case, there still is no evidence on which a jury could reasonably find in favor of the plaintiffs under a theory of defective warning. In particular, the plaintiffs have failed to state a legally viable warnings theory; in addition, they have failed to present evidence that would permit the jury to do anything other than speculate with respect to whether Mr. Barack's injuries were caused by inadequate warnings, information, or advertising materials. In order to make out a case for defective warnings or information, the plaintiffs must plead and prove that the

3

product was defective and that the defect was the proximate cause of the plaintiff's injuries. Wierzbicki v. W.W. Grainger, Inc., 20 Conn. App. 332, 334 (1989) (citing Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987)). A product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities, Tomer v. American Home Products Corp., 170 Conn. 681, 689 (1976), but the plaintiff must prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the plaintiff would not have suffered the harm. Haesche v. Kissner, 229 Conn. 213, 218-20 (1994) (citing Conn. Gen. Stat. § 52–572q).

        a. The plaintiffs have not articulated a viable claim under a warning defect theory

Never fully described or articulated, the plaintiffs' theory of defective warnings is nevertheless not a viable or recoverable theory under the law. Presumably, the plaintiffs' theory is premised upon the unsupported belief that had the defendants warned or informed the plaintiffs that the side curtain airbag would not necessarily deploy in all rollover events, they would not have purchased the subject vehicle. This is not a viable theory of defective warnings because the case law requires that the inadequate warnings apply to the use of the product, not whether or not the consumer would decide to purchase the product. See Sharp v. Wyatt, Inc., 31 Conn. App. 824, 839, n. 13 (1993) aff'd, 230 Conn. 12 (1994)(citing, *inter alia,* Ayers v. Johnson & Johnson Co., 59 Wash. App. 287, 291 (1990), aff'd, 117 Wash.2d 747 (1991) ("[plaintiffs'] burden on causation was to prove that, had they been adequately warned of the risks, **they would have treated the product differently and avoided the harm**"))(emphasis added). A warnings defect theory is based on the contention that the defendant should have provided different or additional information concerning how to use the product, and this failure to do so caused harm during its use. See e.g., Haesche, 229 Conn. at 220.

4

In Haesche, the plaintiff proceeds upon a warnings defect theory that had the airsoft BB gun had warnings about the dangers of eye injuries, the plaintiff would have not played with it in a war game; the theory was not predicated on whether or not the plaintiff would have purchased the product in the first instance. Id. Likewise, the theory of warning defect in Freitas v. Michelin Tire Corp. was that adequate placement and size of the warnings on a tire sidewall would have prevented the decedent's death; no claim is made that, had adequate warnings been present, the tire would not have been purchased. See 2000 WL 424187, at *3 (D. Conn. Mar. 2, 2000). Accordingly, because the plaintiffs have failed to state a viable claim under a warnings defect theory, judgment as a matter of law should be granted.

  b. <u>In the alternative, the plaintiffs have failed to offer sufficient credible evidence that inadequate warnings or instructions caused Mr. Barack's injuries.</u>

To the extent that this Court finds that the plaintiffs have stated a viable theory of a warning defect, judgment as a matter of law should nonetheless be granted because the plaintiffs have failed to establish that the warnings, instructions, or promotional materials associated with the side curtain airbag system in the subject vehicle were inadequate and resulted in enhanced injuries to Mr. Barack. See Danise v. Safety-Kleen Corp., 17 F. Supp. 2d 87, 95 (D. Conn. 1998) (quoting DeJesus v. Craftsman Machinery, 16 Conn. App. 558, 574 (1988)). As noted above, the plaintiffs must adduce evidence that additional or alternative warnings of the type they allege were necessary would have altered the plaintiff's conduct to prevent the injury. See Sharp v. Wyatt, 31 Conn. App. 824, 839 (1993) ("[P]roximate cause in failure to warn cases requires showing that an adequate warning would have prevented the plaintiff's injury by altering the conduct involved.").

Despite this burden, the plaintiffs have failed to offer any evidence that Mr. Barack would have altered his course of conduct and by doing so, his injuries would have been prevented. In other words, the plaintiffs have failed to present credible evidence that Mr. Barack's hand injuries would have been

prevented in the presence of an adequate warning. See Danise, 17 F. Supp. 2d at 95. Specifically, Mr. Barack has offered no credible evidence that had he been provided with adequate warnings, he would have opted to purchase another vehicle that would have provided him with protection from the injuries alleged in this accident.[1] Mr. Barack testified that, among other advertising materials, he reviewed the vehicle brochure as well as the Owner's Manual for the 2006 Honda Odyssey prior to the purchase. He further testified that he relied upon Honda marketing materials and the vehicle Owner's Manual with respect to statements concerning certain features, like the rollover airbag system.[2] Irrespective of the stated reliance upon the warnings, instructions, and informational materials, Mr. Barack has not offered any credible evidence that with additional or alternative warnings concerning rollover airbag deployment, he would have elected to purchase a different vehicle which would have prevented his injuries. Without such evidence, the jury is left to speculate as to the element of causation. See Freitas 2000 WL 424187, at *5 (precluding plaintiff's expert and granting summary judgment because plaintiff failed to offer evidence of proximate cause that lack of warnings placed on tire caused decedent's death).

