UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK, and DONNA MOORE BARACK, | ) ) ) ) |
| Plaintiffs, | ) 09-cv-00565 (TLM) |
| v. | ) ) |
| AMERICAN HONDA MOTOR COMPANY, INC., and HONDA MOTOR COMPANY, LTD., and HONDA MANUFACTURING OF ALABAMA, | ) ) ) ) ) ) |
| Defendants. | ) May 23, 2014 ) |

### DEFENDANTS' SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

The defendants, American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda Manufacturing of Alabama, LLC (collectively as "defendants") hereby submit this Supplemental Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). The defendants are entitled to a judgment directed in their favor on the plaintiffs' claim for punitive damages pursuant to Conn. Gen. Stat. § 52-240b because the plaintiffs failed to present any evidence in their case-in-chief that the conduct of the defendants constituted a reckless disregard for the safety of Mr. Barack or that their actions were wanton or malicious toward Mr. Barack, or any other consumers of the subject 2006 Honda Odyssey.

## LEGAL STANDARD

Judgment as a matter of law is appropriate where, as here, a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. Kosmynka v. Polaris Indus., 462 F.3d 74, 79 (2d Cir. 2006); Fane v. Zimmer, Inc., 927 F.2d 124, 128 (2d Cir. 1991); Densberger v. United Techs. Corp., 125 F. Supp. 2d 585, 589-90 (D. Conn. 2000). A court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. Maesse v. Oliver, 2008 WL 1897738, at *1 (D. Conn. 2008). Even resolving all reasonable inferences in favor of the plaintiffs, there is insufficient evidence to establish the plaintiffs' claim for punitive damages. A mere scintilla of evidence is insufficient to present a question for the jury. Fane, 927 F.2d at 128.

## ARGUMENT

The plaintiffs have offered no credible evidence at trial that could support a claim for punitive damages. Under Connecticut law, a claim for punitive damages requires a showing of reckless disregard for the rights of others and intentional and wanton violations of those rights. Ames v. Sears, Roebuck and Co., 8 Conn. App. 642, 654 (Conn. App. Ct. 1986) (quoting Collens v. New Canaan Water Co., 155 Conn. 477, 489 (Conn.1967)). A plaintiff may only be awarded punitive damages in a products liability action if "the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." Conn. Gen. Stat. § 52–240b. The basic requirement to justify an award of punitive damages has been described in terms of outrageous conduct, wanton and malicious injury, evil

motive and violence. Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128 (1966); Ames, 8 Conn. App. at 655.

Nowhere in their case-in-chief did the plaintiffs offer any credible evidence which would support their claim that the defendants acted with reckless disregard for the safety of Ron Barack, or for the safety of others. The plaintiffs' counsel did not even address punitive damages in the opening statement and there was no evidence presented during their prima facie case reflecting a basis on which a jury could find that the defendants' conduct amounted to a reckless disregard for or wanton and malicious injury to the plaintiffs. No testimony was elicited from any witness that would support a claim that the defendants' conduct was outrageous in the development, production, or sale of the subject vehicle.

The evidence presented by the plaintiffs in their case-in-chief does not in any way approach, or even hint at, the level of outrageous or reckless conduct necessary to support an award of punitive damages. See Ames, 8 Conn. App. at 654. The plaintiffs failed to offer any credible evidence that would meet the necessary showing of intentional, wanton, or malicious conduct on the part of the defendants. Triangle Sheet Metal Works, Inc., 154 Conn. at 128. The plaintiffs' punitive damages claim is legally insufficient and should not be presented to the jury. See generally Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 562 (1989) ("A trial court can certainly, and should not hesitate to, decide in a given case that the evidence proffered on the issue [of punitive damages] is insufficient to be submitted to a jury for its determination.").

In circumstances like the present case, Courts have refused to give punitive damages instructions to the jury. In Ames, the Court of Appeals upheld a Superior Court

judge's refusal to give the plaintiff's requested jury instruction on the issue of punitive damages, where "evidence was presented that the defendant was aware of the existence of [a safety feature known as] deadman's controls at the time the subject lawnmower was produced and distributed," because the failure to incorporate that feature in the product did not constitute a reckless disregard for the safety of the machine's users so as to support an award punitive damages. 8 Conn. App. at 654. The Court concluded that the trial judge correctly refused to give the plaintiff's proposed punitive damages instruction. Id. Likewise, in Johannsen v. Zimmer, Inc, the Court found that there was no evidence to support a punitive damages charge to the jury. 2005 WL 756509, at *11 (D. Conn. 2005). The Court determined that there was "no evidence that [defendant] Zimmer manufactured, marketed or sold the Centralign hip prosthesis with disregard for the dangers it posed to consumers." Id. There, the Court found that the product was, as in this case, manufactured specifically with the safety of product users in mind. Id.

Absent any credible evidence, there is no basis for the jury to consider an award of punitive damages against the defendants under Conn. Gen. Stat. § 52-240b. Indeed, the imposition of punitive damages in this case would be both improper under Connecticut law and would violate the defendants' due process rights guaranteed by the fourteenth amendment to the United States Constitution and Article 1, Section 1 and Section 8 of the Connecticut Constitution. As a result, the defendants request the Court grant their Motion for Judgment as a Matter of Law as to the plaintiffs' punitive damages claim.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request pursuant to Fed. R. Civ. P. 50(a) that the Court enter judgment as a matter of law for defendants on the plaintiffs' punitive damages claim.

<div style="margin-left: 40%;">

HONDA MANUFACTURING OF ALABAMA, LLC, AMERICAN HONDA MOTOR CO., INC., and HONDA MOTOR CO., LTD.

By their Attorneys,

/s/ Michelle I. Schaffer
James M. Campbell (Juris # 09276)
Michelle I. Schaffer (Juris # 15607)
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
Tel. No. (617) 241-3000
Fax No. (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Andrew J. Maloney, Esquire
Noah H. Kushlefsky, Esquire
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017

/s/ Michelle I. Schaffer
Michelle I. Schaffer