UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| RON BARACK and<br>DONNA MOORE BARACK,<br>*Plaintiffs*, | )<br>)<br>)<br>) | 09-CV-00565 (TLM) |
| vs. | )<br>) | |
| HONDA, | )<br>) | |
| *Defendants.* | )<br>) | |

**PLAINTIFFS' OPPOSITION TO HONDA'S SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

Under Connecticut law, '[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product.'" Fraser v. Wyeth, Inc., 3:04CV1373 JBA, 2014 WL 129172 (D. Conn. Jan. 14, 2014) (quoting " Conn. Gen.Stat. § 52–240b). "[P]unitive damages generally have the flavor of punishment against a defendant for the quality of his conduct and of deterrence to a defendant or others against such conduct in the future." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 533, 562 A.2d 1100, 1113 (1989).

"In considering a motion for j.n.o.v. a trial court must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." Samuels v. Air Transp. Local 504, 992 F.2d 12, 16 (2d Cir. 1993).

**ARGUMENT**

Viewing the evidence in the light most favorable to the Baracks, the Court can find that Honda acted in a sufficiently reckless manner to justify an award for punitive damages, based on

Honda's knowledge of its rollover sensor algorithm's "Dead Zone" and the refusal to make customers aware of that dangerous gap in the algorithm.

In Fraser, the District Court found that the defendant pharmaceutical company's drug was dangerously defective. The court pointed to internal documents produced by defendant showing its concern with the safety of the pharmaceutical drug; those concerns were never properly addressed by defendant. For example, the defendant should have conducted studies in response to being made aware that the drug at issue could cause breast cancer.

Similarly here, Honda produced documents showing it recognized the potential for a rollover without an airbag deploy; one document states, "[t]he fact that an airbag was not deployed in spite of rollover gives very unfavorable impression to customers." (Plaintiffs' Exhibit 18A). Honda also produced its rollover algorithm, which depicted the "Dead Zone," i.e. a gap in the algorithm allowing some rollovers that would not trigger airbag deployment. Honda was well aware of this gap, yet failed to state as much in its promotional materials. In fact, early design documents of the rollover sensor stated "No 'gray zone' allowed in a rollover sensor." (Plaintiffs' Exhibit 16A). Such a statement is proof that Honda knew the Gray or Dead Zone was a legitimate and dangerous issue. Perhaps its most reckless conduct was Honda's decision, during the design of the rollover sensor, to conduct a single test – the corkscrew rollover test – to study deployment of the airbag. Honda recognized the dangers of the Dead Zone yet conducted only one test to study those dangers.

Also in Fraser, the court addressed defendant's marketing campaign which supported the punitive damages claim, finding that "evidence of [defendant]'s marketing efforts for [the drug at issue] was directly related to the harm suffered by Plaintiffs because it formed a part of a single course of conduct with respect to the specific medication at issue in this case. Furthermore, Ms.

Fraser testified at trial that <u>**she did in fact view some of the [drug's] advertisements and that they made her feel better about her continued use of the drug**</u>." <u>Id</u>. (emphasis added).

The evidence with respect to Honda's marketing campaign is very similar. Honda promoted and represented that the side curtain airbag would deploy "in the event of a rollover" (Exhibit 11A, Business Week advertisement) without any exception or qualifier. Honda's brochure depicted the deployed side curtain airbag, covering the entire driver's side of the Odyssey, and the driver's manual stated, "If the rollover sensor detects your vehicle is about to roll over, the control unit **<u>will</u>** instantly deploy both side curtain airbags…" (Exhibit 8B).

These materials unequivocally demonstrate that Honda misrepresented how the side curtain airbag and rollover sensor would work. A reasonable juror could determine that such conduct represents a reckless disregard for the safety and interests of customers like Mr. Barack, and thus could justify a punitive damages award.

Lastly, Honda's reliance on <u>Ames</u> is misplaced for one major reason. In <u>Ames</u>, plaintiff claimed defendant's refusal to incorporate deadman's controls in its lawnmower warranted punitive damages. Here, however, plaintiffs are not arguing that Honda failed to incorporate the side curtain airbag, or even failed to incorporate a safely-designed airbag. On the contrary, the Odyssey had a very good airbag. However, plaintiffs' claims are based on Honda's decision to incorporate a Dead Zone in the rollover sensor algorithm, and then to not adequately warn of the Dead Zone in its promotional materials and manual.

In light of the foregoing, a reasonable juror could decide that punitive damages are appropriate in this case, and the jury should be charged of same.

Dated: New York, New York
       May 27, 2014

        Respectfully submitted,

        KREINDLER & KREINDLER LLP

By:   /s/ Andrew J. Maloney
       Andrew J. Maloney (Bar No. CT15639)
       750 Third Avenue
       New York, NY 10017
       amaloney@kreindler.com
       (212) 687-8181

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiffs' Opposition to Defense Rule 50(a) Motion for a Directed Verdict was served via ECF and electronic mail on the 27th day of May, 2014 upon:

James M. Campbell, Esq.
Michelle I. Schaffer, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com
*Attorneys for Defendants*

/s/ Andrew J. Maloney
Andrew J. Maloney