UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| RON BARACK and ) | |
| DONNA MOORE BARACK, ) | |
| *Plaintiffs*, ) | 09-CV-00565 (TLM) |
| ) | |
| vs. ) | |
| ) | |
| HONDA, ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFFS' SUBMISSION IN SUPPORT OF THE MALFUNCTION DOCTRINE JURY CHARGE**

Connecticut products liability law holds that "[i]n order to recover under the doctrine of strict liability in tort the plaintiff must prove that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition." *Giglio v. Connecticut Light & Power Co.*, 180 Conn. 230, 234, 429 A.2d 486 (1980).

The malfunction doctrine requires an incident that does not ordinarily occur in the absence of a defect and that the defect most likely existed at the time the products that left defendants' control and was not the result of other reasonably possible causes, such as operator error, not attributed to the defendant. *Metropolitan Property & Casualty Ins. Co. v. Deere*, 302 Conn. 123 (2011) (malfunction doctrine appropriate in case alleging a defect in a riding tractor caused a fire – all causes ruled out other than the tractor's electrical system; the age of the product is a key factor).

1

Connecticut law permits fact finder to draw an inference of defect from circumstantial evidence; *Living & Learning Centre, Inc. v. Griese Custom Signs, Inc.*, 3 Conn.App. 661, 664, 491 A.2d 433 (1985) ("It is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition. In the absence of other identifiable causes, evidence of **malfunction** is sufficient evidence of a defect under § 402A of the Second Restatement of Torts."); *Kileen v. General Motors Corp.*, 36 Conn.Supp. 347, 349, 421 A.2d 874 (1980) ("[t]he fact finder can find, where other identifiable causes are absent, that the mere evidence of a **malfunction** is sufficient evidence of a defect"); *see also annot.*, 65 A.L.R.4th 346, 354-58 (1988) (listing twenty-eight states that allow establishment of prima facie case of design defect based upon inferences from circumstantial evidence).

One Connecticut case is directly on point: *Debartolo v. Daimiler Chrysler Corp.*, 40 Conn. L. Rptr. 503 (Sup. Ct. Conn New Haven 2005) (front airbag should have deployed). In *Debartolo*, the court found that evidence of the malfunction of a front airbag was sufficient for the case to go to the Jury even without expert evidence:

> The owner's manual for the Neon, which was submitted by the plaintiff in her opposition papers, indicates that the airbag is designed to deploy "in a moderate to severe frontal collision." The evidence before the court would permit (though by no means require) a jury to draw an inference that the Neon was involved in a moderate frontal collision and that the airbag utterly failed to deploy, with the result that the plaintiff's head struck the steering wheel of the Neon.

*Id.* at 5.

This evidence coupled with the factual and expert testimony that the collision was in the range that the bags should have deployed is sufficient proof of a "malfunction" to present the case to the jury even without expert testimony that the airbag sensing system was defective. The court also found that it was within the province of the jury to

2

conclude that had the frontal airbag not malfunctioned, had the airbag and/or the seatbelt been working properly, the plaintiff's chin and teeth would not have struck the steering wheel, based upon common knowledge regarding the basic operation of these safety systems.

In the instant case, the Honda marketing materials and the manual informed its customers that the side curtain airbag would protect customers in a rollover. Honda has admitted that it did not inform its customers that the airbags would not work in all rollovers. The record contains that the roll rate was in the range that Honda designed the airbag to deploy and there is the rollover test that actually demonstrates that the airbag deployed during testing at a similar or even slower rollover. Furthermore, the fact that the car was new, had only undergone an oil change and the testimony that no changes had been made to the system and these all support the applicability of the malfunction doctrine. Based on the evidence the Jury could reasonably conclude that the side curtain airbags malfunctioned and the malfunction caused Mr. Barack's injuries.

Based on the foregoing, the malfunction doctrine should be charged to the jury.

Dated: New York, New York
       May 28, 2014

                      Respectfully submitted,

                      KREINDLER & KREINDLER LLP

                By:   /s/ Andrew J. Maloney
                      Andrew J. Maloney (Bar No. CT15639)
                      750 Third Avenue
                      New York, NY 10017
                      amaloney@kreindler.com
                      (212) 687-8181

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFFS' SUBMISSION IN SUPPORT OF THE MALFUNCTION DOCTRINE JURY CHARGE** was served via ECF and hand delivery on the 28th day of May, 2014 upon:

James M. Campbell, Esq.
Michelle I. Schaffer, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jcampbell@campbell-trial-lawyers.com
mschaffer@campbell-trial-lawyers.com
*Attorneys for Defendants*


        /s/ Andrew J. Maloney
        Andrew J. Maloney