Courts have determined that when there is no credible evidence that the plaintiff would have altered his or her conduct as a result of adequate warnings, judgment as a matter of law for warning defect claims is appropriate. In Danise, the Court granted summary judgment as to the warnings defect claims because it found the plaintiff lacked credibility when he testified that he would have refused to lease the parts cleaning machine at issue or would have quit his job had there been warnings provided

---

[1] It is undisputed that the subject vehicle was the only minivan that offered a side curtain airbag as a standard feature in 2006. Mr. Barack testified that he knew that the Honda Odyssey had the safety features as standard, whereas for other vehicles the features were not standard and that one would have to pay more for them. There is no testimony that he would have selected another vehicle with another side curtain airbag system that would have deployed in this accident.

[2] Mrs. Donna Barack testified that she would not have chosen the vehicle had she been provided the information about the rollover airbag, but again, there was no testimony about the purchase of another vehicle that would have prevented the injuries to Mr. Barack. The Court is not required to accept the testimony as credible when unsupported by other evidence in evaluating a judgment as a matter of law. See Danise, 17 F. Supp. 2d 87 at 96.

about the product's combustible brake cleaner and the "flash back" propensity of the machine. 17 F. Supp. 2d 87 at 96. Likewise, in Haesche, the plaintiff did not offer legally sufficient evidence that an adequate warning regarding the dangers of an airsoft BB gun would have been heeded and therefore prevented the harm, because the plaintiff testified that he was aware that an eye injury could result from its misuse. 229 Conn. 213, 221-22 (1994) (affirming trial court's grant of summary judgment).

In this case, as in Danise and Haesche, the plaintiffs have not presented any evidence of a causal link between the allegedly defective warnings and the specific injuries to Mr. Barack's left hand. The plaintiffs were obligated to prove that had the warnings, instructions, or informational materials been adequate he would have altered his conduct so as not to have been injured, and they have not done so. Danise, 17 F. Supp. 2d at 95. The defendants are entitled to a judgment as a matter of law on the failure to warn claims.

## 3. The plaintiffs have failed to offer sufficient evidence of the existence of a defect and proximate causation to permit the design defect theory to be submitted to the jury.

The plaintiffs have failed to meet their burden to offer more than mere surmise and conjecture as to the theory of design defects in the side curtain airbag sensing system of the subject vehicle. The theory of design defect is not credibly supported by competent expert testimony as to the elements of the existence of a defect and proximate causation. Specifically, the plaintiffs have failed to offer legally sufficient evidence to proceed to the jury on the theory that the non-deployment of the side curtain airbag caused the injuries to Mr. Barack's left hand as the expert testimony was entirely conclusory.

In order to recover under a design defect theory, the plaintiffs must establish that the subject vehicle had a defective design and that such defect was a proximate cause of Mr. Barack's injuries. Wasilewski v. Abel Womack, Inc., 2014 WL 819498, at*4 (D. Conn. Mar. 3, 2014) (quoting Vitanza v. Upjohn Co., 257 Conn. 365, 373, 778 A.2d 829 (2001). The plaintiff must prove that the product is

unreasonably dangerous, which is defined as dangerous to an extent beyond that which would be contemplated by the ordinary consumer purchaser who possesses ordinary knowledge common to the community as to its characteristics. Fraser v. Wyeth, Inc., 2014 WL 129172, at *7 (D. Conn. Jan. 14, 2014) (quoting Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 214 (1997)). Any design defect not causing the accident would not subject the manufacturer to liability for the entire damage, only for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design. See Davis v. Daimler Chrysler Corp., 2009 WL 323428, at *2 (Conn. Super. Ct. Jan. 12, 2009) (discussing "enhanced injury doctrine")

It is well established that in product liability cases involving claims of design defect, expert testimony is required to prove the essential elements of the plaintiff's case, including causation. Simjian v. Bayer Corp., 2012 WL 1194283, at *1 (D. Conn. April 10, 2012). That is so because the technical and specialized engineering issues involved are beyond the common experience and knowledge of ordinary lay jurors. See Graham v. Fireline, Inc., 2006 WL 1646165, at *6 (D. Conn. June 14, 2006). In this case, the plaintiffs lack credible evidence that a design defect in the rollover airbag sensing system proximately caused enhanced injuries sustained by Mr. Barack, injuries that he would not have sustained but for the defect in design. Koutsoukos v. Toyota Motor Sales, USA, Inc., 2011 WL 2177095, at *10 (Conn. Super. Ct. May 11, 2011) aff'd sub nom. Koutsoukos v. Toyota Motor Sales, U.S.A., Inc., 137 Conn. App. 655, 49 A.3d 302 (2012) (failing to find a genuine issue of material fact with respect to whether an airbag malfunction may have enhanced the fatal injuries of the decedent).

Here, the plaintiffs have offered no competent expert testimony of the existence of a design defect. The testimony of the plaintiffs' expert witness Christopher Caruso that the vehicle side curtain

8

airbag system was defectively designed was insufficient as a matter of law. The expert opinion cannot rest on surmise or conjecture because the trier of fact must determine probable cause, not possible cause. Aspiazu v. Orgera, 205 Conn. 623, 632 (1987). In other words, the expert opinion must be based on reasonable probabilities. Struckman v. Burns, 205 Conn. 542, 555 (1987). Any expert opinion that describes a "condition" as possible or merely fifty-fifty is based on pure speculation. Aspiazu, 205 Conn. at 632 (citing Davis v. P. Gambardella & Son Cheese Corporation, 147 Conn. 365, 373 (1960)). Mr. Caruso's admission that he cannot point to a specific defect that caused the alleged defective non-deployment, or explain the specific defect to the jury, renders his opinion pure speculation. Mr. Caruso opines that while he cannot narrow it down, he believes that there was a defect in the algorithm of the airbag sensing system *or* in the calibration of the sensing system. As noted, an expert opinion stated in possibilities, not probabilities, is insufficient as a matter of law to support a theory of design defect. Absent any reliable methodology, all that is left is the expert's own unsupported statements to support plaintiffs' defect theory. General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997) (district court is not required to admit opinion evidence connected to existing data only by the *ipse dixit* of the expert; court may conclude that there is simply too great an analytical gap between data and opinion proffered).

Moreover, the plaintiffs have failed to offer sufficient credible evidence that Mr. Barack's hand injury would have been prevented by a side curtain airbag deployment. Mr. Caruso conceded that he did not model or study Mr. Barack's movement in the vehicle in the rollover, he has never seen a deployed side curtain airbag in a 2006 Odyssey and could not point to a single governmental study or test or industry study or test establishing that a deployment of a side curtain airbag will prevent an injury to a hand. He nonetheless offered the unsubstantiated opinion that the hand injury would have been prevented. This type of expert testimony is legally insufficient to survive a directed verdict.

9

Walters v. Howmedica Osteonics Corp., 676 F.Supp.2d 44, 50 (D. Conn. 2009) ("[p]utting forth expert testimony or evidence of some kind to establish a genuine issue of material fact is especially important when, as is the case here, the plaintiff attempts to assert a design defect claim"). In summary, as Mr. Caruso did little to evaluate Mr. Barack's body position during the rollover event, has not completed a detailed investigation into the movement of Mr. Barack's extremities during the accident event, did not perform any surrogate testing, did not perform any computer modeling or analysis, and has not reviewed any government testing that addresses the issue of ejection of occupant extremities, his testimony is insufficient to support the plaintiffs' burden of proof on causation. See Koutsoukos, 2011 WL 2177095, at *5 (granting summary judgment due to plaintiff's failure to offer expert testimony on occupant and driver kinematics and biomechanics in airbag non-deployment case).

The plaintiffs' have offered no other evidence that Mr. Barack's hand injuries were proximately caused by the alleged design defect or that the injuries sustained were enhanced due to the defect; accordingly, the defendants' motion for judgment as a matter of law should be granted.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request pursuant to Fed. R. Civ. P. 50(a) that the Court enter judgment as a matter of law for defendants on all claims.

                    HONDA MANUFACTURING OF ALABAMA, LLC,
                    AMERICAN HONDA MOTOR CO., INC., and
                    HONDA MOTOR CO., LTD.

                    By their Attorneys,

                    /s/ Michelle I. Schaffer
                    James M. Campbell (Juris # 09276)
                    Michelle I. Schaffer (Juris # 15607)
                    Campbell Campbell Edwards & Conroy
                    One Constitution Center
                    Boston, MA 02129
                    Tel. No. (617) 241-3000
                    Fax No. (617) 241-5115
                    jmcampbell@campbell-trial-lawyers.com
                    mschaffer@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2014 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Andrew J. Maloney, Esquire
    Noah H. Kushlefsky, Esquire
    Kreindler & Kreindler
    750 Third Avenue
    New York, NY 10017

                    /s/ Michelle I. Schaffer
                    Michelle I. Schaffer